# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

THOMAS A. FOX, and all those similarly situated in the Counties of Gratiot, Saginaw, Bay, Midland, Isabella, Tuscola, Montmorency, Alpena, Oscoda, Alcona, Arenac, Ogemaw, Clare, and Gladwin,
  Plaintiffs,

v.

COUNTY OF SAGINAW by its BOARD OF COMMISSIONERS, TIMOTHY M. NOVAK, in his individual and official capacity, COUNTY OF BAY by its BOARD OF COMMISSIONERS, RICHARD F. BRZEZINSKI, in his individual capacity, SHAWNA S. WALRAVEN, in her individual and official capacity; COUNTY OF GRATIOT by its BOARD OF COMMISSIONERS, MICHELLE THOMAS, in her individual and official capacity, COUNTY OF MIDLAND by its BOARD OF COMMISSIONERS, CATHY LUNSFORD, in her individual and official capacity, COUNTY OF ISABELLA by its BOARD OF COMMISSIONERS, STEVEN W. PICKENS, in his individual and official capacity, COUNTY OF TUSCOLA by its BOARD OF COMMISSIONERS, PATRICIA DONOVAN-GRAY, in her individual and official capacity, COUNTY OF MONTMORENCY by its BOARD OF COMMISSIONERS; JEAN M. KLEIN, in her individual and official capacity; COUNTY OF ALPENA by its BOARD OF COMMISSIONERS; KIMBERLY LUDLOW, in her individual and official capacity; COUNTY OF OSCODA by its BOARD OF COMMISSIONERS; WILLIAM KENDALL, in his individual and official capacity; COUNTY OF ALCONA by its BOARD OF COMMISSIONERS; CHERYL FRANKS, in her individual and official capacity; COUNTY OF ARENAC by its BOARD OF COMMISSIONERS; DENNIS STAWOWY, in

Case No.: 19-cv-11887

**COMPLAINT
JURY DEMANDED**

**\*\* CLASS ACTION \*\***

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

his individual and official capacity; COUNTY OF OGEMAW by its BOARD OF COMMISSIONERS; DWIGHT MCINTYRE, in his individual and official capacity; COUNTY OF CLARE by its BOARD OF COMMISSIONERS; JENNY BEEMER-FRITZINGER, in her individual and official capacity; COUNTY OF GLADWIN by its BOARD OF COMMISSIONERS; and CHRISTY VAN TIEM, in her individual and official capacity,

     Defendants

_____/

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Counsel for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

MATTHEW E. GRONDA (P73693)
Counsel for Plaintiff
PO Box 70
St. Charles, MI 48655
(989) 249-0350
matthewgronda@gmail.com

## COMPLAINT

NOW COMES Plaintiff THOMAS A. FOX, both individually and as class representative, by and through counsel, and complains unto this Court as follows:

## PARTIES

1.    Plaintiff THOMAS A. FOX is named in his individual capacity and as the proposed class representative by being the former owner of real improved property which was foreclosed upon due to a tax delinquency but was injured by the ensuing unconstitutional similar acts or actions of the

County Treasurers via their unconstitutional retention of surplus or excess equity.

2.    Defendants COUNTIES OF GRATIOT, SAGINAW, BAY, MIDLAND, ISABELLA, TUSCOLA, MONTMORENCY, ALPENA, OSCODA, ALCONA, ARENAC, OGEMAW, CLARE, and GLADWIN are named as legal entities formed and/or existing under the laws of the State of Michigan and are controlled or operated by its duly-designated BOARD OF COMMISSIONERS.

3.    Defendants TIMOTHY M. NOVAK, SHAWNA S. WALRAVEN, MICHELLE THOMAS, CATHY LUNSFORD, STEVEN W. PICKENS, PATRICIA DONOVAN-GRAY, JEAN M. KLEIN, KIMBERLY LUDLOW, WILLIAM KENDALL, CHERYL FRANKS, DENNIS STAWOWY, DWIGHT MCINTYRE, JENNY BEEMER-FRITZINGER, and CHRISTY VAN TIEM are public officials serving as county treasurers for their respective county; each are sued in their official and personal capacities.

4.    Each treasurer is a Foreclosing Governmental Unit (FGU), see **Exhibit E**, by the affirmative and voluntary decision of each respective county as its own county policy pursuant to MCL 211.78.

5.    Defendant RICHARD F. BRZEZINSKI is a recently retired treasurer of Bay County and is sued in his individual capacity.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**JURISDICTION**

6.      This is a civil action brought seeking unpaid "just compensation" and other monetary damages against Defendants for violations of the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

7.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28 U.S.C. § 1343, which authorizes federal courts to hear civil rights cases; 28 U.S.C. § 2201, which authorizes declaratory judgments via the Declaratory Judgment Act; and 28 U.S.C. § 1367, which authorizes supplemental state law claims.

8.      Venue is proper in this Court as Defendants, individually and collectively, conduct their business in the Eastern District of Michigan.

**GENERAL ALLEGATIONS**

9.      Plaintiff THOMAS A. FOX was the owner(s) of 109 South Court Ave, Alma, Michigan. **Exhibit A.**

10.      After having a tax delinquency of approximately $3,091.23 (which includes the past due tax owed plus additional compounding interest, fees, penalties, and costs), Defendant MICHELLE THOMAS seized ownership of the South Court Avenue property on behalf of the County as its

4

duly-elected treasurer, **Exhibit B**, and sold it at tax auction for $25,000.00, **Exhibit C**.

11.   The South Court Avenue had a state equalized value of $25,200.00, meaning that the government believes that said property had a fair market value of at least $50,400.00, see **Exhibit D**.

12.   Defendant MICHELLE THOMAS, as county treasurer and/or on behalf of her respective county, destroyed Plaintiff THOMAS A. FOX's equity when seizing the entirety of the South Court Avenue property for a debt which was a mere fraction of the total value or equity, and had no process, plan, or legal mechanism to return the equity seized in excess of the tax delinquency.

13.   Defendant MICHELLE THOMAS, as the county treasurer and/or on behalf of his respective county, destroyed any existing when selling the South Court Avenue property at the highly reduced, non-fair market value price of $25,000.00, and then also kept (and did not return) $21,908.77 as the difference between the tax auction price and the total tax delinquency owed for the benefit of COUNTY OF GRATIOT.

14.   Plaintiff THOMAS A. FOX's equity of $47,308.77 (i.e. fair market value of $50,400.00 minus the tax delinquency of $3,091.23) was taken or

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

destroyed by Defendants MICHELLE THOMAS and/or COUNTY OF GRATIOT.

15.    Defendant MICHELLE THOMAS and/or COUNTY OF GRATIOT refuses to pay just compensation for the taking of equity above any lawful debts.

16.    No refund of the excess or surplus equity was provided by Defendants MICHELLE THOMAS and/or COUNTY OF GRATIOT.

17.    No direct condemnation action or process was initiated for the amounts above the total tax delinquency.

18.    This process has been previously called "theft," "unconscionable" and a "manifest injustice" by federal judges and others.

19.    In addition to the property located at 109 South Court Ave, Alma, Michigan, Defendants have, in an identical fashion as outlined above, seized excess equity from other pieces of real properties within the territorial limits which Plaintiff THOMAS A. FOX is also seeking compensation; discovery will provide access to needed documents to prove the same; see **Exhibit B**.

## CLASS ALLEGATIONS

20.    This action is brought by Plaintiff THOMAS A. FOX individually and on behalf of individuals from the counties of Gratiot, Saginaw, Bay, Midland, Isabella, Tuscola, Montmorency, Alpena, Oscoda, Alcona, Arenac,

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Ogemaw, Clare, and Gladwin during the relevant statutorily-limited time period who were subject to the unconstitutional processes which resulted in the taking and/or unconstitutional forfeiture of their surplus or excess equity beyond the tax debt owe and due.

21.    The proposed class consists of all eligible property owners who, within during the relevant statutorily-limited time period, had a property seized by a county treasurer from the counties of Gratiot, Saginaw, Bay, Midland, Isabella, Tuscola, Montmorency, Alpena, Oscoda, Alcona, Arenac, Ogemaw, Clare, and Gladwin which was worth and/or which was sold at tax auction for more than the total tax delinquency and was not refunded the excess equity.

22.    The number of injured individuals who have been constitutionally injured is sufficiently numerous to make class action status the most practical method to secure redress for injuries sustained and class wide equitable relief.

23.    There are clear questions fact raised by the named Plaintiff's claims common to, and typical of, those raised by the Class he seeks to represent, including

a. Each county and its respective treasurer is and has been acting to voluntarily enforce an unconstitutional statute which each has

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

willingly assumed to undertake pursuant to discretion pursuant to MCL 211.78;

b. Each class member's property, prior to foreclosure, was worth and was sold for more than the total tax delinquency owed to the respective county;

c. Each class member's property had a fair market value greater than the total tax delinquency owed to the respective county;

d. Each county treasurer destroyed thousands of dollars of equity when selling each class member's property at a highly reduced, below fair market value price;

e. Each county treasurer then kept the excess sales proceed (i.e. the difference between the tax sale price and the total tax delinquency owed) for the benefit of their respective county; and

f. Each county treasurer refuses to pay just compensation, failed to initiate any form of condemnation proceedings, or has filed to have or undertake a process to return the surplus equity.

24.   There are clear questions of law raised by the named Plaintiff's claims common to, and typical of, those raised by the Class he seeks to represent, including—

a. whether the defendants committed an unconstitutional taking by refusing to pay just compensation when seizing property in the form of equity and/or monies beyond the amount of unpaid taxes and administrative expenses, costs and interest owed in a tax delinquency, and have appropriated property in the form of excess or surplus equity for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article X, Section 2 of the Michigan Constitution;

b. whether the defendants committed an inverse condemnation by destroying equity via the seizure process and/or the later sale of property at a highly reduced, below fair market price and then retaining the remaining proceeds from the sale of tax foreclosed property that exceeded the amount of the tax delinquency in accordance with MCL 211.78m(8)(h); and

c. if deemed a forfeiture, whether the defendants violated either the Excessive Fines Clause of the United States Constitution, by retaining proceeds from the sale of tax foreclosed property that exceeded the amount of the tax delinquency in accordance with MCL 211.78m(8)(h).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

25.    The violations of law and resulting harms alleged by the named Plaintiff are typical of the legal violations and harms suffered by all Class members.

26.    Plaintiff, as Class representative, will fairly and adequately protect the interests of the Class members and will vigorously prosecute the suit on behalf of the Class; and is represented by sufficiently experienced counsel.

27.    The maintenance of the action as a class action will be superior to other available methods of adjudication and will promote the convenient administration of justice, preventing possible inconsistent or varying adjudications with respect to individual members of the Class and/or one or more of the Defendants.

28.    Defendants have acted, failed to act, and/or are continuing to act on grounds generally against Plaintiff and all members of the Class in the same manner.

29.    The violations of law and resulting harms alleged by the named Plaintiff are typical of the legal violations and harms suffered by all Class members.

30.    Plaintiff, as Class representative, will fairly and adequately protect the interests of the Class members and will vigorously prosecute the

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

suit on behalf of the Class; and is represented by sufficiently experienced counsel.

31.   The maintenance of the action as a class action will be superior to other available methods of adjudication and will promote the convenient administration of justice, preventing possible inconsistent or varying adjudications with respect to individual members of the Class and/or one or more of the Defendants.

**COUNT I**
**TAKING – FIFTH/FOURTEENTH AMENDMENT VIOLATION**
**42 USC § 1983**
**(AGAINST ALL DEFENDANTS)**

32.   The prior paragraphs are restated word for word herein.

33.   This claim is being made against all Defendants pursuant to 42 USC § 1983.

34.   The Fifth Amendment, made applicable to the states via the Fourteenth Amendment, is a constitutional provision and right requiring the payment of just compensation upon a taking by Defendants, see *Knick v Twp of Scott*, 588 US ___ (2019).

35.   Defendants have taken Plaintiff's and the class members' constitutionally-protected property in the form of equity and/or monies beyond the amount of unpaid taxes and administrative expenses, costs and interest owed, and have appropriated property in the form of excess or

surplus equity for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

36.     By Defendants refusing to take any action for the payment of just compensation at time of the taking, Defendants have deprived Plaintiff and the Class of their constitutional right to just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution and thus is in violation of and can be remedied by 42 USC § 1983, 42 USC § 1988.

37.     The actions described herein is a voluntary policy, custom, and/or practice of each County Defendant or its final policymaker sufficient to impose damages and other relief pursuant to *Monell v New York City Department of Social Services* and its progeny.

38.     The County Defendants are liable pursuant to the *Monell* standard as flowing from the execution of the municipality's policy or custom pursuant one or more of the four recognized methodologies, see *Thomas v City of Chattanooga*, 398 F3d 426, 429 (CA 6, 2005).

39.     Specifically, each respective Board of Commissioners made the affirmative, voluntary decision to select and designate its own county's treasurer, rather that the State of Michigan, to act as the Foreclosing Governmental Unit, making the actions herein described as ones undertaken

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

pursuant to an official county policy for purposes of *Monell*, (see ¶4, *supra*; e.g. **Exhibit F**; and MCL 211.78(3)-(6)).

40.     The actions of Treasurer Defendants were designed to intentionally or wantonly cause harm to Plaintiff and the Class due to the utter disregard of Plaintiff's and the Class' constitutionally protected rights.

41.     Defendants have not paid just compensation.

42.     Defendants will not now pay just compensation.

43.     Defendants do not intend to pay just compensation in the future.

44.     Plaintiff and the Class have suffered damages which this Court can remedy by an order and/or judgment for an award of damages.

**COUNT II**
**TAKING – FIFTH/FOURTEENTH AMENDMENT VIOLATION**
**" ARISING DIRECTLY" UNDER THE FIFTH AMENDMENT**
**(AGAINST ALL DEFENDANTS)**

45.     The prior paragraphs are restated word for word herein.

46.     This claim is being made against all Defendants under the Fifth Amendment directly.

47.     The Fifth Amendment, made applicable to the states via the Fourteenth Amendment, is a self-executing constitutional provision requiring the payment of just compensation upon the takings undertaken by Defendants.

48.    Defendants have taken Plaintiff's and the class members' constitutionally-protected property in the form of equity and/or monies beyond the amount of unpaid taxes and administrative expenses, costs and interest owed, and have appropriated property in the form of excess or surplus equity for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

49.    By Defendants refusing to take any action for the payment of just compensation at time of the taking, Defendants have deprived Plaintiff and the Class of their constitutional right to just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution and thus the violation can be remedied by a direct claim under the Fifth Amendment.

50.    Defendants have not paid just compensation.

51.    Defendants will not now pay just compensation.

52.    Defendants do not intend to pay just compensation in the future.

53.    Plaintiff and the Class have suffered damages which this Court can remedy by an order and/or judgment for an award of damages.

**COUNT III**
**STATE LAW - INVERSE CONDEMNATION**
**(AGAINST DEFENDANT COUNTIES AND**
**TREASURERS IN THEIR OFFICIAL CAPACITIES)**

54.    The prior paragraphs are restated word for word herein.

55.     Defendants have taken Plaintiff's and the class members' constitutionally-protected property in the form of equity and/or monies beyond the amount of unpaid taxes and administrative expenses, costs and interest owed, and have appropriated said equity and/or monies for public use without the payment of just compensation.

56.     Defendants have taken Plaintiff's and the class members' constitutionally-protected property in the form of equity and/or monies beyond the amount of unpaid taxes and administrative expenses, costs and interest owed, and have appropriated said equity and/or monies for public use without using any *direct* condemnation processes, including those outlined under the *Uniform Condemnation Procedures* Act, MCL 213.51, et seq.

57.     Defendants have not and will not provide Plaintiff and the member of the Class any opportunity to claim the surplus equity from the seizure and/or later sale of their respective property, nor do Defendants provide or have a process to claim compensation at the time the Defendants seized title to their taken property interests.

58.     Defendants have not paid just compensation.

59.     Defendants will not now pay just compensation.

60.     Defendants do not intend to pay just compensation in the future.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

61.    An inverse condemnation with damages has occurred.

62.    Plaintiff and the Class have suffered damages which this Court can remedy by an order and/or judgment for an award of damages.

**COUNT IV**
**STATE LAW – VIOLATION OF MICHIGAN CONST, ART X, SEC 2**
**(AGAINST DEFENDANT COUNTIES AND**
**TREASURERS IN THEIR OFFICIAL CAPACITIES)**

63.    The prior paragraphs are restated word for word herein.

64.    Defendants have taken Plaintiff's and the class members' constitutionally-protected property in the form of equity and/or monies beyond the amount of unpaid taxes and administrative expenses, costs and interest owed, and have appropriated said equity and/or monies for public use without the payment of just compensation.

65.    Defendants have taken Plaintiff's and the class members' constitutionally-protected property in the form of equity and/or monies beyond the amount of unpaid taxes and administrative expenses, costs and interest owed, and have appropriated said equity and/or monies for public use without using any direct condemnation processes, including those outlined under the *Uniform Condemnation Procedures* Act, MCL 213.51, et seq, and was done so in violation of Article X, Section 2 of the Michigan Constitution.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

66.     Defendants have not and will not provide Plaintiff and the member of the Class any opportunity to claim the surplus equity from the seizure and/or later sale of their respective property, nor do Defendants provide or have a process to claim compensation at the time the Defendants seized title to their taken property interests.

67.     Defendants have not paid just compensation.

68.     Defendants will not now pay just compensation.

69.     Defendants do not intend to pay just compensation in the future.

70.     Plaintiff and the Class have suffered damages which this Court can remedy by an order and/or judgment for an award of damages.

## COUNT V
## EXCESSIVE FINE – *AUSTIN* CLAIM - EIGHTH AMENDMENT VIOLATION
## 42 USC § 1983
## (AGAINST ALL DEFENDANTS)

71.     The prior paragraphs are restated word for word herein.

72.     This Count is pled to the extent that Defendants argue or assert that Plaintiff or any class member "forfeited" or (as it is sometimes falsely described) relinquished property pursuant to *General Property Tax Act*.

73.     The Eighth Amendment to the United States Constitution is the part of the United States Bill of Rights prohibiting the government from

imposing excessive fines, which the US Supreme Court has applied to action(s) involving forfeitures.

74.   By imposing and retaining an excessive fine in the form of the forfeiture of value of the equity interest in property in excess of the tax delinquency, Plaintiff's and the class members' Eighth Amendment rights have been violated, see *Austin v United States*, 509 U.S. 602 (1993).

75.   Keeping the value of the equity interest in property in excess of the tax delinquency (which already includes interest, fees, and costs) is punitive and not remedial.

76.   The actions described herein is a policy, custom, and/or practice of each County Defendant or its final policymaker sufficient to impose damages and other relief pursuant to *Monell v New York City Department of Social Services* and its progeny.

77.   The County Defendants are liable pursuant to the *Monell* standard as flowing from the execution of the municipality's policy or custom pursuant one or more of the four recognized methodologies, see *Thomas v City of Chattanooga*, 398 F3d 426, 429 (CA 6, 2005).

78.   The conduct of Defendants was reckless and undertaken with complete in indifference to Plaintiff's and the class members' federal rights

18

to be free from violations of the Eighth Amendment to the United States Constitution.

79.    Said actions violate the Eighth Amendment to the United States Constitution, and is remedied by a money judgment against Defendants pursuant to 42 USC § 1983 and § 1988.

80.    Plaintiff and the Class have suffered damages which this Court can remedy by an order and/or judgment for an award of damages.

## RELIEF REQUESTED

81.    WHEREFORE, Plaintiff THOMAS A. FOX and the class members respectfully request this Court to—

a. Enter an order certifying this case as a class action;

b. Enter an order declaring the conduct of Defendants as being unconstitutional under the federal and state constitutions, even if being undertaken consistent with the *General Property Tax Act*;

c. Enter an order for damages and/or compensation under any or all legal theories raised in the amount of the surplus equity (i.e., the difference between the tax auction price and the tax bill) or, in the event that the property is sold for less than fair market value, for the return to the delinquent taxpayer of the difference between the full market value and the tax bill;

19

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

d. Enter an order of additional damages and/or compensation to reach an amount equaling 125% of the property's fair market value if deemed by this Court that private property consisting of an individual's principal residence was taken for public use pursuant to Article X, Section 2 of the Michigan Constitution;

e. Enter an order for an award of interest as provided for in *Knick v Twp of Scott*;

f. Enter an order for an award of nominal and punitive damages awardable under federal law, if applicable;

g. Enter an order for an award of actual reasonable attorney fees and litigation expenses pursuant to all applicable laws, rules, or statutes; and

h. Enter an order for all such other relief the court deems equitable.

## JURY DEMAND

82. For all triable issues, a jury is hereby demanded.

Date: June 25, 2019                    RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
Counsel for Plaintiff & Proposed Class
PO Box 107 · Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

/s/ Matthew E. Gronda
MATTHEW E. GRONDA (P73693)
Counsel for Plaintiff & Proposed Class
PO Box 70
St. Charles, MI 48655
(989) 249-0350
matthewgronda@gmail.com