# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

THOMAS A. FOX, for himself and all those
similarly situated

     Plaintiffs,

       v.

COUNTY OF ALCONA by its BOARD OF
COMMISSIONERS; CHERYL FRANKS, in her
individual and official capacity; COUNTY OF
ALPENA by its BOARD OF COMMISSIONERS;
KIMBERLY LUDLOW, in her individual and
official capacity;  COUNTY OF ARENAC by its
BOARD OF COMMISSIONERS; DENNIS
STAWOWY, in his individual and official
capacity; COUNTY OF BAY by its BOARD OF
COMMISSIONERS; RICHARD F.
BRZEZINSKI, in his individual capacity;
COUNTY OF CLARE by its BOARD OF
COMMISSIONERS; JENNY BEEMER-
FRITZINGER, in her individual and official
capacity; COUNTY OF CRAWFORD by its
BOARD OF COMMISSIONERS; KATE M.
WAGNER, in her individual and official capacity;
JOSEPH V. WAKELEY, in his individual
capacity; COUNTY OF GENESEE by its BOARD
OF COMMISSIONERS; DEBORAH CHERRY,
in her individual and official capacity; COUNTY
OF GLADWIN by its BOARD OF
COMMISSIONERS; CHRISTY VAN TIEM, in
her individual and official capacity, COUNTY OF
GRATIOT by its BOARD OF
COMMISSIONERS; MICHELLE THOMAS, in
her individual and official capacity; COUNTY OF
HURON by its BOARD OF COMMISSIONERS;
DEBRA MCCOLLUM, in her individual and
official capacity; COUNTY OF ISABELLA by its

Case No. 19-cv-11887
Hon. Thomas L. Ludington
Magistrate Patricia T. Morris

**FIRST AMENDED
COMPLAINT**

**(JURY DEMANDED)**

**\*\* CLASS ACTION \*\***

1

BOARD OF COMMISSIONERS; STEVEN W.
PICKENS, in his individual and official capacity;
COUNTY OF JACKSON by its BOARD OF
COMMISSIONERS; and KAREN COFFMAN, in
her individual and official capacity, COUNTY OF
LAPEER by its BOARD OF COMMISSIONERS;
DANA M. MILLER, in her individual and official
capacity; COUNTY OF LENAWEE, by its
BOARD OF COMMISSIONERS, MARILYN J.
WOODS, in her individual and official capacity,
COUNTY OF MACOMB, by its BOARD OF
COMMISSIONERS; LAWRENCE ROCCA, in
his individual and official capacity; COUNTY OF
MIDLAND by its BOARD OF
COMMISSIONERS; CATHY LUNSFORD, in her
individual and official capacity; COUNTY OF
MONTMORENCY by its BOARD OF
COMMISSIONERS; JEAN M. KLEIN, in her
individual and official capacity; COUNTY OF
OGEMAW by its BOARD OF
COMMISSIONERS; DWIGHT MCINTYRE, in
his individual and official capacity; COUNTY OF
OSCODA by its BOARD OF
COMMISSIONERS; WILLIAM KENDALL, in
his individual and official capacity; COUNTY OF
OTSEGO by its BOARD OF COMMISSIONERS;
DIANN AXFORD, in her individual and official
capacity; COUNTY OF PRESQUE ISLE by its
BOARD OF COMMISSIONERS; BRIDGET
LALONDE, in her individual and official capacity;
COUNTY OF ROSCOMMON by its BOARD OF
COMMISSIONERS; REBECCA RAGAN, in her
individual and official capacity; COUNTY OF
SAGINAW by its BOARD OF
COMMISSIONERS; TIMOTHY M. NOVAK, in
his individual and official capacity; COUNTY OF
SANILAC by its BOARD OF
COMMISSIONERS; TRUDY NICOL, in her
individual and official capacity; COUNTY OF ST
CLAIR by its BOARD OF COMMISSIONERS;

KELLY ROBERTS-BURNETT, in her individual
and official capacity; COUNTY OF TUSCOLA by
its BOARD OF COMMISSIONERS; PATRICIA
DONOVAN-GRAY, in her individual and official
capacity; COUNTY OF WASHTENAW, by its
BOARD OF COMMISSIONERS, CATHERINE
MCCLARY, in her individual and official
capacity, SHAWNA S. WALRAVEN, in her
individual and official capacity;

      Defendants

_____/

## FIRST AMENDED COMPLAINT

Plaintiff THOMAS A. FOX, both individually and on behalf of a class of

similarly situated individuals and entities, by and through counsel, for his Complaint

states as follows:

## INTRODUCTION

1.     This is a case of gross governmental abuse that cries out for a remedy.

Counties throughout this District have illegally seized property in the form of

excess/surplus equity from private citizens without any compensation at all.

2.     The abuse stems from the Defendant Counties' tax foreclosure process.

Michigan law generally authorizes counties to foreclose on parcels in order to satisfy

outstanding unpaid property taxes. But the Defendant Counties and their officials

abuse this process. They do not foreclose on the parcel; sell it; keep the amount of

the outstanding taxes plus reasonable fees; and return the rest to the property owner.

Rather, they foreclose; sell the property at a reduced amount; and keep *all* of the

proceeds and excess/surplus equity for themselves. As a result, property owners lose the entire value of their property, which is often orders of magnitude more than the outstanding tax bills.

3.      As set forth below, this constitutes a violation of the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution; a violation of Article X Section 2 of the Michigan Constitution; and an impermissible inverse condemnation under Michigan law.

## PARTIES

4.      Plaintiff Thomas A. Fox is resident of Gratiot County who owned property in Gratiot County.

5.      Defendants Counties of Alcona, Alpena, Arenac, Bay, Clare, Crawford, Genesee, Gladwin, Gratiot, Huron, Isabella, Jackson, Lapeer, Lenawee, Macomb, Midland, Montmorency, Ogemaw, Oscoda, Otsego, Presque Isle, Roscommon, Saginaw, Sanilac, St Clair, Tuscola, and Washtenaw are named as legal entities formed and/or existing under the laws of the State of Michigan and are controlled or operated by duly-designated Boards of Commissioners.

6.      The individually-listed Defendants are or were public officials serving as county treasurers for their respective county and are sued in their personal, individual capacities.

4

7.    The individually-listed Defendants, except Defendants Joseph V. Wakeley and Richard F. Brzezinski, are current, office-holding public officials serving as county treasurers for their respective county and are also sued in their official capacities.

8.    Each treasurer is a Foreclosing Governmental Unit by the affirmative, voluntary, and discretionary decision of each respective county as its own county policy pursuant to MCL §211.78.

## JURISDICTION

9.    This is a civil action brought seeking unpaid "just compensation" and other monetary damages against Defendants for violations of the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

10.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28 U.S.C. § 1343, which authorizes federal courts to hear civil rights cases; 28 U.S.C. § 2201, which authorizes declaratory judgments via the Declaratory Judgment Act; and 28 U.S.C. § 1367, which authorizes supplemental state law claims.

11.    Venue is proper in this Court as Defendants, individually and collectively, conduct or have conducted their business in the Eastern District of Michigan. Indeed, the Counties are not only situated within the District, but the Court's 's organization is defined in terms of the Counties.  28 U.S.C. § 102.

## GENERAL ALLEGATIONS

### I.   Michigan's Tax Foreclosure Process

12.   Like many states, Michigan provides for the taxation of real property in order to finance local governments such as counties, municipalities, and school districts and the collection of delinquent taxes

13.   However, this case involves what happens *after* the taxation process is completed and excess or surplus equity remains after each county is paid in full for all delinquent taxes, interest, penalties, and fees. *See Coleman v. District of Columbia*, 70 F.Supp.3d 58 (2014).

14.   The Defendants administer a foreclosure-and-auction process generally, so that after they sell a parcel at auction (often times for less than its fair market value), they retain the *entire* amount of the proceeds. Furthermore, even if the sale proceeds exceed the amount of the delinquent taxes – indeed, even if the proceeds far exceed the tax bill – they do not return any of the excess to the property's former owner or provide compensation for that portion of the Equity destroyed by underselling the parcel

15.   As used in this Complaint, "Tax Delinquency" means the past due tax owed on a property plus additional compounding interest, fees, penalties, and costs; "Equity" means the amount by which a property's value exceeds its Tax Delinquency.

## II.    The Foreclosure of the Plaintiff's Property and Seizure of Equity

16.    Plaintiff Thomas A. Fox was the owner(s) of 109 South Court Ave, Alma, Michigan (hereinafter the "Property").

17.    The Property is located within Gratiot County.

18.    As of date of the auction sale, the Property accrued a Tax Delinquency of approximately $3,091.23.

19.    On or around February 21, 2017, Defendant Michelle Thomas seized ownership of the Property on behalf of Gratiot County as its duly elected treasurer.

20.    As of that date, the Property had a State Equalized Value of $25,200.00. Because the fair market value of a property is at least twice the amount of its State Equalized Value, this means that the government would have known or should have known that said property had a fair market value of at least $50,400.00.

21.    On behalf of Gratiot County, Defendant Michelle Thomas sold the Property at a tax auction and conveyed the Property on or about August 16, 2017 for $25,500.00.

22.    Thus, the difference between what Plaintiff Thomas A. Fox owed as a Tax Delinquency and what the County received was $22,408.77. The difference between what Plaintiff Thomas A. Fox owed as a Tax Delinquency and the minimum fair market value of the Property was $47,308.77.

7

23.     Given that the minimum fair market value of the property was $50,400.00, and given that the Tax Delinquency was $3,091.23, Plaintiff Thomas A. Fox had at least $47,308.77 in Equity in the Property.

24.     Even taking the most conservative approach, and assuming *arguendo* that Equity were defined as the difference between the auction price and the outstanding Delinquent Tax, Plaintiff had at least $22,408.77 in Equity in the Property.

25.     The County of Gratiot and Defendant Michelle Thomas seized this Equity from Plaintiff by foreclosing the Property, selling it at auction for an amount much lower than its fair market value, but still far more than the Tax Delinquency, and failing to return any of the Equity to Plaintiff.

26.     Neither the County of Gratiot nor Defendant Michelle Thomas afforded Plaintiff any process, plan, or legal mechanism to seek or achieve the return the Equity they seized.

27.     Thus, the County of Gratiot and Defendant Michelle Thomas took or destroyed all of Plaintiff's Equity in the Property.

28.     Defendant Michelle Thomas and the County of Gratiot refused and refuse to pay just compensation for Plaintiff's Equity in the Property. These Defendants also have failed to provide any mechanism at all for any such compensation.

29.     Neither the County of Gratiot nor Defendant Michelle Thomas initiated any condemnation action or process for the Plaintiff's Equity in the Property.

30.     In addition to the Property, these Defendants have, in an identical fashion as outlined above, seized Equity from other pieces of real property within Gratiot County from Plaintiff Thomas A. Fox and others.

31.     Moreover, the other named Defendants and Defendant Counties have carried out this practice in their respective jurisdictions.

## III.   The Conduct at Issue Here Reflects County Policy

32.     The actions described herein is a voluntary policy, custom, and/or practice of each County Defendant and/or its final policymaker.

33.     This voluntary policy and/or practice of each County Defendant and/or its final policymaker is sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), and its progeny.

34.     Specifically, each respective County made the affirmative, voluntary, and discretionary decision to select and designate its own county's treasurer to act as the Foreclosing Governmental Unit.

35.     Moreover, each of the Defendant Counties, either through legislative enactment of laws or regulations, official agency or governmental entity policy, and/or actions taken by an official or officials with final decision-making authority

has administered the County's foreclosure and auction process generally, including MCL § 211.78m(8), so that after the County sells a parcel at auction, the County retains the entire amount of the proceeds, even if the proceeds exceed the amount of the Tax Delinquency, and never returns anything to the property owner, nor provides any mechanism by which the property owner can secure a return of his, her, or its equity.

36.     Accordingly, the actions at issue here were undertaken pursuant to an official county policy for purposes of *Monell*, 436 U.S. 658.

37.     The General Property Tax Act, and specifically MCL § 211.78m(8), does not require the practices that Plaintiff complains of. Rather, the Act can be fairly read to provide for Equity to be returned to the previous owner of a foreclosed property before the resulting funds are allocated.

38.     In the alternative, the Act, and in particular MCL § 211.78m(8), are inherently unconstitutional: if the Act requires Defendants' conduct as set forth herein, then, the Act violates the Michigan and United States Constitutions for all of the reasons that Defendants' conduct violates them.

39.     The actions of Defendants were designed to intentionally or wantonly cause harm to Plaintiff and the Class due to the utter disregard of Plaintiff's and the Class' constitutionally protected rights.

## CLASS ALLEGATIONS

40.    This action is brought by Plaintiff individually and pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2)-(3) on behalf of the owners of real property in the counties of Alcona, Alpena, Arenac, Bay, Clare, Crawford, Genesee, Gladwin, Gratiot, Huron, Isabella, Jackson, Lapeer, Lenawee, Macomb, Midland, Montmorency, Ogemaw, Oscoda, Otsego, Presque Isle, Roscommon, Saginaw, Sanilac, St Clair, Tuscola, and Washtenaw during the relevant statutorily-limited time period who were subject to the unconstitutional processes which resulted in the taking and/or unconstitutional forfeiture of their surplus or excess equity beyond the tax debt owed and due, but excluding those who have separately filed their own personal post-forfeiture legal actions in state or federal courts.

41.    The proposed class consists of all the owners of real property in the following counties, whose real property, during the relevant time period, was seized through a real property tax foreclosure, which was worth and/or which was sold at tax auction for more than the total tax delinquency and who was not refunded the value of the property in excess of the delinquent taxes owed: Alcona, Alpena, Arenac, Bay, Clare, Crawford, Genesee, Gladwin, Gratiot, Huron, Isabella, Jackson, Lapeer, Lenawee, Macomb, Midland, Montmorency, Ogemaw, Oscoda, Otsego, Presque Isle, Roscommon, Saginaw, Sanilac, St Clair, Tuscola, and Washtenaw.

39.     The number of persons who have been injured by the practices discussed herein is sufficiently numerous to make class action the most practical method to secure redress for the injuries sustained and to provide class wide equitable relief.

40.     Plaintiff's claims are common to, and typical of, those raised by the Class he seeks to represent, including:

   a.  Whether the counties and their respective treasurers are and have been voluntarily exercising discretion to administer MCL 211.78 in an unconstitutional or otherwise illegal manner, or whether the counties and their respective treasurer are and have been acting to voluntarily enforce an unconstitutional statute which each has willingly assumed to undertake pursuant to discretion via MCL § 211.78;

   b.  Whether each class member's property, prior to foreclosure, was worth and was sold for more than the total Tax Delinquency owed to the respective county;

   c.  Whether each class member's property had a fair market value greater than the total Tax Delinquency owed to the respective county;

   d.  Whether the county treasurers destroyed or took Equity when selling class member's property at a reduced, below fair market value price;

e.   Whether the county treasurers then kept the remaining Equity for the benefit of their respective counties; and

f.   Whether the county treasurers failed to pay just compensation, failed to initiate any form of condemnation proceedings, or failed to have or undertake a process to return the Equity.

42.    There are clear questions of law raised by the named Plaintiff's claims common to, and typical of, those raised by the Class he seeks to represent, including:

a.   whether MCL § 211.78m forbids Defendants from returning Equity to Class Members;

b.   whether, if MCL § 211.78m does entail such a prohibition, the statute is facially unconstitutional;

c.   whether the Defendants committed an unconstitutional taking by refusing to pay just compensation when seizing Equity beyond the Tax Delinquency, and have appropriated property in the form of Equity without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article X, Section 2 of the Michigan Constitution;

d.   whether the Defendants committed an inverse condemnation by destroying Equity via the seizure process and/or the later sale of property at a highly reduced, below fair market price and then retaining

the remaining proceeds from the sale of tax foreclosed property that constituted the remaining Equity;

e.  if deemed a forfeiture, whether the Defendants violated either the Excessive Fines Clause of the United States Constitution, by retaining proceeds from the sale of tax foreclosed property that exceeded the amount of the Tax Delinquency;

f.  whether the Class Members had a protected property interest in their property's Equity;

g.  whether the Defendants deprived the class members of any opportunity to seek the return of their Equity after foreclosure so as to deprive the Class Members of their procedural due process rights;

h.  whether Defendants acted arbitrarily and capriciously, and/or in a manner that shocks the conscience, in seizing the Class Members' Equity;

i.  whether Defendants violated the class members' substantive due process rights in seizing the Class Members' Equity; and

j.  whether the Defendant counties have been unjustly enriched by their retention of Class Members' Equity.

43.    The violations of law and resulting harms alleged by the named Plaintiff are typical of the legal violations and harms suffered by all Class Members.

44.     Plaintiff, as Class representative, will fairly and adequately protect the interests of the Class Members and will vigorously prosecute the suit on behalf of the Class; and is represented by highly experienced counsel.

45.     The maintenance of the action as a class action will be superior to other available methods of adjudication and will promote the convenient administration of justice, preventing possible inconsistent or varying adjudications with respect to individual members of the Class and/or one or more of the Defendants.

46.     Defendants have acted, failed to act, and/or are continuing to act on grounds generally against Plaintiff and all members of the Class in the same manner.

47.     The violations of law and resulting harms alleged by the named Plaintiff are typical of the legal violations and harms suffered by all Class Members.

48.     The maintenance of the action as a class action will be superior to other available methods of adjudication and will promote the convenient administration of justice, preventing possible inconsistent or varying adjudications with respect to individual members of the Class and/or one or more of the Defendants.

**COUNT I**
**TAKING – FIFTH/FOURTEENTH AMENDMENT**
**VIOLATION**
**42 USC § 1983**
**(AGAINST ALL DEFENDANTS)**

49.     The prior paragraphs are restated word for word herein.

50.    This claim is being made against all Defendants pursuant to 42 U.S.C. § 1983 and § 1988.

51.    The Fifth Amendment, made applicable to the states via the Fourteenth Amendment, is a constitutional provision and right requiring the payment of just compensation upon a taking by Defendants. *See Knick v. Twp. of Scott*, 588 U.S. ___ (2019).

52.    Defendants have taken Plaintiff's and the Class Members' property interests in the form of Equity – that is, the value of their properties to the extent they exceed the properties' Tax Delinquencies – and have appropriated this property for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

53.    Defendants have refused to take any action for the payment of just compensation for their seizure of Equity from the Plaintiff and the Class.

54.    By Defendants refusal to take any action for the payment of just compensation at the time of the taking, Defendants have deprived Plaintiff and the Class of their constitutional right to just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

55.    The taking of Plaintiff and the Class's property also violates 42 USC § 1983 and 42 USC § 1988.  Plaintiff and the Class are entitled to all relief provided by these statutes.

56.     Defendants have not paid just compensation.

57.     Defendants will not now pay just compensation.

58.     Defendants do not intend to pay just compensation in the future.

59.     Plaintiff and the Class have been injured and have suffered damages.

**COUNT II**
**TAKING – FIFTH/FOURTEENTH AMENDMENT**
**VIOLATION**
**"ARISING DIRECTLY" UNDER THE FIFTH AMENDMENT**
**(AGAINST ALL DEFENDANTS)**

60.     The prior paragraphs are restated word for word herein.

61.     This claim is being made against all Defendants under the Fifth Amendment directly.

62.     The Fifth Amendment, made applicable to the states via the Fourteenth Amendment, is a self-executing constitutional provision requiring the payment of just compensation upon the takings undertaken by Defendants.

63.     Defendants have taken Plaintiff's and the Class Members' property interests in the form of Equity – that is, the value of their properties to the extent they exceed the properties' Tax Delinquencies – and have appropriated this property for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

64.     Defendants have refused to take any action for the payment of just compensation for their seizure of equity from the Plaintiff and the Class.

65.     By Defendants refusal to take any action for the payment of just compensation at time of the taking, Defendants have deprived Plaintiff and the Class of their constitutional right to just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution and thus the violation can be remedied by a direct claim under the Fifth Amendment.

66.     Defendants have not paid just compensation.

67.     Defendants will not now pay just compensation.

68.     Defendants do not intend to pay just compensation in the future.

69.     Plaintiff and the Class have been injured and have suffered damages.

**COUNT III**
**STATE LAW - INVERSE CONDEMNATION**
**(AGAINST DEFENDANT COUNTIES AND**
**TREASURERS IN THEIR OFFICIAL CAPACITIES)**

70.     The prior paragraphs are restated word for word herein.

71.     Defendants have taken Plaintiff's and the Class Members' property interests in the form of Equity – that is, the value of their properties to the extent they exceed the properties' Tax Delinquencies – and have appropriated this property for public use without the payment of just compensation.

72.     Defendants have done so without using any *direct* condemnation processes, including those outlined under the Uniform Condemnation Procedures Act, MCL 213.51, *et seq*.

73.     Defendants have not and will not provide Plaintiff and the Class Members any opportunity to claim the Equity in their properties after the seizure and/or later sale of their respective property, nor do Defendants provide or have a process for Plaintiff and the Class Members to claim compensation at the time the Defendants seized title to their taken property interests.

74.     Defendants have not paid just compensation.

75.     Defendants will not now pay just compensation.

76.     Defendants do not intend to pay just compensation in the future.

77.     An inverse condemnation with damages has occurred.

78.     Plaintiff and the Class have been injured and have suffered damages.

**COUNT IV**
**STATE LAW – VIOLATION OF MICHIGAN**
**CONSTITUTIONARTICLE X, SECTION 2**
**(AGAINST DEFENDANT COUNTIES AND**
**TREASURERS IN THEIR OFFICIAL CAPACITIES)**

79.     The prior paragraphs are restated word for word herein.

80.     Defendants have taken Plaintiff's and the Class Members' property interests in the form of Equity – that is, the value of their properties to the extent they exceed the properties' Tax Delinquencies – and have appropriated this property for public use without the payment of just compensation.

81.     Defendants have done so without using any *direct* condemnation processes, including those outlined under the Uniform Condemnation Procedures

Act, MCL § 213.51, *et seq* and in violation of Article X, Section 2 of the Michigan Constitution.

82.     Defendants have not and will not provide Plaintiff and the members of the Class any opportunity to claim their Equity after the seizure and/or later sale of their respective property, nor do Defendants provide or have a process to claim compensation at the time the Defendants seized title to their taken property interests.

83.     Defendants have not paid just compensation.

84.     Defendants will not now pay just compensation.

85.     Defendants do not intend to pay just compensation in the future.

86.     Those Class Members whose principal residences were taken are entitled to compensation equaling 125 percent of the properties' fair market value under Article X § 2 of the Michigan Constitution.

87.     Plaintiff and the Class have been injured and have suffered damages.

## COUNT V
## VIOLATION OF THE EIGHTH AMENDMENT
## 42 USC § 1983
## (AGAINST ALL DEFENDANTS)

88.     The prior paragraphs are restated word for word herein.

89.     This Count is pled to the extent that Defendants argue or assert that Plaintiff or any Class Member "forfeited" or, as it is sometimes described, "relinquished" property pursuant to the Act.

90.     The Eighth Amendment to the United States Constitution is the part of the United States Bill of Rights prohibiting the government from imposing excessive fines, which the US Supreme Court has applied to action(s) involving forfeitures.

91.     The Fourteenth Amendment applies the Eighth Amendment to states and state actors such as Defendants.

92.     By imposing and retaining an excessive fine in the form of the forfeiture of value of the equity interest in property in excess of the tax delinquency, Plaintiff's and the Class Members' Eighth Amendment rights have been violated. *See Austin v. United States*, 509 U.S. 602 (1993).

93.     Defendants' retention of the Equity, which by definition is exclusive of the Tax Delinquency, is punitive and not remedial.

94.     The conduct of Defendants was reckless and undertaken with complete indifference to Plaintiff's and the Class Members' federal rights to be free from violations of the Eighth Amendment to the United States Constitution.

95.     Said actions violate the Eighth Amendment to the United States Constitution and are remedied by a money judgment against Defendants pursuant to 42 U.S.C. § 1983 and § 1988.

96.     Plaintiff and the Class have been injured and have suffered damages.

## COUNT VI
### 42 USC § 1983
### VIOLATION OF PROCEDURAL DUE PROCESS
### (AGAINST ALL DEFENDANTS)

97.   Plaintiff restates the prior paragraphs as if restated fully herein.

98.   The Fourteenth Amendment guarantees procedural due process to Plaintiff and the Class.

99.   Plaintiff and the Class have a Constitutionally-protected property interest in the Equity of their respective properties.

100.   Defendants have denied Plaintiff and the Class Members these rights by failing to provide for any procedure at all for Plaintiff or the Class Members to secure a refund of their Equity after their properties' sale at auction, or even after their complete seizure in anticipation of same.

101.   As a direct and proximate result of the Defendants' failure to provide adequate procedural due process, Plaintiff and the Class Members have been injured and have suffered damages.

102.   Neither Plaintiff nor any Class Member has an adequate remedy at law except as set forth in this Complaint.

## COUNT VII
### 42 USC § 1983
### VIOLATION OF SUBSTANTIVE DUE PROCESS
### (AGAINST ALL DEFENDANTS)

103.   Plaintiff restates the prior paragraphs as if restated fully herein.

104.   The Fourteenth Amendment guarantees substantive due process to Plaintiff and the Class.

105.   Defendants' conduct has deprived and is depriving Plaintiff and the Class of their Constitutionally-protected right to their Equity.

106.   Plaintiff's and the Class Members' rights to their properties, and therefore their Equity, is well established.

107.   Defendants' conduct in destroying and/or seizing Plaintiff's and Class Members Equity is arbitrary and/or shocks the conscience.

108.   As a direct and proximate result of these violations, Plaintiff and the Class Members have been injured and have suffered damages.

109.   Plaintiff and Class Members do not have an adequate remedy at law except as asserted in this Complaint.

## COUNT VIII
## UNJUST ENRICHMENT
## (AGAINST THE COUNTY DEFENDANTS)

110.   Plaintiff restates the prior paragraphs as if restated fully herein.

111.   Defendants have illegally seized Equity from Plaintiff and the Class.

112.   This illegal seizure has unjustly enriched the Defendant Counties.

113.   Under these circumstances, it is inequitable for the Defendant Counties to retain the proceeds from the sales of the properties at auction to the extent that the proceeds from each such sale exceeded the Tax Delinquency for each such property.

114.   Plaintiff and Class Members do not have an adequate remedy at law except as asserted in this Complaint.

115.   This unjust enrichment has injured and damaged the Plaintiff and the Class Members.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Thomas A. Fox and the Class Members respectfully request this Court to:

a.   Enter an order certifying this case as a class action;

b.   Enter an order declaring the conduct of Defendants as being unconstitutional under the federal and state constitutions, even if being undertaken consistent with the General Property Tax Act;

c.   Enter an order for any and all damages and/or compensation as is deemed proper;

d.   Enter an order disgorging the County Defendants' proceeds from the sales auctions to the extent that the proceeds from each such sale exceed the Tax Delinquencies for each respective property;

e.   Enter an order of additional damages and/or compensation to reach an amount equaling 125% of the property's fair market value if this Court determines that private property consisting of an individual's principal

residence was taken for public use pursuant to Article X, Section 2 of the Michigan Constitution;

f. Enter an order for an award of interest as provided for in *Knick v. Twp. of Scott*;

g. Enter an order for any and all damages available under federal law as applicable, including but not limited to an award of nominal and punitive damages;

h. Enter an order for an award of attorney fees and expenses pursuant to all applicable laws, rules, or statutes; and

i. Enter an order for restitution;

j. Enter an order for all such other legal and equitable relief which the Court deems proper.

## JURY DEMAND

For all triable issues, a jury is hereby demanded.

Date: September 4, 2019                    Respectfully submitted,

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
Christopher D. Kaye (P61918)
**THE MILLER LAW FIRM PC**
950 West University Drive, Suite 300
Rochester, MI 48307
Tel: (248) 841-2200
Fax: (248) 652-2852
epm@millerlawpc.com

ssa@millerlawpc.com
cdk@millerlawpc.com

**OUTSIDE LEGAL
COUNSEL PLC**
Phillip L. Ellison (P74117)
PO Box 107
Hemlock, MI 48626
Tel: (989) 642-0055
Fax: (888) 398-7003
pellison@olcplc.com

Matthew E. Gronda (P73693)
PO Box 70
St. Charles, MI 48655
Tel: (989) 249-0350
Fax: (989) 393-5981
matthewgronda@gmail.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 4, 2019 I electronically filed the foregoing with the Clerk of the Court using the ECF system which will notify all counsel of record authorized to receive such filings.

**THE MILLER LAW FIRM, P.C.**

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
Telephone: (248) 841-2200
epm@millerlawpc.com