UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS A. FOX, et al.,

    Plaintiffs,

v.

COUNTY OF SAGINAW, by its BOARD
OF COMMISSIONERS, et al.,

    Defendants.

Case No. 1:19-cv-11887
Hon. Thomas L. Ludington
Magistrate Patricia T. Morris

_____/

**ORDER GRANTING MOTION FOR SECOND SUMMONS, DIRECTING CLERK OF COURT TO ISSUE SECOND SUMMONS, DENYING AS MOOT MOTION TO DISMISS INITIAL COMPLAINT, AND STAYING THE CASE**

On June 25, 2019, Plaintiff Thomas A. Fox filed a complaint against multiple Michigan counties and county officials. Plaintiff claims that Defendants' process of foreclosure of property to satisfy unpaid real estate taxes is unconstitutional. He alleges that:

> Michigan law generally authorizes counties to foreclose on parcels in order to satisfy outstanding unpaid property taxes. But the Defendant Counties and their officials abuse this process. They do not foreclose on the parcel; sell it; keep the amount of the outstanding taxes plus reasonable fees; and return the rest to the property owner. Rather, they foreclose; sell the property at a reduced amount; and keep *all* of the proceeds and excess/surplus equity for themselves. As a result, property owners lose the entire value of their property, which is often orders of magnitude more than the outstanding tax bills.

ECF No. 17 at PageID.218-219 (emphasis in original). The complaint seeks to certify the case as a class action to include plaintiffs throughout Michigan who are similarly situated to Plaintiff Fox.

The complaint lists the following counties and their treasurers as Defendants: Gratiot, Saginaw, Bay, Midland, Isabella, Tuscola, Montmorency, Alpena, Oscoda, Alcona, Arenac, Ogemaw, Clare, and Gladwin. ECF No. 1 at PageID.3. The complaint presented five counts, specifically a taking under the Fifth and Fourteenth Amendments, Inverse Condemnation, a

violation of the Michigan Constitution, and a violation of the Eighth Amendment. *Id.* at PageID.11-19.

On August 14, 2019, twenty-five of the Defendants filed a motion to dismiss the complaint. ECF No. 11. On September 4, 2019, Plaintiffs filed an amended complaint adding the following counties and their treasurers as Defendants: Crawford, Genesee, Huron, Jackson, Lapeer, Lenawee, Macomb, Otsego, Presque Isle, Roscommon, Sanilac, St Clair, and Washtenaw. ECF No. 17 at PageID.219. The amended complaint presented three additional counts, specifically violations of procedural and substantive due process and unjust enrichment. *Id.* at PageID.237-239.

Forty-seven of the Defendants have now filed motions to dismiss the amended complaint and motions for summary judgment. ECF Nos. 22, 23, and 66. Among these Defendants are the twenty-five that previously filed a motion to dismiss the initial complaint. The parties were ordered to show cause why the case should not be stayed pending the Sixth Circuit's resolution of the case *Freed v. Thomas*, Case No. 18-2312 (6th Cir.). The parties responded to the order to show cause and acknowledged that there was sound reason to stay the case.

For the following reasons, the case will be stayed pending the Sixth Circuit's resolution of *Freed*.

**I.**

Plaintiff was the owner of real property in Alma, Michigan in Gratiot County (the "Property"). As of 2017, the Property had "accrued a Tax Delinquency of approximately $3,091.23." ECF No. 17 at PageID.222. Plaintiff claims that in February 2017, Defendant Thomas "seized ownership of the Property on behalf of Gratiot County as its duly elected treasurer." *Id.* Plaintiff represents that on the date of seizure, the Property had a State Equalized Value of

$25,200.00. Plaintiff reasons that "[b]ecause the fair market value of a property is at least twice the amount of its State Equalized Value, this means that the government would have known or should have known that said property had a fair market value of at least $50,400.00." *Id.* Accordingly, Plaintiff claims that he had $47,308.77 in equity in the Property (the difference between the fair market value of $50,400.00 and the tax delinquency of $3,091.23). Plaintiff contends that by retaining the funds, Defendants Thomas and Gratiot County "took or destroyed" his equity in the Property.

Plaintiff argues that Defendants are seizing property and maintaining the equity pursuant to Michigan's General Property Tax Act ("GPTA"), MCL. §211.78m(8) which provides:

> (8) A foreclosing governmental unit shall deposit the proceeds from the sale of property under this section into a restricted account designated as the "delinquent tax property sales proceeds for the year _____". The foreclosing governmental unit shall direct the investment of the account. The foreclosing governmental unit shall credit to the account interest and earnings from account investments. Proceeds in that account shall only be used by the foreclosing governmental unit for the following purposes in the following order of priority:
>
> > (a) The delinquent tax revolving fund shall be reimbursed for all taxes, interest, and fees on all of the property, whether or not all of the property was sold.
> >
> > (b) All costs of the sale of property for the year shall be paid…

MCL §211.78m(8); *see also* ECF No. 17 at PageID.225.

Plaintiff contends that:

The General Property Tax Act, and specifically MCL § 211.78m(8), does not require the practices that Plaintiff complains of. Rather, the Act can be fairly read to provide for Equity to be returned to the previous owner of a foreclosed property before the resulting funds are allocated.

In the alternative, the Act, and in particular MCL § 211.78m(8), are inherently unconstitutional: if the Act requires Defendants' conduct as set forth herein, then, the Act violates the Michigan and United States Constitutions for all of the reasons that Defendants' conduct violates them.

ECF No. 17 at PageID.225.

Plaintiff claims that Defendants' sale of the Property constituted a taking in violation of the Fifth and Fourteenth Amendment, an imposition of an excessive fine in violation of the Eighth Amendment, a violation of substantive and procedural due process, an inverse condemnation, a violation of the Michigan Constitution, and an unjust enrichment. ECF No. 17 at PageID.230-239.

## II.

### A.

In their motions to dismiss, Defendants argue that this Court lacks jurisdiction to hear Plaintiff's case because of the Tax Injunction Act ("TIA") which provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a *plain, speedy and efficient remedy* may be had in the courts of such State.

28 U.S.C. §1341 (emphasis added). Defendants contend that because Michigan provides an adequate remedy for aggrieved taxpayers, the TIA prevents this Court from exercising jurisdiction over Plaintiff's claim.

Plaintiff claims that the TIA does not apply to his complaint because he is not challenging the "assessment, levy or collection" of the Michigan tax. Instead, he is challenging "what happens *after* the taxation process is completed and excess or surplus equity remains after each county is paid in full for all delinquent taxes, interest, penalties, and fees." ECF No. 17 at PageID.221 (emphasis present in original).

Plaintiff cites to a D.C. District Court case, *Coleman v. District of Columbia*, 70 F.Supp.3d 58 (2014), with similar claims. The plaintiff in *Coleman* contested the government's "taking of the entire equity in his home," claiming that the government "provided him no compensation for the loss of that equity, even though its value far exceed[ed] the taxes, penalties, costs, and interest he

owed." *Coleman* 70 F.Supp.3d at 62-63. The plaintiff did not dispute that the government was permitted to sell his house in order to satisfy his delinquent property taxes.

In deciding whether the government had engaged in a taking, the *Coleman* court relied upon the Supreme Court case *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank* which provides

> [T]he State's action is not complete in the sense of causing a constitutional injury unless or until the State fails to provide an adequate postdeprivation remedy for the property loss. Likewise, because the Constitution does not require pretaking compensation, and is instead satisfied by a reasonable and adequate provision for obtaining compensation after the taking, the State's action here is not "complete" until the State fails to provide adequate compensation for the taking.

*Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 195 (1985) (quotations omitted). The *Coleman* court found that the District of Columbia did not have an adequate postdeprivation remedy for the property loss because there was "no basis to infer the existence of an independent inverse-condemnation action under D.C. law." *Coleman* 70 F.Supp.3d at 71. The court, finding for the plaintiff, held that "the statute at issue in this case expressly provides for the taking of plaintiff's surplus equity and contains no procedure for the recovery of that surplus." *Id.*

**B.**

The next year, a case was before Judge Berg in the Eastern District of Michigan with facts almost identical to those in *Coleman* and in this case. Judge Berg distinguished the case before him from *Coleman* as follows:

> Unlike Michigan, the District of Columbia did not provide the plaintiff an avenue to bring an inverse condemnation claim to recover any surplus equity…
>
> In *Coleman*, the Court recognized that the District of Columbia does not have a state constitution-a common source for a state inverse condemnation remedy. Further, the D.C. statute at issue in *Coleman* expressly provided for the taking of the plaintiff's surplus equity and contained no procedure for the recovery of that surplus. Thus, *Coleman* held that, "because there is no 'reasonable, certain, and

adequate' state remedy, *Williamson,* 473 U.S. at 194, [the plaintiff's] claim [was] ripe for resolution." *Coleman* at *9.

> Unlike in *Coleman,* Michigan's State Constitution provides that: "Private property shall not be taken for public use without just compensation therefor [sic] being first made or secured in a manner prescribed by law. Compensation shall be determined in proceedings in a court of record." Mich. Const. 1963, Art. 10, § 2. Michigan courts clearly recognize the right to bring an inverse condemnation claim. *See, e.g., Merkur Steel Supply v. Detroit,* 261 Mich. App. 116, 680 N.W.2d 485 (2004). Consequently, before a taking claim may be considered ripe for adjudication in this Court, Plaintiffs must first bring an inverse condemnation claim in state court, seeking to recover their forfeited surplus equity.

*Rafaeli, LLC v. Wayne County*, 2015 WL 3522546, at *9 (E.D. Mich. June 4, 2015). Judge Berg's reasoning would appear to also apply to Plaintiff's claim in this case and support the proposition that this Court lacks jurisdiction.

However, the requirement in *Williamson* that a plaintiff with a takings claim first seek relief in state court was recently called into question by the Supreme Court in *Knick v. Township of Scott, Pennsylvania*. 139 S. Ct. 2162, 2179 (2019) ("The state-litigation requirement of *Williamson County* is overruled.").[1] The majority opinion provides:

> Contrary to *Williamson County*, a property owner has a claim for a violation of the Takings Clause as soon as a government takes his property for public use without paying for it. The Clause provides: "[N]or shall private property be taken for public use, without just compensation." It does not say: "Nor shall private property be taken for public use, without an available procedure that will result in compensation." If a local government takes private property without paying for it, that government has violated the Fifth Amendment—just as the Takings Clause says—without regard to subsequent state court proceedings. And the property owner may sue the government at that time in federal court for the "deprivation" of a right "secured by the Constitution."

*Id.*

---

[1] Justice Roberts delivered the majority opinion for the Court, joined by Justices Alito, Gorsuch, and Kavanaugh. Justice Thomas concurred with the holding. Justice Kagan delivered a dissenting opinion, joined by Justices Ginsburg, Breyer, and Sotomayor.

Four days after the Supreme Court issued *Knick*, Plaintiff Fox filed his complaint. He contends that because he has brought a takings claim, this Court may exercise jurisdiction.

**III.**

The same issue appears to be before the Sixth Circuit in another case. In 2017, one of Plaintiff's attorneys, Phillip L. Ellison, filed a similar complaint on behalf of Donald Freed before Judge Bernard Friedman, also of the Eastern District of Michigan. *Freed v. Thomas*, Case No. 17-13519. The defendants in that case also included Thomas and Gratiot County. The facts are strikingly similar to the facts here. Freed owned real property in Elwell, Michigan in Gratiot County. *Id.*, ECF No. 1 at PageID.3. Gratiot County valued the property at $97,000. Freed owed taxes and interest totaling $1,109.06. Freed claimed that Thomas seized and sold the property on behalf of Gratiot County, maintaining the equity. Freed claimed that the sale of the property constituted a taking in violation of the Fifth and Fourteenth Amendment as well as an excessive fine in violation of the Eighth Amendment. *Id.* at PageID.4-5.

Judge Friedman dismissed Freed's claim for lack of subject matter jurisdiction, reasoning that "an adequate remedy exists in Michigan courts." *Freed v. Thomas*, 2018 WL 5831013, *3 (E.D. Mich. Nov. 7, 2018). He further held that "[r]egardless of the label plaintiff chooses to put on this claim, the Court may not consider it because the effect is to 'challenge state tax laws,' a challenge the Tax Injunction Act and comity prevent this Court from entertaining." *Id.*

Freed subsequently appealed Judge Friedman's decision to the Sixth Circuit. During the appeal process, the Supreme Court issued *Knick v. Township of Scott*. The next week, Plaintiff filed a letter with the Sixth Circuit, claiming that "[g]iven the *Knick* decision, federal jurisdiction now clearly exists for Freed to press his Fifth and Eighth Amendment claims, via §1983, *in federal court*." *Freed v. Thomas*, Case No. 18-2312, D. 54 (emphasis in original). On August 19, 2019,

the Sixth Circuit directed the parties to file supplemental briefing "as to if and how the Supreme Court's recent decision in *Knick v. Township of Scott*, 139 S. Ct. 2162 (2019), affects this case." *Id.*, D. 58. The Sixth Circuit has yet to issue an opinion.

The facts in *Freed v. Thomas* and the facts before this Court are almost identical. The claims for relief under the Fifth, Eighth, and Fourteenth Amendments are the same. Most importantly, one of the major questions regarding whether this Court has jurisdiction considering *Knick* is also the same. The Court sees no reason to resolve this issue while it is pending before the Sixth Circuit. Accordingly, the case will be stayed pending the Sixth Circuit's resolution of *Freed v. Thomas*.

**IV.**

Among the Defendants listed in Plaintiff's complaint are Alcona County and Cheryl Franks. ECF No. 1. Summons were issued for both Defendants on July 1, 2019, but no certificate of service has been filed nor has an attorney filed an appearance on behalf of either of these Defendants. Accordingly, Plaintiff was ordered to show cause why his claims against Alcona County and Cheryl Franks should not be dismissed for failure to prosecute. Plaintiff filed a motion to "reissue the summonses" for Alcona County and Cheryl Franks. ECF No. 80. Plaintiff's motion will be granted.

**V.**

Accordingly, it is **ORDERED** that Plaintiff's motion to issue a second summons for Defendants Alcona County and Cheryl Franks, ECF No. 80, is **GRANTED**.

It is further **ORDERED** that the Clerk of Court is **DIRECTED** to issue a second summons for Defendants Alcona County and Cheryl Franks. The summons shall expire on **January 31, 2020**.

It is further **ORDERED** that the motion to dismiss the initial complaint, ECF No. 11, is **DENIED AS MOOT** due to Plaintiffs' amended complaint.

It is further **ORDERED** that the case is **STAYED** pending the Sixth Circuit's decision in *Freed v. Thomas*, Case No. 18-2312 (6th Cir.). The parties shall file a notice with the Court within 30 days of the Sixth Circuit issuing a mandate.

Dated: January 10, 2020                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge