UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS A. FOX,

      Plaintiff,

v.

COUNTY OF SAGINAW, by its BOARD
OF COMMISSIONERS, et al.,

      Defendants.

_____/

Case No. 19-CV-11887
Hon. Thomas L. Ludington
Magistrate Patricia T. Morris

**ORDER DIRECTING SERVICE TO AND RESPONSE FROM NON-PARTY COUNSEL**

This matter involves a class action suit by Plaintiff Thomas A. Fox on behalf of himself and all other similarly situated individuals against the County of Saginaw, county treasurer Timothy M. Novak, and other various Michigan counties and county officials. ECF No. 17. Plaintiff seeks damages based on Defendants' practice of retaining surplus proceeds from a tax foreclosure sale. *Id.* On January 10, 2020, this case was stayed pending the Sixth Circuit's decision in *Freed v. Thomas*, Case No. 18-2312 (6th Cir.). ECF No. 85. On October 16, 2020, shortly after the decision in *Freed*, the stay was lifted, the class was certified, and the class representative and counsel were appointed. ECF No. 124. Several motions to dismiss remain pending and are set for a hearing on January 20, 2021. ECF Nos. 22, 23, 66, 119, 120, 122, 123.

On November 3, 2020, Plaintiff filed an emergency motion for a protective order in response to allegedly unethical solicitations sent to class members by non-party counsel Mr. Donald Visser and his firm Visser and Associates, PLLC (collectively, "Visser"). ECF No. 129.

For the reasons stated below, Plaintiff will be directed to serve a copy of its motion and this order on Visser, and Visser will be directed to respond to Plaintiff's motion.

**I.**

On June 25, 2019, Plaintiff filed a complaint on behalf of himself and all others similarly situated against numerous Michigan counties and county treasurers.[1] ECF No. 1. Plaintiff argues that Defendants are seizing property and maintaining the equity pursuant to Michigan's General Property Tax Act ("GPTA"), M.C.L. § 211.78m, which provides:

> (8) A foreclosing governmental unit shall deposit the proceeds from the sale of property under this section into a restricted account designated as the "delinquent tax property sales proceeds for the year _____". The foreclosing governmental unit shall direct the investment of the account. The foreclosing governmental unit shall credit to the account interest and earnings from account investments. Proceeds in that account shall only be used by the foreclosing governmental unit for the following purposes in the following order of priority:
>
>> (a) The delinquent tax revolving fund shall be reimbursed for all taxes, interest, and fees on all of the property, whether or not all of the property was sold.
>
> [. . .]
>
>> (f) All or a portion of any remaining balance, less any contingent costs of title or other legal claims described in subdivisions (a) through (f), may subsequently be transferred into the general fund of the county by the board of commissioners.

M.C.L. § 211.78m(8); *see also* ECF No. 17 at PageID.225. The original complaint alleged that the practice was an unconstitutional taking in violation of the Fifth and Fourteenth Amendments (Counts I, II), inverse condemnation under Michigan law (Count III), violation of Article X, Section 2 of the Michigan Constitution (Count IV), and excessive fine in violation of the Eighth Amendment (Count V). ECF No. 1 at PageID.11–19.

---

[1] The background of this case is recounted in greater detail in the October 22 order. *See* ECF No. 124.

On September 4, 2019, Plaintiff filed an amended complaint naming additional counties and treasurers as Defendants and adding three counts: procedural due process (Count VI), substantive due process (Count VII), and unjust enrichment (Count VIII). ECF No. 17. After the amended complaint, the roster of Defendants includes Counties Alcona, Alpena, Arenac, Bay, Clare, Crawford, Genesee, Gladwin, Gratiot, Huron, Isabella, Jackson, Lapeer, Lenawee, Macomb, Midland, Montmorency, Ogemaw, Oscoda, Otsego, Presque Isle, Roscommon, Saginaw, Sanilac, St. Clair, Tuscola, and Washtenaw, and county treasurers Cheryl Franks, Kimberly Ludlow, Dennis Stawowy, Richard F. Brzezinski, Jenny Beemer-Fritzinger, Kate M. Wagner, Joseph V. Wakeley, Deborah Cherry, Christy Van Tiem, Michelle Thomas, Debra McCollum, Steven W. Pickens, Karen Coffman, Dana M. Miller, Marilyn J. Woods, Lawrence Rocca, Cathy Lunsford, Jean M. Klein, Dwight McIntyre, William Kendall, Diann Axford, Bridget Lalonde, Rebecca Ragan, Timothy M. Novak, Trudy Nicol, Kelly Roberts-Burnett, Patricia Donovan-Gray, Catherine McClary, and Shawn S. Walraven. ECF No. 17.

On January 10, 2020, this case was stayed pending the Sixth Circuit's decision in *Freed v. Thomas*, Case No. 18-2312 (6th Cir.), which presented nearly identical facts, substantive arguments, and jurisdictional questions. ECF No. 85. On October 16, 2020, shortly after the Sixth Circuit's decision in *Freed*, the stay was lifted and the following class was certified:

> All persons and entities that owned real property in the following counties, whose real property, during the relevant time period, was seized through a real property tax foreclosure, which was worth and/or which was sold at tax auction for more than the total tax delinquency and were not refunded the value of the property in excess of the delinquent taxes owed: Alcona, Alpena, Arenac, Bay, Clare, Crawford, Genesee, Gladwin, Gratiot, Huron, Isabella, Jackson, Lapeer, Lenawee, Macomb, Midland, Montmorency, Ogemaw, Oscoda, Otsego, Presque Isle, Roscommon, Saginaw, Sanilac, St Clair, Tuscola, and Washtenaw.

ECF No. 124 at PageID.2291. Plaintiff Thomas A. Fox was appointed class representative, and Mr. E. Powell Miller of The Miller Law Firm PC and Mr. Phillip L. Ellison of Outside Legal Counsel PLC were appointed class counsel. *Id.* at PageID.2305. Several motions to dismiss were filed before and after certification and remain pending. ECF Nos. ECF Nos. 22, 23, 66, 119, 120, 122, 123. They are set for hearing on January 21, 2021.

## II.

### A.

According to Plaintiff's emergency motion filed on November 2, 2020, the certified class is "under siege" from Visser, a Grand Rapids area firm that has been soliciting class members for legal representation. ECF No. 129 at PageID.2551. Plaintiff alleges that Visser is "pressuring class members into retaining [them] with the misleading claim that their time to file a claim is limited and into agreeing to what is, in effect, a Faustian bargain." *Id.* Plaintiff's counsel represents that he contacted Visser on October 22, 2020 but has been unable to dissuade them from soliciting class members. *Id.* at PageID.2542. Plaintiff's exhibits purportedly show solicitations from Visser to class members sent after the class was certified. *See* ECF Nos. 129-4, 129-5.

Relying on Federal Rule of Civil Procedure 23, Plaintiff argues that this Court has the "power *and* the duty" to protect the class from harassment. ECF No. 129 at PageID.2551. He requests an order (1) enjoining Visser from soliciting class members, (2) requiring Visser to provide an accounting of all solicitations to the class, (3) allowing Plaintiff to send a corrective notice to solicited class members, in a Court-approved form, (4) rescinding or otherwise invalidating all retainer agreements entered into between Visser and class members, and (5) disqualifying Visser from any representation in this action. ECF No. 129 at PageID.2566–67.

**B.**

Plaintiff is correct that under Rule 23, a district court "has the authority to control communications with the class before and after class certification" and "the duty to restrict communications that threaten to interfere with the proper administration of a class action and to restrict conduct that abuses the right of the members of the class." *Bobbitt v. Acad. of Court Reporting*, No. CIV A 07-10742, 2008 WL 4298458, at *2 (E.D. Mich. Sept. 18, 2008). With respect to solicitations from non-party counsel, *McWilliams v. Advanced Recovery Sys., Inc.*, 176 F. Supp. 3d 635, 638 (S.D. Miss. 2016), is instructive.

In *McWilliams*, certain non-party attorneys sent solicitations to the named plaintiff and other members of a Fair Debt Collection Practices Act class action after the class had been certified under Rule 23. *McWilliams*, 176 F. Supp. 3d at 638. The solicitations stated,

> Our investigation has revealed that the [defendant] may have violated several portions of the Fair Debt Collection Practices Act (FDCPA) in their attempt to collect on these accounts. In fact, a class action has been certified in the United States District Court of Mississippi for all people sued between February 4, 2014 and February 4, 2015.

*Id.* The solicitations proposed a contingency fee arrangement for representation. *Id.* The plaintiff and defendants in the case moved for a protective order enjoining the non-party counsel from soliciting or communicating with class members. *Id.* at 639. A subsequent hearing revealed that, as a result of the solicitations, the non-party counsel had been retained by approximately 50 class members. *Id.* Consequently, the plaintiff and defendants filed supplemental briefing to invalidate the retainer agreements. *Id.* The non-party counsel filed a response brief. *Id.*

The court held that the non-party counsel violated Mississippi ethics rules and Rule 23 by communicating with class members that were already represented. *Id.* at 640–41. The court also found that the solicitations were misleading because, *inter alia*, they "fail[ed] to disclose that the

Court ha[d] appointed Class Counsel to represent Class members." *Id.* at 641 (quoting *Jack Faucett Associates, Inc. v. Am. Tel. & Tel. Co.*, No. 81–0436, 1985 WL 25746, at *2 (D.D.C. Oct. 18, 1985)). The court also found that the solicitations were "contrary to the text and purpose of Rule 23," explaining that "[s]olicitations encouraging members of a certified class to opt-out and bring separate lawsuits risk defeating the efficiency inherent in the class action form." *Id.* The non-party counsel raised a number of defenses, including jurisdiction, the adequacy of class counsel, and the First Amendment. *Id.* at 642–44. The court rejected each defense and entered an order enjoining future solicitation, requiring an accounting of solicitations sent, and allowing for a curative notice. *Id.* at 644–45. The court also signaled that it was "inclined to invalidate" the post-certification retainer agreements but ordered the parties and non-party counsel to confer on the issue. *Id.* at 645.

While Plaintiff's analogy to *McWilliams* is persuasive, it is unclear if Visser has had an opportunity to respond to the allegations against them. Plaintiff's counsel represents that he "informed Visser of the relief sought" in his motion on November 2, 2020, but "did not receive a response." ECF No. 129 at PageID.2543. The proof of service seems to indicate that Plaintiff's motion was only served on counsel of record through CM/ECF. *Id.* at PageID.2569. The non-party counsel in *McWilliams* filed responsive briefing, and Visser should have an opportunity to do the same. *McWilliams*, 176 F. Supp. at 639.

### III.

Accordingly, it is **ORDERED** that Plaintiff Thomas A. Fox is **DIRECTED** to serve a copy of his Emergency Motion for Protective Order, ECF No. 129, and this Order Directing Service to and Response From Non-Party Counsel on non-party counsel Visser and Associates, PLLC by first class mail **on or before November 13, 2020** and file the certificate of service with the Court.

It is further **ORDERED** that Visser and Associates, PLLC is **DIRECTED** to respond to Plaintiff's Emergency Motion for Protective Order, ECF No. 129, **no later than 14 days** after service of Plaintiff's motion and this order.

Dated: November 6, 2020                          s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge