UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS A. FOX,
on behalf of himself and all
others similarly situated,

       Plaintiff,

v.

COUNTY OF SAGINAW, by its BOARD
OF COMMISSIONERS, et al.,

       Defendants.

_____/

Case No. 19-CV-11887
Hon. Thomas L. Ludington
Magistrate Patricia T. Morris

**ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE PROCEEDING DURING PENDENCY OF APPEAL, GRANTING IN PART AND DENYING IN PART DEFENDANTS' JOINT MOTION TO STAY PENDING APPEALS, AND STAYING THE CASE FOR THE PENDENCY OF DEFENDANTS' IMMUNITY APPEAL**

This matter is before the Court pursuant to Plaintiff's Motion to Continue Proceeding During Pendency of Appeal, ECF No. 155, and Defendants' Joint Motion to Stay Pending Appeals, ECF No. 163. Defendants have appealed this Court's certification of the class and subsequent denial of sovereign immunity to the United States Court of Appeals for the Sixth Circuit. They seek to stay proceedings until those appeals are resolved. For the reasons set forth below, Plaintiff's Motion to Continue will be denied, Defendant's Joint Motion to Stay will be granted in part and denied in part, and this case will be stayed for the pendency of Defendants' immunity appeal.

**I.**

**A.**

Plaintiff was the owner of real property (the "Property") in Gratiot County, Michigan. As of 2017, the Property had "accrued a Tax Delinquency of approximately $3,091.23." ECF No. 17 at PageID.222. Plaintiff claims that in February 2017, Defendant Michelle Thomas "seized

ownership of the Property on behalf of Gratiot County as its duly elected treasurer." *Id.* Plaintiff represents that on the date of seizure, the Property had a State Equalized Value of $25,200.00. *Id.* Plaintiff reasons that "[b]ecause the fair market value of a property is at least twice the amount of its State Equalized Value, this means that the government would have known or should have known that said property had a fair market value of at least $50,400.00." *Id.* Accordingly, Plaintiff claims that he had $47,308.77 in equity in the Property (the difference between the fair market value of $50,400.00 and the tax delinquency of $3,091.23). *Id.* Plaintiff contends that by retaining the funds, Defendants Thomas and Gratiot County "took or destroyed" his equity in the Property. *Id.* at PageID.223.

On June 25, 2019, Plaintiff filed a complaint on behalf of himself and all others similarly situated against numerous Michigan counties and county treasurers in their individual and official capacities. ECF No. 1. Plaintiff argues that Defendants are unlawfully retaining the equity in foreclosed property sold pursuant to Michigan's General Property Tax Act (the "GPTA"), M.C.L. § 211.78m. The GPTA provides,

> (8) A foreclosing governmental unit shall deposit the proceeds from the sale of property under this section into a restricted account designated as the "delinquent tax property sales proceeds for the year _____". The foreclosing governmental unit shall direct the investment of the account. The foreclosing governmental unit shall credit to the account interest and earnings from account investments. Proceeds in that account shall only be used by the foreclosing governmental unit for the following purposes in the following order of priority:
>
>> (a) The delinquent tax revolving fund shall be reimbursed for all taxes, interest, and fees on all of the property, whether or not all of the property was sold.
>
> [. . .]
>
>> (f) All or a portion of any remaining balance, less any contingent costs of title or other legal claims described in subdivisions (a) through (f), may subsequently be transferred into the general fund of the county by the board of commissioners.

M.C.L. § 211.78m(8); *see also* ECF No. 17 at PageID.225. The Complaint sought damages from Defendants for a taking without just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution (Counts I and II), inverse condemnation (Count III), violation of article X, section 2 of the Michigan Constitution (Count IV), and an excessive fine in violation of the Eighth Amendment of the United States Constitution (Count V). ECF No. 1 at PageID.11–19.

B.

On August 14, 2019, twenty-five Defendants filed a joint motion to dismiss the complaint. ECF No. 11. On September 4, 2019, Plaintiff filed an amended complaint naming additional counties and treasurers as Defendants. ECF No. 17. The Amended Complaint also added three additional counts: procedural due process (Count VI), substantive due process (Count VII), and unjust enrichment (Count VIII). ECF No. 17.

Following the Amended Complaint, the County Defendants now include Counties Alcona, Alpena, Arenac, Bay, Clare, Crawford, Genesee, Gladwin, Gratiot, Huron, Isabella, Jackson, Lapeer, Lenawee, Macomb, Midland, Montmorency, Ogemaw, Oscoda, Otsego, Presque Isle, Roscommon, Saginaw, Sanilac, St. Clair, Tuscola, and Washtenaw. The Individual Defendants include Cheryl Franks, Kimberly Ludlow, Dennis Stawowy, Richard F. Brzezinkski, Jenny Beemer-Fritzinger, Kate M. Wagner, Joseph V. Wakeley, Deborah Cherry, Christy Van Tiem, Michelle Thomas, Debra McCollum, Steven W. Pickens, Karen Coffman, Dana M. Miller, Marilyn J. Woods, Lawrence Rocca, Cathy Lunsford, Jean M. Klein, Dwight McIntyre, William Kendall, Diann Axford, Bridget Lalonde, Rebecca Ragan, Timothy M. Novak, Trudy Nicol, Kelly Roberts-Burnett, Patricia Donovan-Gray, Catherine McClary, and Shawna S. Walraven.

On September 25, 2020, Defendants Dwight McIntyre and the County of Ogemaw moved to dismiss the Amended Complaint. ECF No. 22. Forty-three more Defendants filed a joint motion to dismiss the following day. ECF No. 23. On November 19, 2019, Defendants Lawrence Rocca and Macomb County also moved to dismiss the Amended Complaint. ECF No. 66. Each of the motions were fully briefed by the parties. ECF Nos. 27–31, 71, 78. Defendants argued that the Tax Injunction Act and principles of comity precluded subject matter jurisdiction. *See, e.g.*, ECF No. 23 at PageID.438–42. On January 10, 2020, the August 14 motion to dismiss was denied as moot and the case was stayed pending a decision in *Freed v. Thomas*, No. 18-2312 (6th Cir.), a case which presented nearly identical facts, substantive arguments, and jurisdictional questions. ECF No. 85.

## C.

On July 17, 2020, the Michigan Supreme Court decided *Rafaeli, LLC v. Oakland Cty.*, 952 N.W.2d 434 (Mich. 2020). *Rafaeli* was an inverse condemnation action brought by Michigan taxpayers alleging that it was unconstitutional for counties to retain surplus proceeds from tax sales as prescribed by the GPTA. *Id.* at 440–41. The Michigan Supreme Court agreed, holding that the retention of surplus proceeds under the GPTA constituted a taking without just compensation in violation of Michigan's Taking Clause. *Id.* at 463.

On September 14, 2020, Plaintiff filed motions to lift the stay, certify the class, and appoint class counsel and class representative, and for expedited consideration. ECF Nos. 92, 93, 94. On September 30, 2020, the Sixth Circuit decided *Freed v. Thomas*, 976 F.3d 729 (6th Cir. 2020), holding that neither the Tax Injunction Act nor principles of comity preclude an action against Michigan counties for surplus proceeds retained under the GPTA. *Id.* at 736–38. On October 14, 2020, the Crawford and Presque Isle County Defendants filed a motion to dismiss. ECF No. 122.

The Alcona County Defendants also filed a motion to dismiss later the same day. ECF No. 123. On October 16, 2020, the stay was lifted, the class was certified, and class counsel was appointed. ECF No. 124. The certified class is as follows:

> All persons and entities that owned real property in the following counties, whose real property, during the relevant time period, was seized through a real property tax foreclosure, which was worth and/or which was sold at tax auction for more than the total tax delinquency and were not refunded the value of the property in excess of the delinquent taxes owed: Alcona, Alpena, Arenac, Bay, Clare, Crawford, Genesee, Gladwin, Gratiot, Huron, Isabella, Jackson, Lapeer, Lenawee, Macomb, Midland, Montmorency, Ogemaw, Oscoda, Otsego, Presque Isle, Roscommon, Saginaw, Sanilac, St Clair, Tuscola, and Washtenaw.

*Id.* at PageID.2291. Shortly after the class was certified, all Defendants, except the Gratiot County Defendants, appealed this Court's certification order to the Sixth Circuit under Rule 23(f). They claim that Plaintiff lacks standing against them. Their appeal remains pending. *See In re: Alcona County, MI et al.*, No. 20-111 (6th Cir.).

**D.**

On January 13, 2021, Defendants' Motions to Dismiss were granted in part and denied in part. ECF No. 148. The Individual Defendants were dismissed on account of qualified immunity, and Counts II, IV, V, and VII were dismissed for failure to state a claim. *Id.* at PageID.3320, 3334–35. Defendants' standing argument was again rejected, as was their assertion of sovereign immunity. *Id.* at PageID.3312–15, 3316–18. Accordingly, Counts I, III, VI, and VIII remain against the County Defendants.

On February 1, 2021, Defendants filed their Notice of Appeal from this Court's denial of sovereign immunity. ECF No. 153. That same day, Plaintiff filed his Motion to Continue Proceeding During Pendency of Appeal. ECF No. 155. Defendants responded with their Joint Motion to Stay Pending Appeals. ECF No. 163. The Motions have been fully briefed.

## II.

In deciding whether to stay proceedings during the pendency of an appeal, courts "consider the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction." *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). These factors are: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Id.* "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Id.*

## III.

In their Joint Motion, Defendants seek a stay for the pendency of both (1) the sovereign immunity appeal and (2) the certification appeal. The sovereign immunity appeal was taken by right pursuant to 28 U.S.C. § 1291. *See* ECF No. 153; *Lowe v. Hamilton Cty. Dep't of Job & Family Servs.*, 610 F.3d 321, 323 (6th Cir. 2010) ("[T]he denial of a claim of sovereign immunity is immediately appealable under the collateral order doctrine as a final decision."). The certification appeal was taken under Rule 23(f) and primarily concerns whether Plaintiff has standing against the non-Gratiot County Defendants.

Defendants acknowledge that "because of the issue of standing goes to whether there is subject-matter jurisdiction, the Sixth Circuit will necessarily have to address standing in the appeal by right." ECF No. 163 at PageID.3641 n.1. Accordingly, because Defendants will be granted a stay for the pendency of the sovereign immunity appeal, their request for a stay for the certification appeal will not be considered and will be denied as moot.

**A.**

The first factor in considering whether to grant a stay is the appellant's likelihood of success on the merits. *Griepentrog*, 945 F.2d at 153. Plaintiff argues that Defendants are "vanishingly unlikely to prevail on appeal." ECF No. 155 at PageID.3373. However, as discussed below in Section III.B., *infra*, Defendants would suffer the irreparable loss of immunity absent a stay. Therefore, because the "[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury," Defendants need only show the presence of "serious questions going to the merits." *Griepentrog*, 945 F.2d at 153.

Here, "serious questions" surround Defendants' assertion of sovereign immunity. The Sixth Circuit has never decided whether a county can be held liable for injuries arising from its participation in a state law scheme that expressly contemplates the injuries caused.[1] While this Court held that existing Sixth Circuit precedent would not foreclose suit against the County Defendants because they were not compelled to act as foreclosing governmental unit, there remains at least a colorable argument that the "arm of the state" doctrine should apply.

In his response brief, Plaintiff derides Defendants' interpretation of Eleventh Amendment as "striking[ly] weak[]" and suggests that their appeal was taken in bad faith. *See* ECF No. 164 at PageID.3666, 3676. The case law surrounding Defendants' claim to sovereign immunity was discussed at length previously and need not be revisited here. *See* ECF No. 148 at PageID.3316–18. While Plaintiff holds, in this Court's view, the more persuasive position, this is not a case where the appellant has "simply no likelihood of success on the merits." *See Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000) ("Although no one factor is controlling, a

---

[1] As Judge Kethledge previously remarked, "the [GPTA] appears actually to require the County to short the taxpayer the difference between the value of the property forfeited and the amount of taxes and penalties owed." *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 824 (6th Cir. 2017) (Kethledge, J., dissenting) (emphasis original).

finding that there is simply no likelihood of success on the merits is usually fatal."). Additionally, there is no indication that Defendants are pursuing a frivolous defense.

Based on the foregoing, Defendants have demonstrated the existence of "serous questions going to the merits." *Griepentrog*, 945 F.2d at 153. The first factor weighs in favor of granting Defendants' Joint Motion to Stay.

**B.**

The second factor is the irreparability of the harm that would be suffered absent a stay. In his opening brief, Plaintiff argues that Defendants' harm would not be irreparable because "this case is about money damages." ECF No. 155 at PageID.3373. However, the principal harm that Defendants would suffer absent a stay is the loss of immunity.

The Eleventh Amendment confers more than just protection from liability. "[T]he very object and purpose of the 11th Amendment were to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (quoting *In re Ayers*, 123 U.S. 443, 505 (1887)). Accordingly, "[t]he entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Id.* at 144 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (emphasis original); *see also Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (holding that "the Eleventh Amendment is a true jurisdictional bar" that can be raised "*sua sponte* at any stage in litigation" and "must be decided before the merits").

In the similar context of qualified immunity, courts routinely stay proceedings for the pendency of appeal to preserve immunity. *See, e.g.*, *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) ("While the issue [of qualified immunity] is before the trial court or the case is on appeal,

the trial court should stay discovery."); *Bays v. Montmorency, Cty. of*, No. 15-10534, 2017 WL 510696, at *1 (E.D. Mich. Feb. 8, 2017) ("[T]rial courts are obliged to stay proceedings when Defendants properly appeal the trial court's denial of qualified immunity."); *Rondigo LLC v. Twp. of Richmond, Michigan*, No. CV 08-10432, 2009 WL 10681186, at *3 (E.D. Mich. Dec. 9, 2009) (granting defendants' motion for stay and noting that "[qualified immunity] is an immunity from suit and not a mere defense to liability").

While Plaintiff insists that the "jurisprudence of qualified immunity is irrelevant," ECF No. 164 at PageID.3681, the protections conferred by qualified immunity and sovereign immunity are substantially similar and provide the same right of appeal. *See Puerto Rico Aqueduct & Sewer Auth.*, 506 U.S. at 144 (holding "that the same rationale" justifying immediate appeal of qualified immunity "ought to apply to claims of Eleventh Amendment immunity"). As such, there is no good reason for treating an Eleventh Amendment appeal as inferior to one premised on qualified immunity. The courts to have considered this issue have reached the same conclusion. *See Goshtasby v. Bd. of Trustees of Univ. of Illinois*, 123 F.3d 427, 428–29 (7th Cir. 1997) (holding that district court proceedings must be stayed during pendency of Eleventh Amendment appeal); *accord Summit Med. Assocs. v. James*, 998 F. Supp. 1339, 1342–43 (M.D. Ala. 1998).

Accordingly, Defendants would suffer an irreparable injury absent a stay during the pendency of appeal. This second factor weighs heavily in favor of granting Defendants' Joint Motion to Stay.

## C.

The last two factors are less decisive than the first two and do little to alter the balance in either direction.

With respect to whether others would be harmed by the stay, Plaintiff argues that a stay would harm the class by, *inter alia*, "allow[ing] the emergence of interloping plaintiff's counsel" and delaying class recovery. ECF No. 164 at PageID.3682. Defendants, however, correctly note that a delay in recovery is often considered insufficient to justify denying a stay. *See Longitude Licensing Ltd. v. Apple Inc.*, No. 14-CV-04275-EDL, 2015 WL 12778777, at *6 (N.D. Cal. Oct. 29, 2015) ("[I]t is well settled that delay alone does not support the denial of a stay.") (collecting cases). The risk of predatory counsel seems largely speculative at this juncture and does not overcome Defendants' weighty interest in preserving their immunity.

Plaintiff also makes the rather puzzling claim that "under any conceivable appellate outcome, this case will continue in some form." ECF No. 164 at PageID.3682. If the Sixth Circuit reverses the denial of sovereign immunity, which is at least "conceivable," then this Court would lack jurisdiction over Plaintiff's remaining claims. *Russell*, 784 F.3d at 1046 ("The sovereign immunity guaranteed by [the Eleventh] Amendment deprives federal courts of subject-matter jurisdiction when a citizen sues his own State unless the State waives its immunity or Congress abrogates that sovereign immunity.").

With regard to the public's interest, Plaintiff argues that "the public has a strong interest in the protection of its constitutional rights from government violation." ECF No. 155 at PageID.3374. True as that may be, the public would also seem to have an interest in conserving judicial resources, minimizing litigation expenses, and arriving at the proper resolution of the case. At the very least, Plaintiff has not shown that the public's interest in continuing proceedings outweighs the irreparable injury that Defendants would suffer absent a stay.

Based on the foregoing, Plaintiff's Motion to Continue will be denied, and Defendants' Joint Motion to Stay will be granted with respect to the immunity appeal.

**D.**

Plaintiff alternatively requests that if a stay is granted, that it be circumscribed to permit "the class notice process and a motion for partial summary judgment to proceed." ECF No. 164 at PageID.3684. Plaintiff explains that the class notice process can be "time-consuming" and requires, among other things, "secur[ing] the necessary information from Defendants and their agents." *Id.* He also claims that the issue of liability for the state law claims is "ripe for resolution." *Id.* at PageID.3685.

Plaintiff's request must be denied. The immunity that Defendants seek to vindicate—and that the stay is intended to protect—is an immunity from suit, not just liability. *Puerto Rico Aqueduct & Sewer Auth.*, 506 U.S. at 144. Allowing Plaintiff to collect information from Defendants and continue litigating his state law claims would vitiate that immunity. Accordingly, the stay in this case cannot include any such exceptions.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's Motion to Continue Proceeding During Pendency of Appeal, ECF No. 155, is **DENIED**.

It is further **ORDERED** that Defendants' Joint Motion to Staying Pending Appeals, ECF No. 163, is **GRANTED IN PART** and **DENIED IN PART**.

It is further **ORDERED** that this case is **STAYED** for the pendency of Defendants' appeal from this Court's order denying sovereign immunity, ECF No. 148.

It is further **ORDERED** that Defendants' request for a stay for the pendency of their appeal from this Court's certification order is **DENIED AS MOOT**.

Dated: March 9, 2021                                   s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge