UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS A. FOX, on behalf of himself and
all others similarly situated,

                    Plaintiff,
v.

COUNTY OF SAGINAW, by its BOARD OF
COMMISSIONERS, *et al.*,

                    Defendants,
_____/

Case No. 1:19-cv-11887
Honorable Thomas L. Ludington
Magistrate Judge Patricia T. Morris

**ORDER GRANTING PLAINTIFF'S EMERGENCY MOTIONS, DIRECTING NON-PARTY ASSET RECOVERY, INC. TO SHOW CAUSE WHY AN ORDER SHOULD NOT BE ENTERED UNDER RULE 23, AND DIRECTING PLAINTIFF TO SERVE COUNSEL FOR NON-PARTY ASSET RECOVERY, INC. WITH NOTICE**

This matter is before the Court pursuant to Plaintiff's Emergency Motions to Lift the Stay, to Enter a Show Cause Order, and for Expedited Consideration. ECF Nos. 167, 168, 169. In June 2019, Plaintiff Thomas A. Fox brought this action on behalf of himself and a class of Michigan property owners (the "Class"), alleging that Saginaw County, its treasurer, and various other Michigan counties and county officials had unlawfully retained the surplus proceeds of tax foreclosure sales. The Class was certified on October 16, 2020. ECF No. 124. The case is currently stayed pending the disposition of Defendants' appeal before the United States Court of Appeals for the Sixth Circuit. *See Fox v. Saginaw County, MI, et al.*, No. 21-1108 (6th Cir. 2021).

In the pending Motions, Plaintiff claims that a non-party entity, Asset Recovery, Inc. ("Asset Recovery"), is improperly soliciting members of the Class. For the reasons set forth below, Plaintiff's Emergency Motions will be granted, Asset Recovery will be directed to show cause why a Rule 23 order should not be entered, and Plaintiff will be directed to serve a copy of this Order on Asset Recovery's counsel, Lawrence Opalewski.

# I.

## A.

On June 25, 2019, Plaintiff filed a complaint on behalf of himself and all others similarly situated against numerous Michigan counties and county treasurers. ECF No. 1. Plaintiff argues that Defendants are seizing property and maintaining the equity pursuant to Michigan's General Property Tax Act (the "GPTA"), Mich. Comp. Laws § 211.1 *et seq.*

Before recent amendments, the GPTA allowed the statutorily defined "foreclosing governmental unit" to retain the surplus proceeds of a tax foreclosure sale without any procedure for compensating the owner. *See* M.C.L. § 211.78(m) (2015) (amended 2021). The amendments, which became effective on December 22, 2020, now allow a former property owner to file a claim for "any applicable remaining proceeds from the transfer or sale of foreclosed property," subject to certain statutory conditions. *See* M.C.L. § 211.78t. However, former owners whose property was transferred or sold "before July 18, 2020" may only file a claim if the Michigan Supreme Court orders that its decision in *Rafaeli, LLC v. Oakland Cty.*, 952 N.W.2d 434 (Mich. 2020), applies retroactively.[1] M.C.L. § 211.78t(1)(b). The Michigan Supreme Court has yet to do so.

Plaintiff's original complaint alleged several counts, including taking without just compensation in violation of the Fifth and Fourteenth Amendments (Counts I, II), inverse condemnation under Michigan law (Count III), violation of Article X, Section 2 of the Michigan Constitution (Count IV), and excessive fine in violation of the Eighth Amendment (Count V). ECF No. 1 at PageID.11–19.

---

[1] In *Rafaeli*, the Michigan Supreme Court held that the retention of surplus proceeds under the GPTA constituted a taking without just compensation in violation of Michigan's Taking Clause. *Rafaeli*, 952 N.W.2d at 463.

On September 4, 2019, Plaintiff filed an amended complaint naming additional counties and treasurers as Defendants and adding three counts: procedural due process (Count VI), substantive due process (Count VII), and unjust enrichment (Count VIII). ECF No. 17. After the Amended Complaint, the roster of Defendants includes Counties Alcona, Alpena, Arenac, Bay, Clare, Crawford, Genesee, Gladwin, Gratiot, Huron, Isabella, Jackson, Lapeer, Lenawee, Macomb, Midland, Montmorency, Ogemaw, Oscoda, Otsego, Presque Isle, Roscommon, Saginaw, Sanilac, St. Clair, Tuscola, and Washtenaw, and county treasurers Cheryl Franks, Kimberly Ludlow, Dennis Stawowy, Richard F. Brzezinski, Jenny Beemer-Fritzinger, Kate M. Wagner, Joseph V. Wakeley, Deborah Cherry, Christy Van Tiem, Michelle Thomas, Debra McCollum, Steven W. Pickens, Karen Coffman, Dana M. Miller, Marilyn J. Woods, Lawrence Rocca, Cathy Lunsford, Jean M. Klein, Dwight McIntyre, William Kendall, Diann Axford, Bridget Lalonde, Rebecca Ragan, Timothy M. Novak, Trudy Nicol, Kelly Roberts-Burnett, Patricia Donovan-Gray, Catherine McClary, and Shawn S. Walraven. ECF No. 17.

On January 10, 2020, this case was stayed pending the Sixth Circuit's decision in *Freed v. Thomas*, Case No. 18-2312 (6th Cir.), which presented nearly identical facts, substantive arguments, and jurisdictional questions. ECF No. 85. On October 16, 2020, shortly after the Sixth Circuit's decision in *Freed*, the stay was lifted, and the following class was certified:

> All persons and entities that owned real property in the following counties, whose real property, during the relevant time period, was seized through a real property tax foreclosure, which was worth and/or which was sold at tax auction for more than the total tax delinquency and were not refunded the value of the property in excess of the delinquent taxes owed: Alcona, Alpena, Arenac, Bay, Clare, Crawford, Genesee, Gladwin, Gratiot, Huron, Isabella, Jackson, Lapeer, Lenawee, Macomb, Midland, Montmorency, Ogemaw, Oscoda, Otsego, Presque Isle, Roscommon, Saginaw, Sanilac, St Clair, Tuscola, and Washtenaw.

ECF No. 124 at PageID.2291. Plaintiff Thomas A. Fox was appointed class representative, and Mr. E. Powell Miller of The Miller Law Firm PC and Mr. Phillip L. Ellison of Outside Legal Counsel PLC were appointed class counsel. *Id.* at PageID.2305.

On January 13, 2021, this Court decided several motions to dismiss filed by the *Fox* Defendants. ECF No. 148. Among the various defenses raised there was the assertion that the County Defendants were immune from suit because the GPTA specified how the "foreclosing governmental unit" was to handle the proceeds of a tax foreclosure sale. *Id.* at PageID.3316. Accordingly, the County Defendants argued that in retaining surplus proceeds under the GPTA, they were acting as an "arm of the State." *Id.*

This Court rejected the County Defendants' argument because regardless of how proceeds were handled under the GPTA, the County Defendants voluntarily elected to serve as the foreclosing governmental unit. *Id.* at PageID.3317. Nonetheless, the individual county treasurers were dismissed on the basis of qualified immunity, and several federal and state law claims against the County Defendants were dismissed for failure to state a claim. *Id.* at PageID.3334–35. The remaining claims, which allege a taking without just compensation, inverse condemnation, violation of due process, and unjust enrichment, were allowed to proceed against the County Defendants.

On February 1, 2021, the County Defendants filed a timely notice of appeal from this Court's denial of sovereign immunity. ECF No. 153. That appeal remains pending before the United States Court of Appeals for the Sixth Circuit. *See Fox v. Saginaw County, MI, et al.*, No. 21-1108 (6th Cir. 2021).

Shortly after the County Defendants' notice of appeal was filed, Plaintiff moved to continue the proceedings during the pendency of the appeal. ECF No. 155. The County Defendants

responded with a motion to stay the proceedings. ECF No. 163. Both Motions were fully briefed by the parties. *See* ECF Nos. 164, 165. Given the "serious questions" surrounding the sovereign immunity defense, the County Defendants' Motion to Stay was granted on March 9, 2021. ECF No. 166 at PageID.3998. The case remains stayed pending the disposition of the County Defendants' appeal.

**B.**

According to Plaintiff's Emergency Motions, filed July 9, 2021, a non-party business entity is targeting Class Members with improper solicitations that threaten to "unwind" the Class. ECF No. 168 at PageID.4027.

In October 2020, an attorney named Lawrence Opalewski from the firm Dalton & Tomich, PLC submitted a written claim for surplus proceeds to St. Clair County. ECF No. 168-3. The claim was submitted on behalf of a St. Clair resident and member of the Class. *Id.* According to Plaintiff, counsel for Defendant St. Clair County advised Mr. Opalewski that his client was a member of the Class and reported the exchange to Class Counsel, who apparently believed that the issue had been resolved. ECF No. 168 at PageID.4023–24.

Several months later, in April 2021, Mr. Opalewski sent a letter to Class Counsel stating that he had been retained by a pair of Class Members who wanted to opt out of the Class and pursue relief in state court. ECF No. 168-4. In a personal declaration submitted with the Emergency Motions, Mr. Miller states that he called Mr. Opalewski and told him that "soliciting members of a certified class is harmful to tax equity takings victims, is impermissible, and is a violation of Rule 23." ECF No. 168-5 at PageID.4050. Mr. Miller claims that he ended the call with the "firm and definite conviction that solicitation of the Class Members would cease." *Id.*

Nonetheless, in the weeks following the call, Mr. Miller learned of several pending petitions for surplus proceeds brought in state courts by Mr. Opalewski. *Id.* at PageID.4051; ECF No. 168 at PageID.4024–25 (listing purported opt outs). On June 18, 2021, Mr. Miller made another call to Mr. Opalewski, who allegedly admitted that Class Members were being solicited by a non-attorney business entity, Asset Recovery.[2] ECF No. 168-5 at PageID.4051. Mr. Opalewski explained that Asset Recovery would solicit Class Members, contract with them for a contingency fee of up to 30%, and then hire Mr. Opalewski and his firm to file petitions in state court under the new statutory claim process. *Id.*

Shortly after his conversation with Mr. Miller, Mr. Opalewski allegedly "communicated an agreement to stay further solicitation." *Id.* at PageID.4052. But on July 6, 2021, Mr. Opalewski told Mr. Miller that he was "withdrawing from representing Asset Recovery" and that Asset Recovery was not committed to ceasing its solicitation campaign. *Id.* He also claimed that Asset Recovery was looking for new counsel. *Id.*

Plaintiff argues that Asset Recovery's solicitation campaign is prejudicial because, compared to the class litigation, the statutory claim process offers less compensation to a smaller group of potential claimants. ECF No. 168. at PageID.4020–21, 4036. Plaintiff also correctly notes that the Michigan Supreme Court has yet to make *Rafaeli* retroactive. *Id.* Plaintiff further suggests that Defendants might capitalize on Asset Recovery's campaign by using "bargain basement individual settlements" to "unwind" the Class. *Id.* at PageID.4027. Accordingly, Plaintiff seeks to

---

[2] The legal status of Asset Recovery remains unclear. Plaintiff represents that there is no extant Michigan entity named "Asset Recovery, Inc." nor any foreign corporation with that name that has obtained a Certificate of Authority to do business in Michigan. *See* ECF No. 168 at PageID.4026; ECF No. 168-8. The apparent website for Asset Recovery provides a Denver, Colorado mailing address. *See Asset Recovery Inc.*, https://assetrecoveryinc.com/ [https://perma.cc/F5PH-2KK2] (last visited July 15, 2021).

lift the stay for the limited purpose of entering an order that would direct Asset Recovery to show cause why an order should not be entered to:

> (1) enjoin[] it from soliciting Class Members for legal representation or any other purpose; (2) rescind or invalidate all contracts between it and any class member; and (3) [disqualify it] from any representation or providing any services in this District and the State of Michigan relating to the recovery of surplus proceeds and/or equity following tax foreclosure within this District and the State of Michigan.

ECF No. 168 at PageID.4010.

## II.

"Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981). Specifically, the district court has "the authority to control communications with the class before and after class certification" and "the duty to restrict communications that threaten to interfere with the proper administration of a class action and to restrict conduct that abuses the right of the members of the class." *Bobbitt v. Acad. of Court Reporting*, No. CIV A 07-10742, 2008 WL 4298458, at *2 (E.D. Mich. Sept. 18, 2008); *see also* Manual for Complex Litigation, Fourth, § 21.33 ("The [court] has ultimate control over communications among the parties, third parties, or their agents and class members on the subject matter of the litigation to ensure the integrity of the proceedings and the protection of the class."). Naturally, this authority includes the ability to regulate communications between non-parties and the certified class. *See McWilliams v. Advanced Recovery Sys., Inc.*, 176 F. Supp. 3d 635, 642 (S.D. Miss. 2016) (holding that Rule 23 provides jurisdiction over non-party counsel solicitations).

In *McWilliams*, certain non-party attorneys sent solicitations to the named plaintiff and other members of a Fair Debt Collection Practices Act class action after the class had been certified under Rule 23. *McWilliams*, 176 F. Supp. 3d at 638. The solicitations stated,

> Our investigation has revealed that the [defendant] may have violated several portions of the Fair Debt Collection Practices Act (FDCPA) in their attempt to collect on these accounts. In fact, a class action has been certified in the United States District Court of Mississippi for all people sued between February 4, 2014 and February 4, 2015.

*Id.* The solicitations proposed a contingency fee arrangement for representation. *Id.* The plaintiff and defendants in the case moved for a protective order enjoining the non-party counsel from soliciting or communicating with class members. *Id.* at 639. A subsequent hearing revealed that, as a result of the solicitations, the non-party counsel had been retained by approximately 50 class members. *Id.* Consequently, the plaintiff and defendants filed supplemental briefing to invalidate the retainer agreements. *Id.* The non-party counsel filed a response brief. *Id.*

The court held that the non-party counsel violated Mississippi ethics rules and Rule 23 by communicating with class members that were already represented. *Id.* at 640–41. The court also found that the solicitations were misleading because, *inter alia*, they "fail[ed]to disclose that the Court ha[d] appointed Class Counsel to represent Class members." *Id.* at 641 (quoting *Jack Faucett Associates, Inc. v. Am. Tel. & Tel. Co.*, No. 81–0436, 1985 WL 25746, at *2 (D.D.C. Oct. 18, 1985)). The court also found that the solicitations were "contrary to the text and purpose of Rule 23," explaining that "[s]olicitations encouraging members of a certified class to opt-out and bring separate lawsuits risk defeating the efficiency inherent in the class action form." *Id.* The non-party counsel raised a number of defenses, including jurisdiction, the adequacy of class counsel, and the First Amendment. *Id.* at 642–44. The court rejected each defense and entered an order enjoining future solicitation, requiring an accounting of solicitations sent, and allowing for a curative notice.

*Id.* at 644–45. The court also signaled that it was "inclined to invalidate" the post-certification retainer agreements but ordered the parties and non-party counsel to confer on the issue. *Id.* at 645.

Here, the personal declaration of Mr. Miller and other evidence provided with the Emergency Motions indicate that Asset Recovery is or has been soliciting Class Members to opt out of the Class and pursue individual relief in state court. Such activity interferes with the proper administration of the Class and would seem contrary to the "text and purpose of Rule 23." *See Bobbitt*, 2008 WL 4298458, at *2; *McWilliams*, 176 F. Supp. 3d at 641. Additionally, such activity may be unlawful in Michigan, given that Asset Recovery appears to be a non-attorney corporation. *See* M.C.L. § 450.681 ("It shall be unlawful for any corporation or voluntary association to practice or appear as an attorney-at-law for any person other than itself in any court in this state or before any judicial body, . . . or to furnish attorneys or counsel or to render legal services of any kind in actions or proceedings of any nature or in any other way or manner . . . .").

Therefore, Plaintiff's Emergency Motions will be granted, the stay will be lifted for the limited purpose of conducting show cause proceedings, and Asset Recovery will be directed to show cause in the manner outlined in Section III., *infra*.

**C.**

Plaintiff has not expressly identified the best means of serving Asset Recovery with notice of this Order. As mentioned above, Class Counsel represented that Mr. Opalewski was in the process of withdrawing as counsel for Asset Recovery. ECF No. 168-5 at PageID.4052. Nonetheless, Plaintiff's certificate of service indicates that the Emergency Motions were served on Mr. Opalewski. *See, e.g.*, ECF No. 168 at PageID.4039. Accordingly, given the absence of a more appropriate means of serving Asset Recovery with notice of this Order, Plaintiff will be directed to serve a copy of this Order on Mr. Opalewski by first class mail. If Mr. Opalewski is

unwilling to accept service of this Order on behalf of Asset Recovery, Plaintiff should file supplemental briefing identifying an alternative means of serving Asset Recovery.

**III.**

Accordingly, it is **ORDERED** that Plaintiff's Emergency Motions to Lift the Stay, to Enter a Show Cause Order, and for Expedited Consideration, ECF Nos. 167, 168, 169, are **GRANTED**.

It is further **ORDERED** that the stay is **LIFTED** only for the limited purpose of conducting show cause proceedings regarding non-party Asset Recovery, Inc.'s apparent attempts to solicit Class Members.

It is further **ORDERED** that Plaintiff is **DIRECTED** to serve Lawrence Opalewski, counsel for Asset Recovery, Inc., with a copy of this Order by first class mail and to file a certificate of service on the docket.

It is further **ORDERED** that non-party Asset Recovery, Inc. is **DIRECTED** to appear and show cause, in writing, **on or before August 6, 2021, or 21 days after being served with a copy of this Order, whichever is later**, why an order should not be entered: (1) enjoining Asset Recovery from soliciting Class Members for legal representation or any other purpose; (2) rescinding or invalidating all contracts between Asset Recovery and any Class Member; and (3) disqualifying Asset Recovery from any representation or providing any services in this District and the State of Michigan relating to the recovery of surplus proceeds and/or equity following tax foreclosure within this District and the State of Michigan.

Dated: July 15, 2021

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge