UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS A. FOX, on behalf of himself and
all others similarly situated,

                Plaintiff,                      Case No. 1:19-cv-11887

v.                                          Honorable Thomas L. Ludington
                                               Magistrate Judge Patricia T. Morris
COUNTY OF SAGINAW, by its BOARD OF
COMMISSIONERS, *et al.*,

                Defendants,
_____/

**ORDER DENYING PLAINTIFF'S EMERGENCY MOTIONS [ECF Nos. 175, 176, 177]**

       This matter is before the Court pursuant to Plaintiff's Emergency Motions to Lift the Stay, to Enter a Show Cause Order, and for Expedited Consideration. ECF Nos. 175, 176, 177. In June 2019, Plaintiff Thomas A. Fox brought this action on behalf of himself and a class of Michigan property owners (the "Class"), alleging that Saginaw County, its treasurer, and various other Michigan counties and county officials had unlawfully retained the surplus proceeds of tax foreclosure sales. The Class was certified on October 16, 2020, and Messrs. E. Powell Miller and Phillip Ellison ("Class Counsel") were appointed to represent the class. ECF No. 124. The case is currently stayed pending the disposition of Defendants' appeal before the United States Court of Appeals for the Sixth Circuit. *See Fox v. Saginaw County, MI, et al.*, No. 21-1108 (6th Cir. 2021).

       In the pending motions, Plaintiff claims that counsel for Defendants are secretly negotiating a settlement for the Class outside the purview of this Court and in violation of Rule 23. Judge Paul L. Maloney recently denied a similar set of emergency motions filed by Class Counsel in the parallel case *Grainger, Jr. v. Cty. of Ottawa*, No. 1:19-cv-501-PLM (W.D. Mich. 2021). For similar reasons, Plaintiff's Emergency Motions will be denied here.

I.

A.

On June 25, 2019, Plaintiff Thomas A. Fox filed a complaint on behalf of himself and all others similarly situated against numerous Michigan counties and county treasurers. ECF No. 1. He claims that Defendants have seized and disposed of property and retained the surplus equity pursuant to Michigan's General Property Tax Act (the "GPTA"), Mich. Comp. Laws § 211.1 *et seq*. Before recent amendments,[1] the GPTA allowed the statutorily defined "foreclosing governmental unit" to retain the surplus proceeds of a tax foreclosure sale without any procedure for compensating the owner. *See* M.C.L. § 211.78(m) (2015) (amended 2021).

Plaintiff's original complaint alleged several counts, including taking without just compensation in violation of the Fifth and Fourteenth Amendments (Counts I, II), inverse condemnation under Michigan law (Count III), violation of Article X, Section 2 of the Michigan Constitution (Count IV), and excessive fine in violation of the Eighth Amendment (Count V). ECF No. 1 at PageID.11–19.

On September 4, 2019, Plaintiff filed an amended complaint naming additional counties and treasurers as Defendants and adding three counts: procedural due process (Count VI), substantive due process (Count VII), and unjust enrichment (Count VIII). ECF No. 17. After the Amended Complaint, the roster of Defendants includes Counties Alcona, Alpena, Arenac, Bay, Clare, Crawford, Genesee, Gladwin, Gratiot, Huron, Isabella, Jackson, Lapeer, Lenawee, Macomb, Midland, Montmorency, Ogemaw, Oscoda, Otsego, Presque Isle, Roscommon,

---

[1] The amendments, which became effective on December 22, 2020, now allow a former property owner to file a claim for "any applicable remaining proceeds from the transfer or sale of foreclosed property," subject to certain statutory conditions. *See* M.C.L. § 211.78t. However, former owners whose property was transferred or sold "before July 18, 2020" may only file a claim if the Michigan Supreme Court orders that its decision in *Rafaeli, LLC v. Oakland Cty.*, 952 N.W.2d 434 (Mich. 2020), applies retroactively. M.C.L. § 211.78t(1)(b). The Michigan Supreme Court has yet to do so.

Saginaw, Sanilac, St. Clair, Tuscola, and Washtenaw, and county treasurers Cheryl Franks, Kimberly Ludlow, Dennis Stawowy, Richard F. Brzezinski, Jenny Beemer-Fritzinger, Kate M. Wagner, Joseph V. Wakeley, Deborah Cherry, Christy Van Tiem, Michelle Thomas, Debra McCollum, Steven W. Pickens, Karen Coffman, Dana M. Miller, Marilyn J. Woods, Lawrence Rocca, Cathy Lunsford, Jean M. Klein, Dwight McIntyre, William Kendall, Diann Axford, Bridget Lalonde, Rebecca Ragan, Timothy M. Novak, Trudy Nicol, Kelly Roberts-Burnett, Patricia Donovan-Gray, Catherine McClary, and Shawn S. Walraven. *Id*.

On January 10, 2020, this case was stayed pending the Sixth Circuit's decision in *Freed v. Thomas*, No. 18-2312 (6th Cir. 2020), which presented nearly identical facts, substantive arguments, and jurisdictional questions. ECF No. 85. On October 16, 2020, shortly after the Sixth Circuit's decision in *Freed*, the stay was lifted and the following class was certified:

> All persons and entities that owned real property in the following counties, whose real property, during the relevant time period, was seized through a real property tax foreclosure, which was worth and/or which was sold at tax auction for more than the total tax delinquency and were not refunded the value of the property in excess of the delinquent taxes owed: Alcona, Alpena, Arenac, Bay, Clare, Crawford, Genesee, Gladwin, Gratiot, Huron, Isabella, Jackson, Lapeer, Lenawee, Macomb, Midland, Montmorency, Ogemaw, Oscoda, Otsego, Presque Isle, Roscommon, Saginaw, Sanilac, St Clair, Tuscola, and Washtenaw.

ECF No. 124 at PageID.2291. Plaintiff Thomas A. Fox was appointed class representative, and Mr. E. Powell Miller of The Miller Law Firm PC and Mr. Phillip L. Ellison of Outside Legal Counsel PLC were appointed class counsel. *Id.* at PageID.2305.

On January 13, 2021, this Court decided several motions to dismiss filed by Defendants. ECF No. 148. Among the various defenses raised there was the assertion that the County Defendants were immune from suit because the GPTA specified how the "foreclosing governmental unit" was to handle the proceeds of a tax foreclosure sale. *Id.* at PageID.3316.

Accordingly, the county defendants argued that in retaining surplus proceeds under the GPTA, they were acting as an "arm of the State." *Id.*

This Court rejected the County Defendants' argument because regardless of how proceeds were handled under the GPTA, the County Defendants voluntarily elected to serve as the foreclosing governmental unit. *Id.* at PageID.3317. Nonetheless, the individual county treasurers were dismissed on the basis of qualified immunity, and several federal and state law claims against the county defendants were dismissed for failure to state a claim. *Id.* at PageID.3334–35. The remaining claims, which alleged a taking without just compensation, inverse condemnation, violation of due process, and unjust enrichment, were allowed to proceed against the County Defendants.

On February 1, 2021, the County Defendants filed a timely notice of appeal from this Court's denial of sovereign immunity. ECF No. 153. That appeal remains pending before the United States Court of Appeals for the Sixth Circuit. *See Fox v. Saginaw County, MI, et al.*, No. 21-1108 (6th Cir. 2021).

Shortly after the County Defendants' notice of appeal was filed, Plaintiff filed a preemptive motion to continue the proceedings during the appeal. ECF No. 155. The County Defendants responded with a motion to stay. ECF No. 163. Both motions were fully briefed by the parties. *See* ECF Nos. 164, 165. Given the "serious questions" surrounding the sovereign immunity defense, the County Defendants' motion to stay was granted on March 9, 2021. ECF No. 166 at PageID.3998. The case remains stayed pending the disposition of the County Defendants' appeal.

**B.**

While the Class was pursuing relief in this Court, similar cases were being litigated in the Western District of Michigan. Plaintiff's Emergency Motions involve at least two of these Western

District cases, both of which are before Judge Paul L. Maloney: *Wayside Church v. Van Buren Cty.*, No. 1:14-cv-1274-PLM (W.D. Mich. 2021) and *Grainger, Jr. v. Cty. of Ottawa*, No. 1:19-cv-501-PLM (W.D. Mich. 2021).

In *Wayside*, the plaintiffs initially sought to represent a statewide class of property owners against a so-called "defendant class" that included all Michigan counties that acted as foreclosing governmental units, including the County Defendants named in this case. *See* Complaint at 22–24, *Wayside*, No. 1:14-cv-1274-PLM (W.D. Mich. Dec. 11, 2014). But in his recent ruling on the *Wayside* defendants' motion to dismiss, Judge Maloney dismissed the Eastern District counties as defendants.[2] *Wayside*, 2021 WL 1051543, at *2 (W.D. Mich. Feb. 16, 2021).

In *Grainger*, a competing tax equity class action, the plaintiff opted to name most Western District counties as individual defendants rather than seek certification of a defendant class. Importantly, the plaintiff in *Grainger* is represented by the same counsel as the Class in this case.

Leadership over the putative Western District classes remains contested. Motions for class certification are pending in both *Wayside* and *Grainger*,[3] as both cases have been stayed pending the resolution of interlocutory appeals regarding sovereign immunity.

## II.

Plaintiff's Emergency Motions are based on the suspected wrongdoing of Mr. Theodore W. Seitz, an attorney who represents Van Buren County in *Wayside* and Defendant Washtenaw County in this case. Upon reviewing the Sixth Circuit docket in *Wayside*, Class Counsel apparently learned that Mr. Seitz was participating in a court-guided mediation with the *Wayside* plaintiffs.

---

[2] The *Wayside* plaintiffs themselves sought to dismiss the Eastern District counties as part of an amended complaint, but leave to file that complaint was denied. *See Wayside*, 2021 WL 1051543, at *2.

[3] Class certification in *Grainger* was initially denied due to a statute of limitations defect. *Grainger*, 2021 WL 790771, at *15 (W.D. Mich. Mar. 2, 2021). Since then, however, another putative plaintiff in *Grainger* has moved to intervene and to certify the class.

*See* ECF No. 176 at PageID.4192–93. Plaintiffs argue that this mediation poses an "immediate risk" to the Class "because it is possible that, despite the recent exclusion of the Eastern District counties from *Wayside*, Plaintiffs' counsel in *Wayside* might be trying to negotiate on behalf of the [Class]." *Id.* at PageID.4194. Among other concerns, Plaintiff fears that such negotiations would amount to a "reverse auction," which is said to occur where "the defendant in a series of class actions picks the most ineffectual class lawyers to negotiate a settlement with in the hope that the district court will approve a weak settlement that will preclude other claims against the defendant." *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 282 (7th Cir. 2002). Plaintiff further claims that, at the very least, a settlement in *Wayside* might produce an undesirable "yardstick" for the resolution of this case and others. ECF No. 182 at PageID.4861.

Accordingly, Plaintiff asks this Court "to issue a Show Cause order as to why counsel for *Wayside* engaged in a mediation while competing motions under Rule 23(g) remain outstanding in the Western District and without notifying Court-appointed class counsel here." ECF No. 176 at PageID.4200. He also suggests that this case and the tax equity cases in the Western District should be coordinated together. *Id.*

Plaintiffs' Emergency Motions will be denied because there is no apparent basis for emergency relief.

First, because plaintiff's counsel in *Wayside* do not represent the Class, and *Wayside* itself no longer involves any Eastern District counties, any settlement agreement reached in *Wayside* would not bind the Class. Judge Maloney reached the same conclusion when he denied a similar set of emergency motions recently filed by plaintiff's counsel in *Grainger*:

> Plaintiff has not established that the mediation in *Wayside* at the Sixth Circuit involves any claims that would fall under the scope of the *Fox* class . . . Plaintiff cautions that "the Wayside case has a history of purporting to include the Fox Defendants within its defendant class." But, as Plaintiff explains, those efforts have

>been rejected. "Van Buren [County] declined to serve as a class representative, . . . and no other county expressed a willingness to accept Van Buren [County's] service in this role on its behalf." And, this Court dismissed from the amended complaint all counties in Michigan that were not in the Western District. Because the counties in the Eastern District of Michigan are not part of the *Wayside* lawsuit, any settlement in Wayside could not bind those counties.

*Grainger*, slip op. at 3 (W.D. Mich. Jul. 29, 2021) (internal citations omitted). Second, there is no evidence that the *Wayside* negotiations have even purported to resolve claims belonging to the Class. In their response brief, Defendants represent that the "settlement negotiations in the Western District have not involved any counties named as Defendants in this case, nor . . . any class members who live in those counties." ECF No. 178 at PageID.4720. While these representations have apparently failed to persuade Class Counsel,[4] it remains uncontested that the settlement negotiations in *Wayside* have not involved any of the County Defendants or residents thereof.

Third, the fact that a settlement in *Wayside* might set an unfavorable benchmark for this case does not mean that this Court can or should impede the *Wayside* negotiations—negotiations which, it should be emphasized, are being conducted by nonparties to this case in another judicial district. Furthermore, as Judge Maloney noted, the risk that a settlement in one case will affect another case "is true anytime two lawsuits bring similar claims" and "does not constitute an emergency." *Grainger*, slip op. at 3–4.

Plaintiff's Emergency Motions will be denied.

---

[4] Plaintiff dedicates much of his reply brief to identifying "red flags" of a reverse auction, including allegations that the *Wayside* parties never informed the Sixth Circuit mediator of the parallel class actions. *See* ECF No. 182 at PageID.4860–61. Perhaps, as Plaintiff suggests, defense counsel would rather negotiate with plaintiff's counsel in *Wayside* than with Class Counsel because of some real or perceived tactical advantage. But whatever the inclinations of defense counsel, there is no reason to believe that Mr. Seitz or another member of the defense team is improperly negotiating a settlement of claims in *this case*. Whether any settlement in *Wayside* is adequate for purposes of Rule 23 is a question that should presumably be raised in the Western District of Michigan.

- 7 -

**III.**

At the end of their response brief, Defendants accuse Class Counsel of acting in bad faith. Defendants claim that they were never asked to clarify their involvement in the Sixth Circuit mediation, and that if Class Counsel had simply contacted defense counsel, the Emergency Motions could have been avoided. *See* ECF No. 178 at PageID.4720. Defendants ask this Court to order Class Counsel to show cause as to their factual basis for the Emergency Motions and to pay Defendants' costs and fees in responding to the Emergency Motions. *Id.* at PageID.4721.

This Court will not entertain a request for sanctions embedded within the final paragraph of a response brief. To the extent that Defendants seek costs or fees as a sanction under Rule 11 or 28 U.S.C. § 1927, they should file a motion to that effect.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's Emergency Motions to Lift the Stay, to Enter a Show Cause Order, and for Expedited Consideration, ECF Nos. 175, 176, 177, are **DENIED**.

Dated: August 4, 2021         s/Thomas L. Ludington
                              THOMAS L. LUDINGTON
                              United States District Judge