UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS A. FOX, on behalf of himself and
all others similarly situated,

                Plaintiff,                    Case No. 1:19-cv-11887

v.                                                      Honorable Thomas L. Ludington
                                                       Magistrate Judge Patricia T. Morris

COUNTY OF SAGINAW, by its BOARD OF
COMMISSIONERS, *et al.*,

                Defendants,
_____/

**ORDER GRANTING PLAINTIFF'S EMERGENCY MOTIONS (ECF NOS. 179, 180, 181), DIRECTING NON-PARTY CHOICE PLUS LLC TO SHOW CAUSE WHY AN ORDER SHOULD NOT BE ENTERED UNDER RULE 23, AND DIRECTING PLAINTIFF TO SERVE COUNSEL FOR NON-PARTY CHOICE PLUS LLC**

      This matter is before the Court pursuant to Plaintiff's Emergency Motions to Lift the Stay, to Enter a Show Cause Order, and for Expedited Consideration. ECF Nos. 179, 180, 181. In June 2019, Plaintiff Thomas A. Fox brought this action on behalf of himself and a class of Michigan property owners (the "Class"), alleging that Saginaw County, its treasurer, and various other Michigan counties and county officials had unlawfully retained the surplus proceeds of tax foreclosure sales. The Class was certified on October 16, 2020. ECF No. 124. The case is currently stayed pending the disposition of Defendants' appeal before the United States Court of Appeals for the Sixth Circuit. *See Fox v. Saginaw County, MI, et al.*, No. 21-1108 (6th Cir. 2021).

      In the pending Motions, Plaintiff claims that a non-party entity, Choice Plus LLC ("Choice Plus"), is improperly soliciting members of the Class. For the reasons set forth below, Plaintiff's Emergency Motions will be granted, Choice Plus will be directed to show cause why a Rule 23 order should not be entered, and Plaintiff will be directed to serve a copy of this Order on Choice Plus' counsel.

## I.

On June 25, 2019, Plaintiff Thomas A. Fox filed a complaint on behalf of himself and all others similarly situated against numerous Michigan counties and county treasurers. ECF No. 1. He claims that Defendants have seized and disposed of property and retained the surplus equity pursuant to Michigan's General Property Tax Act (the "GPTA"), Mich. Comp. Laws § 211.1 *et seq.* Before recent amendments,[1] the GPTA allowed the statutorily defined "foreclosing governmental unit" to retain the surplus proceeds of a tax foreclosure sale without any procedure for compensating the owner. *See* M.C.L. § 211.78(m) (2015) (amended 2021).

Plaintiff's original complaint alleged a taking without just compensation in violation of the Fifth and Fourteenth Amendments (Counts I, II), inverse condemnation under Michigan law (Count III), violation of Article X, Section 2 of the Michigan Constitution (Count IV), and an excessive fine in violation of the Eighth Amendment (Count V). ECF No. 1 at PageID.11–19.

On September 4, 2019, Plaintiff filed an amended complaint naming additional counties and treasurers as Defendants and adding three counts: procedural due process (Count VI), substantive due process (Count VII), and unjust enrichment (Count VIII). ECF No. 17. After the Amended Complaint, the roster of Defendants includes Counties Alcona, Alpena, Arenac, Bay, Clare, Crawford, Genesee, Gladwin, Gratiot, Huron, Isabella, Jackson, Lapeer, Lenawee, Macomb, Midland, Montmorency, Ogemaw, Oscoda, Otsego, Presque Isle, Roscommon, Saginaw, Sanilac, St. Clair, Tuscola, and Washtenaw, and county treasurers Cheryl Franks, Kimberly Ludlow, Dennis Stawowy, Richard F. Brzezinski, Jenny Beemer-Fritzinger, Kate M.

---

[1] The amendments, which became effective on December 22, 2020, now allow a former property owner to file a claim for "any applicable remaining proceeds from the transfer or sale of foreclosed property," subject to certain statutory conditions. *See* M.C.L. § 211.78t. However, former owners whose property was transferred or sold "before July 18, 2020" may only file a claim if the Michigan Supreme Court orders that its decision in *Rafaeli, LLC v. Oakland Cty.*, 952 N.W.2d 434 (Mich. 2020), applies retroactively. M.C.L. § 211.78t(1)(b). The Michigan Supreme Court has yet to do so.

Wagner, Joseph V. Wakeley, Deborah Cherry, Christy Van Tiem, Michelle Thomas, Debra McCollum, Steven W. Pickens, Karen Coffman, Dana M. Miller, Marilyn J. Woods, Lawrence Rocca, Cathy Lunsford, Jean M. Klein, Dwight McIntyre, William Kendall, Diann Axford, Bridget Lalonde, Rebecca Ragan, Timothy M. Novak, Trudy Nicol, Kelly Roberts-Burnett, Patricia Donovan-Gray, Catherine McClary, and Shawn S. Walraven. *Id*.

On January 10, 2020, this case was stayed pending the Sixth Circuit's decision in *Freed v. Thomas*, No. 18-2312 (6th Cir. 2020), which presented nearly identical facts, substantive arguments, and jurisdictional questions. ECF No. 85. On October 16, 2020, shortly after the Sixth Circuit's decision in *Freed*, the stay was lifted and the following class was certified:

> All persons and entities that owned real property in the following counties, whose real property, during the relevant time period, was seized through a real property tax foreclosure, which was worth and/or which was sold at tax auction for more than the total tax delinquency and were not refunded the value of the property in excess of the delinquent taxes owed: Alcona, Alpena, Arenac, Bay, Clare, Crawford, Genesee, Gladwin, Gratiot, Huron, Isabella, Jackson, Lapeer, Lenawee, Macomb, Midland, Montmorency, Ogemaw, Oscoda, Otsego, Presque Isle, Roscommon, Saginaw, Sanilac, St Clair, Tuscola, and Washtenaw.

ECF No. 124 at PageID.2291. Plaintiff Thomas A. Fox was appointed class representative, and Mr. E. Powell Miller of The Miller Law Firm PC and Mr. Phillip L. Ellison of Outside Legal Counsel PLC were appointed class counsel. *Id.* at PageID.2305.

On January 13, 2021, this Court decided several motions to dismiss filed by the *Fox* Defendants. ECF No. 148. Among the various defenses raised there was the assertion that the County Defendants were immune from suit because the GPTA specified how the "foreclosing governmental unit" was to handle the proceeds of a tax foreclosure sale. *Id.* at PageID.3316. Accordingly, the County Defendants argued that in retaining surplus proceeds under the GPTA, they were acting as an "arm of the State." *Id.*

This Court rejected the County Defendants' argument because regardless of how proceeds were handled under the GPTA, the County Defendants voluntarily elected to serve as the foreclosing governmental unit. *Id.* at PageID.3317. Nonetheless, the individual county treasurers were dismissed on the basis of qualified immunity, and several federal and state law claims against the County Defendants were dismissed for failure to state a claim. *Id.* at PageID.3334–35. The remaining claims, which alleged a taking without just compensation, inverse condemnation, violation of due process, and unjust enrichment, were allowed to proceed against the County Defendants.

On February 1, 2021, the County Defendants filed a timely notice of appeal from this Court's denial of sovereign immunity. ECF No. 153. That appeal remains pending before the United States Court of Appeals for the Sixth Circuit. *See Fox v. Saginaw County, MI, et al.*, No. 21-1108 (6th Cir. 2021).

Shortly after the County Defendants' notice of appeal was filed, Plaintiff filed a preemptive motion to continue the proceedings during the appeal. ECF No. 155. The County Defendants responded with a motion to stay. ECF No. 163. Both motions were fully briefed by the parties. *See* ECF Nos. 164, 165. Given the "serious questions" surrounding the sovereign immunity defense, the County Defendants' Motion to Stay was granted on March 9, 2021. ECF No. 166 at PageID.3998. The case remains stayed pending the disposition of the County Defendants' appeal.

## II.

According to Plaintiff's Emergency Motions, filed August 2, 2021, the Class is once again the target of an improper solicitation campaign,[2] this time from a non-party business entity, Choice Plus LLC.

On July 15, 2021, Class Counsel learned of a complaint filed in Roscommon County Circuit Court by Choice Plus as the assignee of another corporation, Royal Technical Consultants, Inc. ECF No. 180 at PageID.4746. Alleging inverse condemnation, Choice Plus sought to recover the surplus proceeds of a tax auction conducted in Roscommon County in September 2018. *See* ECF No. 180-3 at PageID4778. While little is presently known about the entity, Choice Plus appears to be a Florida-based business specializing in the recovery of unclaimed property. *See* ECF No. 180 at PageID.4747; *Choice Plus LLC*, https://choiceplusllc.com/ [https://perma.cc/G855-HH6X] (last visited Aug. 3, 2021). Royal Technical Consultants, Inc., which assigned its rights to Choice Plus, seems to be a member of the Class.

After learning of the Roscommon County complaint, Class Counsel proceeded to investigate and allegedly uncovered a "statewide solicitation campaign . . . targeting Class Members." *Id.* at PageID.4747. As evidence, Plaintiff has submitted a document that appears to be a solicitation from Choice Plus, dated May 11, 2021, concerning the tax sale of property located in Detroit, Michigan. *See* ECF No. 180-5. The document states that the addressee has a substantial claim for compensation and that Choice Plus is "a licensed investigative agency and approved Claimant's Representative" that is willing to "handle the entire claim process," including the payment of legal expenses, in exchange for a contingency fee. *Id.*

---

[2] This Court has directed nonparties to show cause regarding improper solicitations to the Class on two prior occasions. *See* ECF Nos. 150, 171.

On July 21, 2021, Class Counsel emailed counsel of record for Choice Plus, Andrew Black of The Darren Findling Law Firm, P.L.C., demanding that Choice Plus, among other things, dismiss the Roscommon County case and cease its solicitation campaign. *See* ECF No. 180-6. A week later, one of Plaintiff's attorneys, Matthew E. Gronda, spoke with Mr. Black by telephone. According to Mr. Gronda's personal declaration, Mr. Black agreed that the Roscommon County case and another unspecified case would be dismissed but stated that Choice Plus was "unwilling to stop solicitations, rescind contracts, reverse assignments, or account for its activities." ECF No. 180-2 at PageID.4768.

Plaintiff argues that Choice Plus' unapproved solicitation of Class Members is prejudicial and inconsistent with the proper administration of the case. Accordingly, Plaintiff seeks to temporarily lift the stay for the limited purpose of directing Choice Plus to show cause why an order should not be entered:

> (1) enjoining it from soliciting Class Members for legal representation or any other purpose; (2) rescind[ing] or invalidat[ing] all contracts between it and any class member; and (3) [disqualifying it] from any representation or providing any services in this District and the State of Michigan relating to the recovery of surplus proceeds and/or equity following tax foreclosure within this District and the State of Michigan.

ECF No. 180 at PageID.4736.

**III.**

"Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981). Specifically, the district court has "the authority to control communications with the class before and after class certification" and "the duty to restrict communications that threaten to interfere with the proper administration of a class action and to restrict conduct that abuses the right of the members of the

class." *Bobbitt v. Acad. of Court Reporting*, No. CIV A 07-10742, 2008 WL 4298458, at *2 (E.D. Mich. Sept. 18, 2008); *see also* Manual for Complex Litigation, Fourth, § 21.33 ("The [court] has ultimate control over communications among the parties, third parties, or their agents and class members on the subject matter of the litigation to ensure the integrity of the proceedings and the protection of the class."). Naturally, this authority includes the ability to regulate communications between non-parties and the certified class. *See McWilliams v. Advanced Recovery Sys., Inc.*, 176 F. Supp. 3d 635, 642 (S.D. Miss. 2016) (holding that Rule 23 provides jurisdiction over non-party counsel solicitations).

In *McWilliams*, certain non-party attorneys sent solicitations to the named plaintiff and other members of a Fair Debt Collection Practices Act class action after the class had been certified under Rule 23. *McWilliams*, 176 F. Supp. 3d at 638. The solicitations stated,

> Our investigation has revealed that the [defendant] may have violated several portions of the Fair Debt Collection Practices Act (FDCPA) in their attempt to collect on these accounts. In fact, a class action has been certified in the United States District Court of Mississippi for all people sued between February 4, 2014 and February 4, 2015.

*Id.* The solicitations proposed a contingency fee arrangement for representation. *Id.* The plaintiff and defendants in the case moved for a protective order enjoining the non-party counsel from soliciting or communicating with class members. *Id.* at 639. A subsequent hearing revealed that, as a result of the solicitations, the non-party counsel had been retained by approximately 50 class members. *Id.* Consequently, the plaintiff and defendants filed supplemental briefing to invalidate the retainer agreements. *Id.* The non-party counsel filed a response brief. *Id.*

The court held that the non-party counsel violated Mississippi ethics rules and Rule 23 by communicating with class members that were already represented. *Id.* at 640–41. The court also found that the solicitations were misleading because, *inter alia*, they "fail[ed] to disclose that the

Court ha[d] appointed Class Counsel to represent Class members." *Id.* at 641 (quoting *Jack Faucett Associates, Inc. v. Am. Tel. & Tel. Co.*, No. 81–0436, 1985 WL 25746, at *2 (D.D.C. Oct. 18, 1985)). The court also found that the solicitations were "contrary to the text and purpose of Rule 23," explaining that "[s]olicitations encouraging members of a certified class to opt-out and bring separate lawsuits risk defeating the efficiency inherent in the class action form." *Id.* The non-party counsel raised a number of defenses, including jurisdiction, the adequacy of class counsel, and the First Amendment. *Id.* at 642–44. The court rejected each defense and entered an order enjoining future solicitation, requiring an accounting of solicitations sent, and allowing for a curative notice. *Id.* at 644–45. The court also signaled that it was "inclined to invalidate" the post-certification retainer agreements but ordered the parties and non-party counsel to confer on the issue. *Id.* at 645.

Here, the personal declaration of Mr. Gronda and other evidence provided with the Emergency Motions suggest that Choice Plus is or has been targeting Class Members with solicitations that encourage them to pursue individual relief in state court. Such activity interferes with the proper administration of the Class and would seem contrary to the "text and purpose of Rule 23." *See Bobbitt*, 2008 WL 4298458, at *2; *McWilliams*, 176 F. Supp. 3d at 641. Additionally, such activity may be unlawful in Michigan, given that Choice Plus appears to be a non-attorney business entity. *See* M.C.L. § 450.681 ("It shall be unlawful for any corporation or voluntary association to practice or appear as an attorney-at-law for any person other than itself in any court in this state or before any judicial body, . . . or to furnish attorneys or counsel or to render legal services of any kind in actions or proceedings of any nature or in any other way or manner . . . .").

Therefore, Plaintiff's Emergency Motions will be granted, the stay will be lifted for the limited purpose of conducting show cause proceedings, and Choice Plus will be directed to show cause in the manner outlined in Section IV., *infra*.

- 9 -

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's Emergency Motions to Lift the Stay, to Enter a Show Cause Order, and for Expedited Consideration, ECF Nos. 179, 180, 181, are **GRANTED**.

It is further **ORDERED** that the stay is **LIFTED** for the limited purpose of conducting show cause proceedings regarding non-party Choice Plus LLC's apparent solicitation of Class Members.

It is further **ORDERED** that Plaintiff is **DIRECTED** to serve Andrew Black, counsel for Choice Plus LLC, with a copy of this Order by first class mail and to file a certificate of service on the docket.

It is further **ORDERED** that non-party Choice Plus LLC is **DIRECTED** to appear and show cause, in writing, **on or before August 26, 2021, or 21 days after being served with a copy of this Order, whichever is later**, why an order should not be entered: (1) enjoining Choice Plus LLC from soliciting Class Members for legal representation or any other purpose; (2) rescinding or invalidating all contracts between Choice Plus and any Class Member; and (3) disqualifying Choice Plus from any representation or providing any services in this District and the State of Michigan relating to the recovery of surplus proceeds and/or equity following tax foreclosure within this District and the State of Michigan.

Dated: August 6, 2021                                    s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge