UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS A. FOX, on behalf of himself and
all others similarly situated,

            Plaintiff,            Case No. 1:19-cv-11887

v.                                    Honorable Thomas L. Ludington
                                     United States District Judge

COUNTY OF SAGINAW, by its BOARD OF
COMMISSIONERS, *et al.*,

            Defendants.
_____/

**OPINION AND ORDER (1) OVERRULING AND SUSTAINING IN PART
OBJECTIONS TO PROPOSED CURATIVE NOTICE AND (2) DIRECTING
PLAINTIFF TO SERVE CURATIVE NOTICE ON AFFECTED CLASS MEMBERS**

This is a class action brought under 42 U.S.C. § 1983. On behalf of himself and a class of similarly situated property owners, Plaintiff Thomas A. Fox alleges that Saginaw County and 27 other Michigan counties violated state and federal law by retaining the surplus proceeds of tax-foreclosure sales. *See* ECF No. 17. In October 2020, class certification was granted, ECF No. 124, and in January 2021, Defendants' motions to dismiss were denied, ECF No. 148. Defendants appealed both decisions, and a stay was entered. ECF No. 166.

In July 2021, Plaintiff alerted this Court that nonparties Asset Recovery, Inc. ("ARI") and Choice Plus LLC ("Choice Plus") had been soliciting class members to pursue relief individually in state court. ECF Nos. 168; 180. Specifically, ARI and Choice Plus mailed letters to class members offering to help them "collect" their surplus proceeds, which ARI and Choice Plus likened to "unclaimed funds." *See* ECF No. 209 at PageID.5794; ECF No. 210 at PageID.5813. As a result, some class members entered into agreements with Choice Plus and ARI, allowing the companies to pursue their claims for a contingency fee. ECF No. 209 at PageID.5794–95; ECF

No. 210 at PageID.5809–10. Rather than remain part of this class action, ARI and Choice Plus pursued those claims through a statutory remedy, which the Michigan Legislature recently enacted as part of Michigan's General Property Tax Act (the "GPTA remedy").[1] ECF Nos. 209 at PageID.5794–95; 210 at PageID.5809–10.

After lengthy show-cause proceedings, this Court found that ARI and Choice Plus communicated with the class in an abusive manner and therefore enjoined them from further communications.[2] ECF Nos. 209; 210. Additionally, this Court directed the parties to submit proposed curative notices that would (1) "describe the nature and history of this case, outline the remedy that Plaintiff seeks, and contrast that remedy with the [GPTA remedy]," and (2) "inform the recipients of their right to rescind any agreement entered with [ARI or Choice Plus]." ECF No. 209 at PageID.5804–05; ECF No. 210 at PageID.5819.

In November 2021, the parties submitted competing curative notices. ARI also filed a proposed curative notice, which Plaintiff has since filed a motion to strike. ECF No. 214. After carefully reviewing the proposed notices, this Court drafted its own versions of the notices (the "Proposed Notice"),[3] scheduled an in-person hearing, and directed all interested parties—Plaintiff,

---

[1] Effective December 22, 2020, a former property owner may file a claim for "any applicable remaining proceeds from the transfer or sale of foreclosed property," subject to certain statutory conditions. *See* MICH. COMP. LAWS § 211.78t. One condition is that the property in question must have been transferred or sold after July 18, 2020, when the Michigan Supreme Court declared the prior version of the statute unconstitutional in *Rafaeli, LLC v. Oakland County*, 952 N.W.2d 434 (Mich. 2020) (en banc). MICH. COMP. LAWS § 211.78t(1)(a). Owners who sold or transferred their property before July 18, 2020, may file a claim only if the Michigan Supreme Court declares that *Rafaeli* applies retroactively—which has yet to happen. MICH. COMP. LAWS § 211.78t(1)(b)(i).

[2] ARI and Choice Plus were also directed to provide accountings of the solicited class members, which they have since provided to this Court and the parties.

[3] A separate but materially identical notice was prepared for both groups of solicited class members. *See* ECF Nos. 220-1; 220-2.

Defendants, ARI, and Choice Plus—to file any objections they had to the Proposed Notice. *See* ECF No. 220 at PageID.5957.

All interested parties have filed objections. ECF Nos. 221–24. Having carefully reviewed the objections, this Court finds that a hearing is unnecessary. For the reasons stated hereafter, the parties' objections will be overruled and sustained in part, and Plaintiff will be directed to serve amended curative notices, attached as exhibits to this Opinion and Order, on all affected class members.

## I.

In addressing the parties' objections, this Court exercises its broad discretion under Federal Rule of Civil Procedure 23. *See* FED. R. CIV. P. 23(d)(1) ("[T]he court may issue orders that: . . . require—to protect class members and fairly conduct the action—giving appropriate notice to some or all class members of: . . . any step in the action . . . ."); MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.33 ("The [court] has ultimate control over communications among the parties, third parties, or their agents and class members on the subject matter of the litigation to ensure the integrity of the proceedings and the protection of the class.").

Further, "any remedy under Rule 23(d) 'should be restricted to the minimum necessary to correct the effects of improper conduct under Rule 23.'" *In re NFL Players' Concussion Inj. Litig.*, 923 F.3d 96, 109 (3d Cir. 2019) (quoting *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 310 (3d Cir. 2005)); *Tolmasoff v. Gen. Motors, LLC*, No. 16-11747, 2016 WL 3548219, at *11 (E.D. Mich. June 30, 2016) ("Even if there is clear evidence that a party has engaged or will engage in abusive communications with the potential class members, a court may only impose 'the narrowest possible relief which would protect the respective parties.'" (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981))).

## II.

All interested parties have filed objections to the Proposed Notice, as addressed below.

### A.

The analysis begins with ARI's five objections to the Proposed Notice.

#### i.

First, ARI objects that the Proposed Notice does not adequately explain the difference between Plaintiff's remedy and the GPTA remedy. *See* ECF No. 223 at PageID.6035–37. ARI explains that the "Proposed Notice should address that [Plaintiff's remedy] is unlikely or unavailable in light of [*Rafaeli, LLC v. Oakland County*, 952 N.W.2d 434 (Mich. 2020)]." ECF No. 223 at PageID.6035. In *Rafaeli*, the Michigan Supreme Court held that under the Michigan Constitution, just compensation for the taking of surplus proceeds—the injury alleged here—equals the difference between the delinquent taxes (plus interest, penalties, and fees) and the property's tax-sale price, *not* the difference between the delinquent taxes and the property's fair market value. *See Rafaeli*, 952 N.W.2d at 465.

The Proposed Notice provides, in relevant part:

Class Counsel is asking the Court to award the following:

- the market price of the property minus the tax delinquency owed;
- attorney's fees to be paid to Class Counsel; and
- statutory interest from the time of the taking.

As a member of the class, you are automatically entitled to whatever relief this Court awards; you do not need to take any action to join the class.

Asset Recovery, by contrast, intends to use the General Property Tax Act, which now allows former owners of tax-foreclosed property to claim any surplus proceeds generated by the sale of the property. Specifically, the Act provides for payment by the foreclosing county to the former property owner or holders of interests in the property of the difference between:

- the amount paid to the county for the property at the tax auction or sale; and

- 4 -

- the total of the unpaid taxes, fees, interest, and penalties due on the property, as well as the county's costs related to maintaining and repairing the property, the county's attorneys' fees, and a 5% sales commission.

ECF No. 220-1 at PageID.5960.

ARI's first objection will be overruled. First, contrary to ARI's assertion, the Proposed Notice fairly and accurately describes the differences between Plaintiff's remedy and the GPTA remedy. ARI does not identify which part of the Proposed Notice is inaccurate. Second, it would be improper for the Proposed Notice to opine on the likelihood of Plaintiff's success in obtaining fair-market-value damages, because the parties have yet to brief whether *Rafaeli* controls the measure of damages available under the United States Constitution.

**ii.**

Next, ARI objects that, though the Proposed Notice describes the "various limitations" on the legislative remedy, it "does not include the similar limitations that are part of the class action." ECF No. 223 at PageID.6037. Specifically, ARI states that the Proposed Notice should include some discussion of the deadlines with which class members will have to comply to recover any damages awarded in this case. *Id.*

The Proposed Notice provides, in relevant part:

[T]he Act's remedy is subject to various limitations, including when a motion must be filed in state court, and which properties are eligible for relief. Currently, the remedy is unavailable for properties that were sold before July 2020.

ECF No. 220-1 at PageID.5960.

ARI's second objection will be overruled. The Proposed Notice fairly and accurately describes the restrictions on the GPTA remedy. *See* MICH. COMP LAWS § 211.78t. Further, unlike the deadlines in a class action, which are generally ministerial and discretionary, the statutory restrictions on the GPTA remedy sharply limit the remedy's scope. *See, e.g., id.* § 211.78t(1)(a)

(limiting remedy to property sold or transferred after July 18, 2020). For this reason, the restrictions on the GPTA remedy deserve separate treatment.

### iii.

Third, ARI objects that the Proposed Notice "includes reasons why Class Counsel believe the [GPTA remedy] is inappropriate, but does not include reasons why class member might prefer the [GPTA remedy]." ECF No. 223 at PageID.6038. ARI argues that the Proposed Notice should explain that the "Act's procedure is much quicker than this class action." *Id.*

The Proposed Notice provides, in relevant part:

> For properties sold after July 2020, Class Counsel believes that the Act's remedy is inappropriate because it provides for less monetary relief and does not provide for attorney's fees or statutory interest. As stated above, Class Counsel seeks the full difference between your property's value and the tax debt you owed on it, interest, and attorney's fees. However, Class Counsel is not guaranteed to win.

ECF No. 220-1 at PageID.5960.

ARI's third objection will overruled. The Proposed Notice fairly characterizes the costs and benefits of each remedy. As for ARI's request to emphasize the relative quickness of the GPTA remedy, the Proposed Notice explains that class litigation is time-consuming and not guaranteed to result in recovery. *See id.* at PageID.5959 (describing the nearly three-year procedural history); *id.* at PageID.5960 ("Class Counsel is not guaranteed to win."). But, for the sake of clarity, the Proposed Notice will be amended to unequivocally state that this Court might not award Plaintiff's preferred relief.

### iv.

Fourth, ARI objects that the Proposed Notice does not explain that class members whose claims accrued after *Rafaeli* might be limited to the GPTA remedy. ECF No. 223 at PageID.6039. ARI correctly notes that, according to the statute, the GPTA remedy is "the exclusive mechanism

for a claimant to claim and receive any applicable remaining proceeds under the laws of [Michigan]." MICH. COMP. LAWS. § 211.78t(11).

ARI's fourth objection will be overruled. The Proposed Notice does not discuss the purported exclusivity of the GPTA remedy because no federal court has addressed the issue and the parties have not briefed it.[4] The purpose of the Proposed Notice is to apprise affected class members of their rights following an abusive solicitation campaign, not to address every potential problem with Plaintiff's legal theory. Further, even if the GPTA remedy was exclusive, it is unknown how many class members would be affected.

v.

Finally, ARI objects that the Proposed Notice "does not provide direction for claimants who do not terminate their contracts with ARI." ECF No. 223 at PageID.6039. ARI reasons that the Proposed Notice should explain that class members who does not terminate their agreement with ARI may communicate with ARI and its counsel. *Id.* at PageID.6039–40.

The Proposed Notice provides, in relevant part:

> If you have not entered into a contract with Asset Recovery, you do not need to take any action at this time.
>
> If you have entered into a contract with Asset Recovery, you may cancel that contract because of Asset Recovery's improper communications with you. But you are not required to do so.

ECF No. 220-1 at PageID.5961.

ARI's fifth objection will be sustained. Class members who have engaged ARI but decline to cancel their agreements should be informed of their right to communicate with ARI after the

---

[4] It bears emphasizing that this case involves *both* state and federal takings claims. *See* ECF No. 17.

close of the cancellation period. The same is true for class members who entered an agreement with Choice Plus.

The Proposed Notice will be appropriately amended.

**vi.**

In summary, ARI's objections will be overruled and sustained in part, and the Proposed Notice will be amended to clarify that class members who decide not to cancel their agreement with ARI or Choice Plus may communicate with the companies and their counsel.

**B.**

Plaintiff presents four objections.

**i.**

First, Plaintiff objects generally to this Court's decision not to adopt Plaintiff's proposed curative notice in its entirety, noting that Plaintiff acceded to many of Defendants' demands during the drafting process. *See* ECF No. 224 at PageID.6083 ("Plaintiff's Proposed Notice was already a comprehensive departure from [his initial] proposed notice . . . The process should not move further afield from Plaintiff's proposal.").

Plaintiff's first objection will be overruled. As previously noted, the parties were directed to file objections *to* the Proposed Notice. ECF No. 220 at PageID.5957. But Plaintiff's first objection is an objection to this Court's decision not to adopt his proposed notice. Plaintiff's objection is duly noted but ultimately irrelevant; this Court was not bound to adopt Plaintiff's proposed notice without revision.

**ii.**

Next, Plaintiff objects to the Proposed Notice's omission of certain findings that this Court made in its order enjoining ARI and Choice Plus, including explanations of how the companies'

conduct was abusive. *See* ECF No. 224 at PageID.6083. Plaintiff argues that affected class members "should know what [this] Court found." *Id.*

Plaintiff's second objection will be overruled. Although Plaintiff's urge to provide more detail is understandable, including this Court's findings might unduly taint the decisionmaking of affected class members. No doubt, ARI and Choice Plus communicated in an abusive manner, but the details of their behavior are largely irrelevant to the decision that affected class members must make now: whether to pursue relief individually or as part of a class. Further, this Court's findings might give the impression that ARI and Choice Plus are incompetent representatives, even though there is no evidence or allegation to that effect.

### iii.

Next, Plaintiff objects to the Proposed Notice's use of the term "improper" to describe ARI's and Choice Plus's conduct. ECF No. 224 at PageID.6084. Instead, Plaintiff asks this Court to use the phrase "abusive and misleading," reasoning that it would more accurately characterize ARI's and Choice Plus's conduct. *See id.* ("'[I]mproper' could mean many different things—such as a mere procedural defect.").

Plaintiff's third objection will be sustained. Although this Court must be careful not to unduly taint the affected class members' decisionmaking, *see supra* Section II.B.ii, the Proposed Notice should at least accurately characterize ARI's and Choice Plus's conduct. And as Plaintiff notes, "improper" is not specific enough. *See* ECF No. 224 at PageID.6084.

The Proposed Notice will be appropriately amended.

### iv.

Finally, Plaintiff objects to the length of the cancellation period, reasoning that a 30-day period is too short. ECF No. 224 at PageID.6086. Instead, Plaintiff proposes a 120-day period. *Id.*

Plaintiff's fourth objection will be overruled and sustained in part. Although 30 days seems too short, given the nature and complexity of the issues, 120 days would be too long. Therefore, the Proposed Notice will be amended to establish a 60-day cancellation period, which should provide affected class members with enough time to decide. Plaintiff may file a motion to extend that period if some delay in service or another problem arises.

v.

In summary, Plaintiff's objections will be overruled and sustained in part; the Proposed Notice will be amended to replace the term "improper" with "abusive and misleading" and to increase the cancellation period from 30 to 60 days.

C.

Defendants present two objections. Both will be overruled.

First, they object to the issuance of any curative notice before the Sixth Circuit resolves their pending appeal. ECF No. 221 at PageID.5966–67. But this objection recently became moot. On February 22, 2022, the Sixth Circuit affirmed this Court's order denying Defendants' motions to dismiss. *See Saginaw Cnty. v. Fox*, No. 21-1108 (6th Cir. Feb. 22, 2022).

Second, Defendants object that the Proposed Notice does not explain that "Plaintiff's 'fair market value' theory [of damages] has been rejected by state and federal courts alike." ECF No. 221 at PageID.5968. But this objection is largely identical to ARI's first objection, which will be overruled for reasons already discussed. *See supra* Section II.A.i.

**D.**

Choice Plus objects to the issuance of any curative notice before the Michigan Supreme Court decides whether *Rafaeli* applies retroactively.[5] ECF No. 222 at PageID.6031.

Choice Plus's objection will be overruled. As explained, the Proposed Notice is intended to cure the prejudice ARI and Choice Plus inflicted; it is not intended to discuss every legal development that might affect this case. *See supra* Section II.A.iv. The effect of *Rafaeli*'s retroactivity will be briefed by the parties at the summary-judgment stage, and the class members will be informed of that effect one way or another. Meanwhile, the class members solicited by ARI and Choice Plus deserve to know about this case and their rights.

**E.**

In summary, the parties' objections to the Proposed Notice will be overruled and sustained in part, the Proposed Notice will be amended in accordance with the discussion above, and Plaintiff will be directed to mail the amended notice to all affected class members.

**III.**

As a final matter, this Court must briefly address Plaintiff's motion to strike ARI's proposed notice. Plaintiff argues that ARI's proposed notice should be struck or disregarded because only Plaintiff and Defendants were directed to file a proposed notice. *See* ECF No. 214 at PageID.5842–43.

As a threshold matter, Plaintiff's motion to strike does not seem actionable as a matter of law. Plaintiff cites Federal Rule of Civil Procedure 12(f), but Rule 12(f) authorizes a court to strike materials from a "pleading." *See* FED. R. CIV. P. 12(f). Because ARI did not file its proposed notice

---

[5] Notably, the Michigan Court of Appeals recently decided that *Rafaeli* applies retroactively to "pending cases . . . in which a challenge has been raised and preserved." *Proctor v. Saginaw Cnty. Bd. of Comm'rs*, No. 349557, 2022 WL 67248, at *7 (Mich. Ct. App. Jan. 6, 2022).

on the docket, its notice is not a "pleading." *See Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006) (holding that an exhibit could not be struck under Rule 12(f) because it was not a "pleading" (citing FED. R. CIV. P. 7(a))).

But even if his motion was actionable, Plaintiff has not shown that ARI's proposed notice should be disregarded. As noted, federal courts have broad discretion under Rule 23(d) to manage the communications between a class and nonparties. *See supra* Section I. Presumably, that discretion includes the authority to consider the input of nonparties who have an interest in communicating with the class. Indeed, as a practical matter, federal courts *must* consider such input insofar as it is necessary to crafting the "narrowest possible relief." *See Tolmasoff v. Gen. Motors, LLC*, No. 16-11747, 2016 WL 3548219, at *11 (E.D. Mich. June 30, 2016) ("Even if there is clear evidence that a party has engaged or will engage in abusive communications with the potential class members, a court may only impose 'the narrowest possible relief which would protect the respective parties.'" (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981))).

Despite its abusive conduct, ARI's proposed notice and objections have helped this Court tailor the curative notice. For that reason, Plaintiff's motion to strike will be denied.

## IV.

Accordingly, it is **ORDERED** that Defendant's objections, ECF No. 221, are **OVERRULED**.

Further, it is **ORDERED** that Choice Plus's objections, ECF No. 222, are **OVERRULED**.

Further, it is **ORDERED** that ARI's objections, ECF No. 223, are **OVERRULED AND SUSTAINED IN PART**. The Proposed Notice will be amended consistent with Section II.A, *supra*.

Further, it is **ORDERED** that Plaintiff's objections, ECF No. 224, are **OVERRULED AND SUSTAINED IN PART**. The Proposed Notice will be amended consistent with Section II.B, *supra*.

Further, it is **ORDERED** that Plaintiff's Motion to Strike ARI's Proposed Notice, ECF No. 214, is **DENIED**.

Further, it is **ORDERED** that under Federal Rule of Civil Procedure 23(d) Plaintiff is **DIRECTED** to **forthwith** serve by mail every affected class member, as identified in ARI's and Choice Plus's accountings, with a copy of the applicable curative notice, attached as an exhibit to this Opinion and Order. Plaintiff is further **DIRECTED** to file a certificate of service on the docket once service is complete. The certificate need not identify every class member served.

Dated: February 28, 2022                         s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge