**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

*Fox v. County of Saginaw*, Case No. 1:19-cv-11887

*A federal court has authorized this Corrective Notice.*

## CORRECTIVE NOTICE

**You are receiving this Notice because you may have received communications from Asset Recovery, Inc., and you may have had property foreclosed upon by one of the following counties:**

Alcona, Alpena, Arenac, Bay, Clare, Crawford, Genesee, Gladwin, Gratiot, Huron, Isabella, Jackson, Lapeer, Lenawee, Macomb, Midland, Montmorency, Ogemaw, Oscoda, Otsego, Presque Isle, Roscommon, Saginaw, Sanilac, St Clair, Tuscola, and/or Washtenaw.

## SUMMARY

You appear to be a member of a class in a class-action lawsuit, and you may have been contacted by a company called Asset Recovery. The class-action lawsuit seeks a payment to you of the difference in value between your tax-foreclosed property and the tax debt you owed on the property. The class-action lawsuit also seeks payment of the attorney fees for the lawsuit, so that you receive the amount you lost without having any fees deducted. This is more than Asset Recovery seeks to recover for you. The United States District Court of the Eastern District of Michigan, which oversees the lawsuit, has determined that Asset Recovery's communications with class members were abusive and misleading. Therefore, the Court has ordered that you be provided with this Notice to describe the nature and history of the class-action lawsuit, outline the remedy being sought in the case, contrast that remedy with the remedy you may have under newly enacted state law, and inform you of your right to cancel any agreement that you may have entered into with Asset Recovery and the Dalton & Tomich, PLC law firm. Asset Recovery has no relationship with the Plaintiff in this case or any of the counties who are defendants.

## NATURE AND HISTORY OF CASE

In June 2019, Plaintiff Thomas A. Fox filed a lawsuit on behalf of himself and a class of Michigan property owners. He alleges that Saginaw County, its treasurer, and other Michigan counties and county officials are unlawfully retaining the surplus proceeds of tax-foreclosure sales pursuant to a previous version of Michigan's General Property Tax Act. Mr. Fox seeks damages based on the Michigan counties' retention of surplus proceeds from tax foreclosure sales.

In October 2020, the Court approved Mr. Fox's request to represent a class of individuals and assert claims arising from the sale of tax-foreclosed properties on their behalf. The court defined that class as:

> All persons and entities that owned real property in the following counties, whose real property, during the relevant time period, was seized through a real property tax foreclosure, which was worth and/or which was sold at tax auction for more than the total tax delinquency and were not refunded the value of the property in excess of the delinquent taxes owed: Alcona, Alpena, Arenac, Bay, Clare, Crawford, Genesee, Gladwin, Gratiot, Huron, Isabella, Jackson, Lapeer, Lenawee, Macomb, Midland, Montmorency, Ogemaw, Oscoda, Otsego, Presque Isle, Roscommon, Saginaw, Sanilac, St Clair, Tuscola, and Washtenaw.

The court appointed Mr. Fox as class representative and his attorneys, E. Powell Miller and Philip L. Ellison, as Class Counsel.

In January 2021, the Court denied the defendants' motion to dismiss the case. The defendants appealed that decision, and the case was stayed pending their appeal. But in February 2022, the Sixth Circuit affirmed the Court's decision, paving the way for the case to proceed.

Recently, the Court became aware that Asset Recovery had been trying to contact class member like you, and that it did so using misleading language. You have been identified among those former property owners whom Asset Recovery has sought to contact. As a result, this Court has entered an order preventing Asset Recovery from communicating with class members like you and directing that this corrective communication ("Corrective Notice") be sent to you and others whom Asset Recovery has tried to contact.

## **REMEDIES SOUGHT IN *FOX* CASE & STATUTORY REMEDIES**

Asset Recovery is not part of the class-action lawsuit and has no relationship with Mr. Fox or any of the defendants. Instead, Asset Recovery is a private company that contracts with former property owners and then pursues a remedy provided for under the General Property Tax Act, as amended in 2020, on their behalf. If you have contracted with Asset Recovery, you are free to terminate that contract. To assist you in making that decision, the remedies sought by the Class and those available under the General Property Tax Act are compared below. Of course, there is no guarantee that the relief sought by Class Counsel will be awarded.

Class Counsel is asking the Court to award the following:

- the market price of the property minus the tax delinquency owed;
- attorney's fees to be paid to Class Counsel; and
- statutory interest from the time of the taking.

As a member of the class, you are automatically entitled to whatever relief this Court awards; you do not need to take any action to join the class.

Asset Recovery, by contrast, intends to use the General Property Tax Act, which now allows former owners of tax-foreclosed property to claim any surplus proceeds generated by the sale of the property. Specifically, the Act provides for payment by the foreclosing county to the former property owner or holders of interests in the property of the difference between:

- the amount paid to the county for the property at the tax auction or sale; and
- the total of the unpaid taxes, fees, interest, and penalties due on the property, as well as the county's costs related to maintaining and repairing the property, the county's attorneys' fees, and a 5% sales commission.

However, the Act's remedy is subject to various limitations, including when a motion must be filed in state court, and which properties are eligible for relief. Currently, the remedy is unavailable for properties that were sold before July 2020. For properties sold after July 2020, Class Counsel believes that the Act's remedy is inappropriate because it provides for less monetary relief and does not provide for attorney's fees or statutory interest. As stated above, Class Counsel seeks the full difference between your property's value and the tax debt you owed on it, interest, and attorney's fees. Again, however, Class Counsel is not guaranteed to win.

## RELEASE FROM ANY OBLIGATION TO ASSET RECOVERY

If you have not entered into a contract with Asset Recovery, you do not need to take any action at this time.

If you have entered into a contract with Asset Recovery, you may cancel that contract because of Asset Recovery's misleading communications with you. But you are not required to do so. If you choose not to cancel your contract with Asset Recovery, the contract will remain in full effect, and you may continue to communicate with Asset Recovery and its counsel.

If you entered into a contract with Asset Recovery, and you wish to cancel it, you may do so by sending an email to [INSERT@ASSET RECOVERY] and [INSERT@PLAINTIFFS' COUNSEL] by May 2, 2022, stating that you want to cancel your contract and identifying your name. If you have the address of the foreclosed property, please provide that as well.

## FURTHER INFORMATION

Your attorneys in the class action are willing to speak with you. To obtain more information, please feel free to contact your lawyers at The Miller Law Firm, P.C., as follows: in writing, to 950 West University Drive, Rochester, MI 48307; by visiting the website www._____.com; by calling _____; or emailing _____.

**You should not contact the court with questions. This corrective notice and its content have been authorized by the United States District Court for the Eastern District of Michigan, the Honorable Thomas L. Ludington, United States District Judge.**