# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

THOMAS A. FOX, for himself and all those similarly situated,

    Plaintiff,

v.

COUNTY OF SAGINAW, *et al.*,

    Defendants.

_____/

Case No.: 19-cv-11887
Hon. Thomas L. Ludington
Mag. Judge Patricia T. Morris

**CLASS ACTION**

# PLAINTIFF AND THE CLASS'S EMERGENCY MOTION TO EXPEDITE PRODUCTION OF DISCOVERY

Plaintiff and the Class, through their counsel, move this Court, on an emergency basis, for the entry of an order to expedite the production of discovery pursuant to this Court's March 29, 2022, order; Plaintiff's request for production of documents served on March 29, 2022; and the March 29, 2022, subpoena served on Title Check, LLC. For the reasons set forth in the attached brief, Plaintiff and the Class respectfully request an order to expedite the production of the identity and contact information of Class Members. Pursuant to L.R. 7.1(a), on April 12, Plaintiff requested concurrence from Defendants and Title Check in the relief requested in this motion, but concurrence was not obtained by any party.

/s/ E. Powell Miller
E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
Christopher D. Kaye (P61918)
William Kalas (P82113)
Gregory A. Mitchell (P68723)
**THE MILLER LAW FIRM, P.C.**
950 W University Drive, Ste 300
Rochester, MI 48307
(248) 841-2200
epm@millerlawpc.com
ssa@millerlawpc.com
cdk@millerlawpc.com
wk@millerlawpc.com
gam@millerlawpc.com
*Co-Lead Class Counsel/Class Counsel*

Philip L. Ellison (P74117)
**OUTSIDE LEGAL COUNSEL, PLC**
PO Box 107

Respectfully submitted on
April 8, 2022.

Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com
*Co-Lead Class Counsel*

Matthew E. Gronda (P73693)
PO Box 70
St. Charles, MI 48655
(989) 249-0350
matt@matthewgronda.com
*Class Counsel*

- 1 -

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

THOMAS A. FOX, for himself and all those
similarly situated,

      Plaintiff,

  v.

COUNTY OF SAGINAW, *et al.*,

      Defendants.

_____/

Case No.: 19-cv-11887
Hon. Thomas L. Ludington
Mag. Judge Patricia T. Morris

**CLASS ACTION**

**PLAINTIFF AND THE CLASS'S BRIEF IN SUPPORT OF THEIR
EMERGENCY MOTION TO EXPEDITE PRODUCTION OF DISCOVERY**

- 2 -

## STATEMENT OF THE ISSUE PRESENTED

I. Should this Court enter an order to expedite the production of discovery requested pursuant to a request for production of documents and a subpoena to ensure that Class Members are notified of their rights?

- 3 -

## **STATEMENT OF MOST COMPELLING AUTHORITY**

- Rule 34 of the Federal Rules of Civil Procedure

- Rule 45 of the Federal Rules of Civil Procedure

**INTRODUCTION**

This is a class action arising from certain Michigan counties' taking of foreclosed taxpayers' equity. The Court had stayed it pending Defendants' appeal in the Sixth Circuit Court of Appeals. But on March 29, 2022, this Court entered an order lifting the stay in this action to allow Plaintiff and the Class to conduct the limited discovery at issue here and submit a proposed class notice, notifying Class Members of the potential May 15, 2022 deadline to file a motion for relief under Public Act 265 of 2020 ("PA 256"). ECF No. 237. On the same day this Court entered its March 29, 2022 order, Plaintiff issued a request for production of documents to Defendants and a subpoena to Title Check, LLC ("Title Check"). Title Check is the foreclosure contractor and agent for nearly all Defendants, so it is well positioned to effectively and efficiently produce the records from which Plaintiff can identify Class Members and promptly provide them with notice. These requests seek the production of the relevant Class Members' names, contact information, and foreclosure documents—in the form of a request to Defendants and a subpoena compelling Title Check. **Ex A** (request for production of documents); **Ex. B** (subpoena).

However, under the usual operation of the applicable federal rule, Defendants are not required to produce this information until April 28:

> The party to whom the request is directed must respond in writing within 30 days after being served or—if the request was delivered under

- 4 -

> Rule 26(d)(2)—within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

Fed. R. Civ. P. 34(b)(2)(A). This will leave minimal time to prepare a mailing from the data and serve the Class Members before the May 15th date discussed in the notice.

Meanwhile, Title Check is not required to produce this information until April 15, 2022. This would leave precious little time for service of the notice to the Class Members in advance of the potential May 15, 2022 PA 256 deadline.

Moreover, this assumes that Defendants and Title Check comply with their discovery obligations without delay. Plaintiff is concerned that one or both will obstruct the process through a contrived objection, given Defendants' evident interest in delaying this case and Title Check's relationship with them. Indeed, on April 5, 2022, Defendants filed an emergency motion to stay the case pending appeal. ECF No. 241. Accordingly, Plaintiff requests that this Court enter an order requiring Title Check and Defendants to produce the documents requested of Defendants and compelled under the subpoena by April 12, 2022.

## APPLICABLE LAW

"[A] district court has broad discretion in regulating discovery." *Freeman v. City of Detroit*, 274 F.R.D. 610, 612 (E.D. Mich. May 24, 2011) (quoting *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 206 (6th Cir. 1986). "Rule 45 of the Federal

Rules of Civil Procedure provides that a subpoena can command a nonparty to attend and testify for deposition and produce designated documents in their possession, custody, or control." *Operating Engineers Local 324 Health Care Plan v. Mid Michigan Crushing & Recycling LLC*, 2011 WL 1464851, at *2 (E.D. Mich. Apr. 18, 2011). "Rule 45 gives the district courts authority to issue subpoenas and instructs the courts how to address disputes over subpoenas." *Watts v. S.E.C.*, 482 F.3d 501, 508 (D.C. Cir. 2007).

## BACKGROUND

On March 29, 2022, this Court entered an order granting Plaintiff's motion to lift the stay to issue class notice and conduct limited discovery. ECF No. 237, PageID.6389. In regard to an impending date set forth in the statute,[1] this Court ordered that the "proposed class notice must identify May 15, 2022, as the final date on which class members whose property was sold in 2020 may file a motion for relief under PA 265." ECF No. 237, PageID.6389.

On the same day this Court entered its order, and pursuant to this Court's order and Rules 34 and 45 of the Federal Rules of Civil Procedure, Plaintiff issued a request for production of documents to Defendants and subpoena to their foreclosure contractor Title Check, respectively, requesting and compelling the relevant

---

[1] Plaintiff is challenging the operation of the statute and the enforceability of its deadlines against Class Members.

- 6 -

foreclosure information as to all foreclosures from 2008 to present in the Defendant Counties at issue. *See* Exs. A and B. The subpoena compels Title Check to produce the requested documents by the earliest possible date under Fed. R. Civ. P. 45, which is April 15, 2022. But this is only one month before the potential deadline for certain Class Members to file a motion for relief under PA 265. ECF No. 237, PageID.6387-6389; ECF No. 228, PageID.6168. And the deadline for a response to the Request for Production is not until April 28, which presents an even more pressing timing problem.

Title Check is an appropriate source for this information. Upon information and belief, Title Check serves as the foreclosure vendor for nearly all of the Defendants and maintains the records of all of their foreclosures. *See* **Ex. C** (sample contract). Indeed, Plaintiffs are concerned that Michigan counties pervasively might not maintain this information themselves, perhaps in an effort to shield the lists from Freedom of Information Act requests under a misguided theory that they are not "public records."[2]

---

[2] In *Hoffman v. Bay City Sch. Dist.*, the Michigan Court of Appeals found that because a law firm's investigatory file "was neither created nor obtained by the public body . . . it was thus not a 'public record', as defined in the FOIA" and was thus exempt from disclosure. *Hoffman*, 357 N.W.2d 686, 689 (Mich. App. 1984). This has apparently led some Michigan public bodies to outsource record production and retention to private contractors perceived as exempt from FOIA. *See, e.g.*, *MacKenzie v. Wales Twp.*, 635 N.W.2d 335, 339 (Mich. App. 2001) (Township unsuccessfully argued exemption from FOIA for offsite tax information under *Hoffman*).

## ARGUMENT

Even if Title Check produces the Class Members' data on April 15, 2022, which is of serious concern, production by that date might not give Class Counsel adequate time to notify Class Members who might be subject to the May 15, 2022 deadline to file a motion for relief under PA 265. And an April 28th production from Defendants would exacerbate this serious problem.

As this Court noted in its March 29, 2022 order, due to the stay, "many class members likely have no knowledge of this case or of PA 256," and "[t]his lack of notice puts the class in a precarious position," being that PA 256's purported deadlines "might preclude recovery for many unsuspecting class members." ECF No. 237, PageID.6387. Thus, it is important for Plaintiff to receive the class members' contact information and foreclosure data by April 12, 2022. Title Check and Defendants are presumably both in possession of this information, and one of them is surely in possession of it. Therefore, it should not be prejudiced by having to produce this data earlier than the April 15, 2022 deadline set forth in the subpoena. Any inconvenience to Title Check is outweighed by the need to apprise Class Members of their rights and the impending deadline.

Moreover, it is also of serious concern that Defendants and/or Title Check will object to production, obstructing the process. Given Defendants' April 5, 2022 emergency motion for reconsideration and request to stay this case pending appeal

and Title Check's relationship with them, Plaintiff's apprehension as to the timely production of this discovery is reasonable. ECF No. 241. Any objection to timely production will certainly impair Class Counsel's ability to inform Class Members of the possible May 15, 2022 deadline.

Finally, from previous experience with Title Check, Class Counsel is aware that Title Check maintains the requested data in "comma delimited" format, which allows for seamless production of a spreadsheet. It seems likely that Defendants do, also. Here, in turn, this resulting spreadsheet can be used to promptly generate the addresses and envelopes for the mailing. Plaintiff is concerned, however, that Defendants or Title Check—perhaps at the behest of their customers, the Defendants—will somehow obscure the data upon production in an effort to render it difficult-to-use for purposes of a mailing. Plaintiff therefore requests that the Court order that Title Check produce the data in its customary, comma delimited format; and that Defendants do so as well if they have the data in this format.

## **CONCLUSION**

Given the importance of this issue and the limited amount of time available to properly inform Class Members pursuant to the Court's order, Plaintiff respectfully requests that this Court order Title Check to produce the discovery set forth in the subpoena, and Defendants to produce the documents requested in the Request for Production, in comma delineated format (to the extent possible) by April 12, 2022.

| | |
|---|---|
| */s/ E. Powell Miller*<br>E. Powell Miller (P39487)<br>Sharon S. Almonrode (P33938)<br>Christopher D. Kaye (P61918)<br>William Kalas (P82113)<br>Gregory A. Mitchell (P68723)<br>**THE MILLER LAW FIRM, P.C.**<br>950 W University Drive, Ste 300<br>Rochester, MI 48307<br>(248) 841-2200<br>epm@millerlawpc.com<br>ssa@millerlawpc.com<br>cdk@millerlawpc.com<br>wk@millerlawpc.com<br>gam@millerlawpc.com<br>*Co-Lead Class Counsel/Class Counsel* | Respectfully submitted on<br>April 8, 2022. |

Philip L. Ellison (P74117)
**OUTSIDE LEGAL COUNSEL, PLC**
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com
*Co-Lead Class Counsel*

Matthew E. Gronda (P73693)
PO Box 70
St. Charles, MI 48655
(989) 249-0350
matt@matthewgronda.com
*Class Counsel*

- 10 -

**CERTIFICATE OF SERVICE**

This certifies that this 8th day of April, 2022, a copy of Plaintiff and the Class's Emergency Motion to Expedite Production of Discovery was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Michigan, using the CM/ECF system, which will send a Notice of Electronic filing to all parties of record.

> */s/ E. Powell Miller*
> E. Powell Miller (P39487)
> 950 W. University Dr., Ste. 300
> Rochester, Michigan 48307
> (248) 841-2200
> epm@millerlawpc.com