# Exhibit B

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

THOMAS A. FOX, for himself and
all those similarly situated,
    Plaintiff,

v.

COUNTY OF SAGINAW, *et al.,*
    Defendants

                                              /

Case No.: 19-cv-11887
Hon. Thomas L. Ludington
Mag. Judge Patricia T. Morris

## RULE 45 NOTICE

BY THIS NOTICE, take note that a subpoena has been issued against a third or non-party seeking certain records related to this case. A copy of the subpoena is attached hereto. This notice is being sent under the requirements of Rule 45 of the Federal Rules of Civil Procedure.

Date: March 29, 2022

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

Co-Lead Counsel for Certified Class

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

- 1 -

## CERTIFICATE OF SERVICE

      I hereby certify that on date stated below, I served the foregoing document by email to all counsel of record on the date stated below.

Date: March 29, 2022

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

Co-Lead Counsel for Certified Class

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
для
Eastern District of Michigan

| | |
|---|---|
| THOMAS A. FOX (Class Action) ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 19-cv-11887 |
| ) | |
| COUNTY OF SAGINAW, ET AL ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: TITLE CHECK LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit A

| Place: Outside Legal Counsel PLC (pellison@olcplc.com) PO Box 107 Hemlock, MI 48626 | Date and Time: April 15, 2022 by 10:00a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/29/2022

KINIKIA D. ESSIX, CLERK OF COURT

_____    OR    *Philip L Ellison*
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* THOMAS A. FOX (individually and as class representative), who issues or requests this subpoena, are:

Philip L. Ellison, Outside Legal Counsel PLC, PO Box 107, Hemlock, MI 48626
(989) 642-0055 // pellison@olcplc.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:19-cv-11887-TLL-PTM   ECF No. 243-3, PageID.6484   Filed 04/08/22   Page 5 of 7

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

This is a production subpoena issued pursuant to Rule 45 of the Federal Rules of Civil Procedure and in furtherance the United States District Court for the Eastern District of Michigan's *Opinion and Order* (ECF No. 237) in the above-captioned case.

No attendance or mileage fee is required for subpoenas commanding the production and/or the inspection of documents (see *Benek v. Kan. City Life Ins. Co.*, No. 07-cv-5142, 2008 WL 356661, at *1 (W.D. Wash. Feb. 6, 2008)). You may fulfill this subpoena without personally appearing by submitting responsive records by email or via delivered USB drive. Do not produce in paper form.

Please produce all the following:

1. A complete copy of tax foreclosure, former ownership, and other data in Microsoft Excel format for the counties of Alcona, Alpena, Arenac, Bay, Clare, Crawford, Genesee, Gladwin, Gratiot, Huron, Isabella, Jackson, Lapeer, Lenawee, Macomb, Midland, Montmorency, Ogemaw, Oscoda, Otsego, Presque Isle, Roscommon, Saginaw, Sanilac, St Clair, Tuscola, and Washtenaw (in separate MS Excel files by county) as to all foreclosures from 2008 to present. **Please include all available data fields.** At minimum, your data output/copy should include, but not be limited to, the following or like-designated data fields:

- Auction Year (or some other date designation for year of auction sale)
- Lot Number (it appears to be a four-digit number you have assigned)
- Parcel/Tax ID Number of Property Parcel
- Address (if no address, the listed description) of the Foreclosed Property Parcel
- Name of Former Owner(s)
- Last Known Address of Former Owner(s)
- Total Tax Delinquency, see MCL 211.78a(1)
- Current Taxes
- Minimum Bid Amount at Tax Auction (Minimum Bid)
- Winning Bid Amount at Tax Auction / Sale Price
- State Equalized Value (SEV)
- Local Unit
- Section
- Township
- Range
- Legal Description
- CIS
- Comment 2
- Latitude
- Longitude

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

2.    A list of all name(s), address(es), parcel id number(s), foreclosed property address(es), count(ies), sale auction price(s), minimum bid(s), and/or proposed amount(S) of surplus proceeds as to each and every person/entity/former owner sent Michigan Department of Treasury Form No. 5744.

Pursuant to Rule 45(d)(2)(A), you need not appear in person at the place of production or inspection upon providing the responsive data/information in electronic form, by US mail or email if received by the undersigned counsel before the date/time listed on the subpoena.

You may deliver the responsive data to:

> Outside Legal Counsel PLC
> Attn: Attorney Philip L. Ellison
> Private Courier: 16690 West Gratiot Rd (M-46), Suite 2
> US Mail**: PO Box 107
> Hemlock, MI 48626

You may also provide the same via email to pellison@olcplc.com. If the data output is considerable in file-size, please contact Lisa at Outside Legal Counsel PLC (989-642-0055) to secure a data transfer Dropbox link for easier transfer.