UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS A. FOX, on behalf of himself
and all others similarly situated,

        Plaintiff,

v.

COUNTY OF SAGINAW, by its BOARD OF
COMMISSIONERS, *et al.*,

        Defendants.
_____/

Case No. 1:19-cv-11887

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER APPROVING AND DIRECTING CLASS NOTICE FOR
2021 CLAIMANTS**

This matter is before this Court on Plaintiff's proposed class notice and supplemental briefing. ECF No. 259. For the reasons stated hereafter, Plaintiff's proposed class notice will be approved, and Plaintiff will be directed to serve class notice on class members whose property was sold in 2021 ("2021 claimants").

**I.**

For decades, Michigan's General Property Tax Act (GPTA) allowed a "foreclosing governmental unit"—typically, the local county—to sell tax-delinquent property at auction and retain any surplus proceeds. *See* MICH. COMP. LAWS § 211.78m (amended 2020). In Plaintiff's case and many others, this practice resulted in a windfall for the government. *See* ECF No. 1 at PageID.4–5 (claiming that Defendant Gratiot County retained $21,908.77 in surplus proceeds from selling Plaintiff's property). In June 2019, Plaintiff brought this action under 42 U.S.C. § 1983 to declare the practice unconstitutional and to recover surplus proceeds from 26 counties. *Id.*

Shortly after class certification, Defendants filed motions to dismiss based on sovereign immunity. *See, e.g.*, ECF No. 120 at PageID.2108 (claiming that "Defendants did only what State law required of them, and . . . [therefore] act[ed] as an arm of the State" (internal quotations omitted)). Those motions were denied in relevant part, and Defendants appealed. To preserve their asserted immunity on appeal, the case was stayed. *Fox v. Cnty. of Saginaw ex rel. Bd. of Comm'rs*, No. 19-CV-11887, 2021 WL 872089, at *1 (E.D. Mich. Mar. 9, 2021).

A few months before the case was stayed, Michigan enacted Public Act No. 256 ("PA 256"), amending the GPTA and establishing a purportedly exclusive process for compensating former property owners. *See* MICH. COMP. LAWS § 211.78t(11). Although some have used PA 256 to their advantage, *see* Asset Recovery's Show-Cause Br., ECF No. 184 at PageID.4895 (noting that one claimant recovered $110,308.30), not all have been pleased with the new system. Since its enactment, Plaintiff and others have criticized PA 256 as offering an unfair and inadequate recovery, focusing on its two-year statute of limitations and nonretroactivity provision. *See* Pl.'s Emergency Mot., ECF No. 228 at PageID.6146. Some have even challenged the statute's legality under Michigan law. *See Hathon v. State*, No. 356501 (Mich. Ct. App. filed Mar. 8, 2021).

In February 2022, the Sixth Circuit affirmed this Court's decision denying sovereign immunity to Defendants. *Fox v. Saginaw Cnty. ex rel. Bd. of Comm'rs*, No. 21-1108, 2022 WL 523023, at *1 (6th Cir. Feb. 22, 2022). Two months later—and more than a year after class certification was granted—the stay was finally lifted. *Fox v. Cnty. of Saginaw ex rel. Bd. of Comm'rs*, No. 1:19-CV-11887, 2022 WL 1198203, at *1 (E.D. Mich. Apr. 22, 2022).

Due to ongoing discovery disputes and an impending deadline under PA 256, class notice has been sequenced so that the 2021 claimants are the first to receive notice. To that end, Plaintiff

was directed to submit a proposed class notice and supplemental briefing regarding the claims- administration process, which he has since submitted. ECF No. 259.

As explained in Section II, Plaintiff's proposed notice and method of notice satisfy the requirements of Rule 23(c)(B)(2). For that reason, Plaintiff will be directed to serve class notice on the 2021 claimants in the manner identified in his supplemental briefing.

## II.

### A.

After class certification is granted, the next step in the class-action process is to notify class members of the case. *See* FED. R. CIV. P. 23(c)(2).

"For any class certified under Rule 23(b)(3) . . . [,] the court *must* direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." FED. R. CIV. P. 23(c)(2)(B) (emphasis added). Such notice is necessary for 23(b)(3) classes because they typically involve claims for money damages, which implicate "individual interests that are necessarily heterogenous in nature." *Coleman v. Gen. Motors Acceptance Corp.*, 296 F.3d 443, 448 (6th Cir. 2002). Courts may provide notice to a 23(b)(3) class by either "United States mail, electronic means, or other appropriate means," but any such notice "must state clearly and concisely state in plain, easily understood language":

    (i.) the nature of the action;
   (ii.) the definition of the class certified;
  (iii.) the class claims, issues, or defenses;
  (iv.) that a class member may enter an appearance through an attorney if the member so desires;
   (v.) that the court will exclude from the class any member who requests exclusion;
  (vi.) the time and manner for requesting exclusion; and
 (vii.) the binding effect of a class judgment on members under Rule 23(c)(3).

FED. R. CIV. P. 23(c)(2)(B). Courts must provide a notice comporting with these requirements "before class members can be legally bound." *Faber v. Ciox Health, LLC*, 944 F.3d 593, 603 (6th Cir. 2019) (emphasis added).

**B.**

Because the class was certified under Rule 23(b)(3), this Court "*must* direct to class members the best notice that is practicable under the circumstances" and consistent with the requirements of subsection (c)(2)(B). FED. R. CIV. P. 23(c)(2)(B) (emphasis added).

Plaintiff proposes notifying the 2021 claimants by an individual notice through first-class mail to their last known addresses. ECF No. 259 at PageID.6742. Plaintiff has selected a professional class-action administrator, Epiq Class Action & Claims Solutions, Inc., to administer the notice. *Id.* at PageID.6743. According to the declaration of its senior vice president, Epiq "specializes in designing, developing, analyzing[,] and implementing large-scale legal notification plans." ECF No. 259-4 at PageID.6770. (noting Epiq's "experience in more than 500 cases, including more than 40 multi-district litigations"). Because many claimants likely no longer reside at their last known address, Epiq will also mail the class notice to the "best available new address" as determined "through a third-party address updating service." *Id.* at PageID.6772; *see also* ECF No. 259 at PageID.6744 (noting that "Epiq and [its business unit] Hilsoft have extensive and well-developed skip tracing capabilities to locate and serve Class Members").

Generally, individual notice through first-class mail is the preferred method of class notice. *See* MANUAL FOR COMPLEX LITIGATION, § 21.311, at 287 (4th ed. 2022). Having carefully

reviewed Plaintiff's proposed class notice, this Court finds that the notice satisfies the requirements of Rule 23(c)(2)(B).[1]

Accordingly, Plaintiff will be directed to make all necessary arrangements for serving the class notice on the 2021 claimants in the manner described in his supplemental briefing.

### III.

Accordingly, it is **ORDERED** that Plaintiff's Proposed Class Notice for the 2021 Claimants, as revised by this Court and docketed as Attachment A, is **APPROVED**.

Further, it is **ORDERED** that Plaintiff is **DIRECTED** to make all necessary arrangements for the immediate service of the revised class notice, docketed with this Opinion as Attachment A, in the manner described in Plaintiff's supplemental briefing, ECF No. 259.

Dated: April 14, 2022               s/Thomas L. Ludington
                                    THOMAS L. LUDINGTON
                                    United States District Judge

---

[1] This Court has made certain revisions to the proposed class notice. Except for the additions to the sections regarding PA 256 and the procedural background, those revisions were mostly grammatical. The revised notice will be docketed with this Opinion as Attachment A.