UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS A. FOX, on behalf of himself
and all others similarly situated,

            Plaintiff,            Case No. 1:19-cv-11887

v.                                       Honorable Thomas L. Ludington
                                          United States District Judge
COUNTY OF SAGINAW, by its BOARD OF
COMMISSIONERS, *et al.*,

            Defendants.
_____/

**ORDER (1) LIFTING STAY, (2) DENYING AS MOOT THREE MOTIONS TO TEMPORARILY LIFT STAY, (3) DENYING PLAINTIFF'S MOTION FOR CLARIFICATION THAT THE CLASS REMAINS CERTIFIED, (4) GRANTING PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT, (5) DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT, (6) DENYING IN PART AND TAKING UNDER ADVISEMENT IN PART DEFENDANT'S MOTION TO DISMISS NON-GRATIOT COUNTIES AND ISSUE CURATIVE NOTICE, (7) DIRECTING SUPPLEMENTAL BRIEFING, (8) DIRECTING PARTIES TO FILE JOINT PROPOSED SCHEDULE, AND (9) SCHEDULING TEAMS STATUS CONFERENCE**

In October 2020, this Court certified a class of "all persons and entities that owned real property" in 27 Michigan counties whose property was "seized through a real property tax foreclosure" and then "sold at tax auction for more than the total tax delinquency." ECF No. 124 at PageID.2291. As Plaintiffs explained, "when Defendants sold Plaintiff's property,"—following the procedure authorized by Michigan law—"they took his equity in addition to the outstanding [real-estate tax] delinquency." ECF No. 28 at PageID.622. Accordingly, this Court found Plaintiff's claims—that Defendant unlawfully retained surplus proceeds and equity after seizing property to satisfy tax delinquency—were the same claims of all class members, thus a class action

was the superior vehicle "for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3).

Defendants—the 27 Michigan counties—appealed the class-certification order, arguing that Lead Plaintiff, Thomas A. Fox, lacked standing to sue 26 of the counties, because only Gratiot County foreclosed on his property. Plaintiff responded that the conduct of Gratiot County was not the errant conduct of the Gratiot County Treasurer alone, but all of the Defendants' Treasurer's compliance with Michigan's General Property Tax Act, that authorized all of the Defendants to retain surplus proceeds.

The Sixth Circuit ultimately agreed with Defendants, vacated the class-certification order, and remanded the case for further proceedings consistent with its opinion. Yet the Sixth Circuit itself noted during oral argument that the standing problem could be easily fixed by an amended complaint adding additional plaintiffs who had been harmed by each of the other 26 counties. Accordingly, Plaintiff filed a motion seeking leave to file an amended complaint adding additional plaintiffs. Defendant opposes Plaintiff's request and instead seeks an order dismissing all counties except Gratiot County from this action.

I.

Plaintiff Thomas Fox owed $3,091.23 in delinquent property taxes. ECF No. 17 at PageID.222. So, as was required by Michigan law, Gratiot County foreclosed on his property, sold it at auction for $25,500, and then retained the $22,408.77 in surplus proceeds that exceeded his delinquent property-tax bill. *Id.* In June 2019, he filed a class-action lawsuit against 27 counties in the Eastern District of Michigan, alleging the counties violated property owners' state and federal constitutional rights each time they followed the statutorily prescribed tax-foreclosure scheme by foreclosing on properties and retaining the surplus proceeds. ECF No. 1.

Federal and state courts have since firmly decided that Michigan's tax-foreclosure scheme as effectuated by its counties violated both the Michigan and U.S. Constitution. *See Rafaeli, LLC v. Oakland Cnty.*, 952 N.W.2d 434 (Mich. 2020) (holding a county's retention of surplus proceeds from a tax-foreclosure sale violates the Michigan Constitution); *Tyler v. Hennepin Cnty., Minn.*, 598 U.S. 631 (2023) (holding a county's retention of surplus proceeds from a tax-foreclosure sale violates the Fifth Amendment of the U.S. Constitution).

In September 2023, the Sixth Circuit determined the appropriate remedy for former property owners' harmed by Michigan's unconstitutional tax-foreclosure scheme is the value of the surplus proceeds retained by the county and *not* the fair-market value of the property at the time it was auctioned. *Freed v. Thomas*, 81 F.4th 655, 658 (6th Cir. 2023). Indeed, that was true notwithstanding the fact that the real-estate tax was levied based on a measure of the fair market value being taxed. *See* MICH. COMP. LAWS §§ 211.10; 211.10f(3)–(8). Thus, the only remaining question at this point is whether the former property-owners' claims are best resolved by class action or by individual suits.

In October 2020, it appeared that the former property-owners' claims would be resolved by class action, as Plaintiff's class-certification motion was granted, and the following class was certified under Rule 23:

> All persons and entities that owned real property in the following counties, whose real property, during the relevant time period, was seized through a real property tax foreclosure, which was worth and/or which was sold at tax auction for more than the total tax delinquency and were not refunded the value of the property in excess of the delinquent taxes owed: Alcona, Alpena, Arenac, Bay, Clare, Crawford, Genesee, Gladwin, Gratiot, Huron, Isabella, Jackson, Lapeer, Lenawee, Macomb, Midland, Montmorency, Ogemaw, Oscoda, Otsego, Presque Isle, Roscommon, Saginaw, Sanilac, St[.] Clair, Tuscola, and Washtenaw.

ECF No. 124 at PageID.2291. But Defendants appealed the class-certification order in April 2022, arguing that Plaintiff—injured only by Gratiot County—did not have standing to sue the other 26 counties, *see* ECF No. 249, and the case was stayed.

On April 28, 2023, the Sixth Circuit Court of Appeals determined that Plaintiff did not have standing to sue the 26 counties that did not injure him, and that the juridical-link doctrine[1] did not apply to remedy the standing issue. *Fox v. Saginaw Cnty., Michigan*, 67 F.4th 284, 288 (6th Cir. 2023). Thus, the Sixth Circuit vacated the class-certification order, ECF No. 124, and remanded the case for proceedings consistent with its opinion, but not before offering some concerns about renewed class-action certification proceedings after remand. *Fox*, 67 F.4th at 300 (6th Cir. 2023). Specifically, the panel expressed concern that common issues of fact and law might not predominate if class members do not have uniform damages calculations. *Id.* The panel also speculated that individual counties could have "unique defenses against class members," and raised several questions related to whether lienholders (presumably and predominantly mortgagees would have a stake in any damages awarded to class members and what effect such a third-party interest might have on a class-certification analysis. *Id.* at 301–02.

In light of the panel's concerns, this case was stayed pending the Sixth Circuit's decision in *Freed v. Thomas*, which was expected to firmly resolve the debate regarding the appropriate remedy for Plaintiffs who lost their equity. On September 6, 2023, the Sixth Circuit held the

---

[1] The juridical-link doctrine provides a limited exception to the traditional standing analysis in class action lawsuits, allowing one plaintiff to represent a class injured by multiple different defendants acting as part of a conspiracy or concerted scheme, regardless of whether the lead plaintiff has been injured by *each* defendant. *See Fox v. Cnty. of Saginaw*, No. 19-CV-11887, 2020 WL 6118487, at *5 (E.D. Mich. Oct. 16, 2020), vacated and remanded sub nom. *Fox v. Saginaw Cnty., Mich.*, 67 F.4th 284 (6th Cir. 2023).

appropriate remedy to be the surplus proceeds, and not the lost equity. *Freed v. Thomas*, 81 F.4th 655, 658 (6th Cir. 2023). Accordingly, the stay will be lifted in this case.

**II.**

Yet the Parties filed six motions while this case was stayed that must be addressed. Three motions that sought to temporarily lift the stay are now moot, *see*, ECF Nos. 339; 342; 348, so they will be denied as such.

That leaves three motions for this Court to consider: Plaintiff's Motion for Clarification that the Class Remains Certified, or, in the Alternative, Preliminary Certification, ECF No. 340; Defendant's Emergency Motion to Dismiss the Non-Gratiot Counties and Issue a Curative Notice, ECF No. 341; and Plaintiff's Motion for Leave to File a Second Amended Complaint, ECF No. 347. Each will be addressed in turn.

**A.**

First, Plaintiff seeks an order "clarifying that the previous class certification remains in force, or else preliminary certifying the class anew" to ensure the tolling of the statute of limitations for class members. ECF No. 340 at PageID.8517. Defendants counter that the Sixth Circuit's April 2023 order decertified the class. ECF No. 344 at PageID.8718–19.

It is undisputed that the Sixth Circuit's April 2023 order "vacate[d] the certified class." *Fox*, 67 F.4th at 300. And a circuit court order "vacating" a district court's order has the effect of undoing or invalidating the district court's order. Thus, there is currently no *certified* class in this action.[2] So Plaintiff's Motion will be denied. But, importantly, that does not mean that Plaintiff

---

[2] To the extent the Parties debate the issue of whether individual claims are tolled under *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974), *see* ECF Nos. 340 at PageID.8507–17; 344 at PageID.8723–28, the Sixth Circuit has held that the application of *American Pipe* tolling is guided by its underlying rationale: "to protect the putative class members' reliance interests, satisfy the need for defendants to have fair notice of claims being brought against them, and promote judicial

may not seek certification of a *different* class after filing an amended complaint adding plaintiffs. Indeed, that seems to be the very solution the Sixth Circuit panel envisioned, as evidenced by Judge Murphy's comment during oral argument that the "easy fix" would be adding plaintiffs who were harmed by each of the other 26 counties, and Judge Readler's observation that "the plan for the opportunity" to" add plaintiffs" would be to "amend the complaint to add plaintiffs." ECF No. 312-2 at PageID.7551. And this is the precise relief Plaintiff seeks in his second motion, *see* ECF No. 347.

**B.**

Plaintiff's second motion, ECF No. 347, seeks leave to file a second amended complaint to add 23[3] additional plaintiffs and omits one previously named Defendant, Otsego County,[4] *see generally* ECF No. 347-2. Defendants respond that Plaintiff may not file an amended complaint because "[t]his Court has no jurisdiction to take any action impacting any Defendant other than Gratiot County[—]except to dismiss Fox's case against those Defendants." ECF No. 349 at PageID.9057.

A court "should freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2); *accord Foman v. Davis*, 371 U.S. 178, 182 (1962). Justice does not require leave to amend in the presence of "[u]ndue delay in filing, lack of notice to the opposing party, bad faith

---

efficiency." *Potter v. Comm'r of Soc. Sec.*, 9 F.4th 369, 377 (6th Cir. 2021). The specific facts of this case likely satisfy all three guiding rationales. Notably, the putative class members relied on this Court's initial certification order, ECF No. 124, which was vacated by the Sixth Circuit *30 months later* because of a jurisdictional issue. And the panel pointed out how Plaintiff might appropriately remedy the jurisdictional issue to proceed with his class claims—which, importantly, are the same claims all County Defendants have had notice of since at least 2019. *See generally* ECF No. 17.

[3] One proposed lead plaintiff, Home Opportunity, LLC, brings claims against three counties: Alcona County, Midland County, and Ogemaw County. *See* ECF No. 347-2 at PageID.8786–89, 8821–23, 8826–29.

[4] The omission of Otsego County as a Defendant is not noted or explained by any Party.

by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, [or] futility of amendment." *Klein ex rel. Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 918 (E.D. Mich. 2022) (quoting *Glob. Lift Corp. v. Hiwin Corp.*, No. 14-CV-12200, 2016 WL 5476238, at *3 (E.D. Mich. Sept. 29, 2016)). To that end, the decision to grant or to deny leave to amend is "left to the sound discretion of the trial judge." *Id.* (same); *see also Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) ("[T]he case law in this Circuit manifests liberality in allowing amendments to a complaint." (citation and internal quotation marks omitted)); *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (per curiam) ("[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982))).

Granting Plaintiff's request for leave to amend his complaint is appropriate here. The claims raised by Plaintiff Fox and the proposed additional 23 Plaintiffs are *identical* to the claims Plaintiff Fox raised in September 2019. *Compare* ECF No. 17 *with* ECF No. 347-2. And Plaintiff sought to add plaintiffs as soon as he learned of the Sixth Circuit's decision—he did not delay. *See* ECF Nos. 305; (seeking to add 23 additional named plaintiffs); 331 (same); 347 (same). Finally, and most importantly, though this case has been pending since 2019, amending the Complaint to add 23 plaintiffs does not prejudice the County Defendants. These counties have been on notice of the claims against them for *four years*. Adding additional plaintiffs to remedy the standing issue identified by the Sixth Circuit does not change the nature of the claims against them. They are, indeed, the same eight claims Plaintiff brought in his September 2019 Amended Complaint against

26[5] Defendants Plaintiff identified in his September 2019 Amended Complaint. *Compare* ECF No. 17 *with* ECF No. 347-2.

In sum, permitting Plaintiff's proposed amendment is proper and will not prejudice any Defendant, so his Motion will be granted, and he will be directed to file his second amended complaint on or before November 1, 2020

C.

Finally, this Court turns to Defendant's Emergency Motion to Dismiss the Non-Gratiot Counties and Issue Curative Notice. ECF No. 341. Defendants seek dismissal of 26 counties in light of the Sixth Circuit's holding that Plaintiff Fox lacks Article III standing to sue 26 counties that did not injure him. *Id.* at PageID.8589–91. But because Plaintiff's forthcoming second amended complaint will likely resolve any standing concerns—a conclusion the Sixth-Circuit Panel repeatedly noted during oral arguments, *see generally*, ECF No. 312-2—such relief will be denied without prejudice.

But Defendants' Motion also seeks the issuance of a "corrective notice" to members of the previously-certified class informing them of the current class-certification status. ECF No. 341 at PageID.8591–94. And Defendants raise relevant class-notice concerns relating to the effect the Sixth Circuit's decision has on individuals in the 26 Non-Gratiot counties, and questions about tolling, *especially* those people in Otsego County, which is *no longer* a named Defendant in Plaintiff's Proposed Second Amended Complaint. *See* ECF No. 347-2. So Defendants' Motion will be taken under advisement to the extent it seeks to issue notice to the previously-certified class about the status of the case, and the Parties will be directed to attend a status conference on

---

[5] As noted previously, Plaintiff's Proposed Second Amended Complaint omits Otsego County as a Defendant. *See generally*, ECF No. 347-2.

November 20, 2023, to discuss the content and form of such notice after Plaintiff's forthcoming second amended complaint is filed with this Court and furnished to Defendants.

Before the November 20, 2023, status conference, the Parties will be directed to file (1) supplemental briefing regarding discovery and (2) a joint proposed schedule for remaining deadlines, including a deadline for filing a renewed motion for class certification. The Parties' supplemental briefs regarding discovery should identify the relevant discovery they will seek, outline the manner and duration of their proposed discovery process, and identify any discovery-process concerns they have at this point.

### III.

Accordingly, it is **ORDERED** that the Stay, *see* ECF No. 338, is **LIFTED**.

Further it is **ORDERED** that all pending motions to temporarily lift the stay, ECF Nos. 339; 342; and 348 are **DENIED AS MOOT**.

Further, it is **ORDERED** that Plaintiff's Motion for Clarification that the Class Remains Certified or, in the Alternative, Preliminary Certification, ECF No. 340, is **DENIED**.

Further, it is **ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint, ECF No. 347, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff is **DIRECTED** to file his Second Amended Complaint **on or before November 1, 2023**.

Further, it is **ORDERED** that Defendant's Emergency Motion to Dismiss Non-Gratiot Counties and to Issue Curative Notice, ECF No. 341, is **DENIED WITHOUT PREJUDICE IN PART**, to the extent it seeks to dismiss Non-Gratiot Counties.

Further, it is **ORDERED** that Emergency Defendant's Motion to Dismiss Non-Gratiot Counties and to Issue Curative Notice, ECF No. 341, is **TAKEN UNDER ADVISEMENT IN**

**PART**, to the extent it seeks to disseminate a curative notice to members of the previously certified class. The form and substance of a curative notice will be addressed after Plaintiff files his forthcoming second amended complaint.

Further, it is **ORDERED** that the Parties are **DIRECTED** to submit supplemental briefing **on or before November 13, 2023**, identifying the relevant discovery they will seek, outlining the manner and duration of their proposed discovery, and identifying any discovery-process concerns they have at this point. The Parties' supplemental briefs shall be **no longer than 10 pages**.

Further, it is **ORDERED** that the Parties are **DIRECTED** to submit a joint proposed schedule for remaining deadlines **on or before November 13, 2023**.

Further, it is **ORDERED** that the Parties are **DIRECTED** to attend a TEAMS status conference on **November 20, 2023, at 4:00 P.M. EST**. Counsel will receive a separate email containing the link to the Outlook TEAMS conference.

**This is not a final order and does not close the above-captioned case.**

Dated: October 23, 2023    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge