UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS A. FOX, et al.,

                  Plaintiff,                        Case No. 1:19-cv-11887

v.                                         Honorable Thomas L. Ludington
                                          United States District Judge

COUNTY OF SAGINAW, et al.,

                  Defendants.

_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

About five years ago, Plaintiff Thomas Fox filed a class action against twenty-seven Michigan counties ("Defendants"). ECF No. 1. He alleged, among other things, that the Defendant counties violated his state and federal constitutional rights. *Id.* at PageID.11–18. Specifically, Plaintiff Fox alleged the counties violated his rights when they complied with Michigan's General Property Tax Act's ("GPTA"), MICH. COMP. LAWS § 211.78 *et seq.*, tax-foreclosure scheme by foreclosing on properties with delinquent property taxes and keeping the taxpayer's equity in the property that exceeded the amount of the unpaid tax. *Id.* After a series of appeals, Plaintiff Fox and twenty-four other Plaintiffs filed a second amended complaint with class allegations against Defendants, ECF No. 358, bringing the same claims, *compare id.* at PageID.93–103 *with* ECF No. 1 at PageID.11–18. At this juncture, this is a putative class action.[1] *See* ECF. No. 412 at PageID.10456–58.

---

[1] A more detailed account of this case's facts and history can be found in this Court's August 16, 2024, Order. ECF No. 412.

During this case's life span, various rulings in different jurisdictions have created a patchwork of law governing Plaintiffs' claims. *See Rafaeli, LLC v. Oakland Cnty.*, 952 N.W.2d 434 (Mich. 2020) (holding that the retention of surplus proceeds violates Michigan's constitution); *see also Hall v. Meisner*, 51 F.4th 185, 196 (6th Cir. 2022), *reh'g denied*, No. 21-1700, 2023 WL 370649 (6th Cir. Jan. 4, 2023), *cert. denied sub nom. Meisner v. Tawanda Hall*, 143 S. Ct. 2639 (2023) (concluding that a Michigan county retaining surplus proceeds under the GPTA "took the plaintiffs' property without just compensation, in violation of the Takings Clause"); *Tyler v. Hennepin Cnty., Minn.*, 598 U.S. 631, 644 (2023) (holding a county's retention of surplus proceeds from a tax-foreclosure sale violates the Fifth Amendment where there is "no opportunity for the taxpayer to recover" surplus proceeds); *Fox v. Saginaw Cnty., Michigan*, 67 F.4th 284 (6th Cir. 2023); *In re Muskegon Cnty. Treasurer for Foreclosure*, No. 363764, 2023 WL 7093961 (Mich. Ct. App. Oct. 26, 2023); *Schafer v. Kent Cnty.*, No. 164975, 2024 WL 3573500 (Mich. July 29, 2024).

In response to one of these decisions—the Michigan Supreme Court's *Rafaeli, LLC v. Oakland Cnty.*, 952 N.W.2d 434 (Mich. 2020), decision—Michigan enacted Public Act 256 ("PA 256") on December 22, 2020, which provides a statutory process for taxpayers to recover their surplus proceeds. MICH. COMP. LAWS § 211.78t; *see also Schafer*, 2024 WL 3573500, at \*14–19. For some time, it was not clear whether PA 256 permitted taxpayers whose properties were foreclosed and sold before PA 256's enactment to use its procedures to retrieve their surplus proceeds. *Schafer*, 2024 WL 3573500, at \*14–19. But on July 29, 2024, the Michigan Supreme Court ruled that PA 256 is retroactive, allowing pre-PA 256 property owners to use the law to recover surplus proceeds. *Id.* The Michigan Supreme Court also concluded that such property owners were entitled to a "reasonable" amount of time to file their claim under PA 256. *Id.* at \*20.

Further, the Michigan Supreme Court stated that PA 256 "establishes a controlled and limited time window by which claimants may file their notice of intent to claim surplus proceeds." *Id.* at *21 (citing MICH. COMP. LAWS § 211.78t(c)). And the Parties suggest that this window closes on March 31, 2025, because *Schafer* referenced that date in passing. *See id.*

Recognizing that the time to use this exclusive state-law remedy wanes each day, on August 16, 2024, this Court directed the Parties to draft and issue a notice to potential class members, alerting them of their rights under PA 256. ECF No. 412 at PageID.10455–56. In response, on August 30, 2024, Defendants filed a motion for reconsideration, asking this Court to retract its Order directing the Parties to issue this notice to the putative class members. ECF No. 414.

Reconsideration is permitted only under three circumstances: (1) a mistake that changes the outcome of the prior decision, (2) an intervening change in controlling law that warrants a different outcome, or (3) new facts that warrant a different outcome. E.D. Mich. LR 7.1(h)(2).

Defendants invoke the first circumstance for reconsideration, arguing that this Court made an error that changed the outcome of its August 16, 2024, Order. ECF No. 414-1 at PageID.10474. To that end, Defendants contend that "the court is without discretion" to issue precertification class notice. ECF No. 414-1 at PageID.10467; *see also id.* at PageID.10474 (stating that "neither Fed. R. Civ. P. 23 nor any case law applying it provides trial courts with grounds to order" precertification class notice). This argument is not persuasive.

District courts have the discretion to issue precertification class notices. Indeed, Civil Rule 23(d) grants courts discretionary authority to issue such notice. *Pan Am. World Airways, Inc. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 523 F.2d 1073, 1079 (9th Cir. 1975) (citing FED. R. CIV. P. 23(d), Advisory Committee Note (1966)) (observing that "an Advisory Committee Note [to Civil

Rule 23(d)] approves of discretionary notice to potential class members prior to the district court's determination whether the action should proceed as a class action"); *see also Maney v. Brown*, No. 6:20-CV-00570-SB, 2021 WL 3598532, at *3 (D. Or. Aug. 13, 2021) (citing *Pan Am. World Airways*, 523 F.2d at 1079) (holding that under Civil Rule 23(d) courts have "the authority to order pre-certification notice"). True, this discretion is limited to rare cases where a precertification notice procedurally protects the rights of potential class members. *See Maney*, 2021 WL 3598532, at *3; *see also DW Volbleu, LLC v. Honda Aircraft Co., Inc.*, No. 4:21-CV-637-SDJ, 2021 WL 5826536, at *1 (E.D. Tex. Dec. 8, 2021) (noting that "pre-certification notice is rarely authorized under Rule 23(d)"). But this is such a case.

This case teems with anomaly. In effect, Michigan's legislature enacted a law—the GPTA—that violated both the state and federal constitutions. *See Rafaeli, LLC v. Oakland Cnty.*, 952 N.W.2d 434 (Mich. 2020) (Michigan's constitution); *Hall v. Meisner*, 51 F.4th 185, 196 (6th Cir. 2022), *reh'g denied*, No. 21-1700, 2023 WL 370649 (6th Cir. Jan. 4, 2023), *cert. denied sub nom. Meisner v. Tawanda Hall*, 143 S. Ct. 2639 (2023) (federal constitution). And the state-enacted GPTA authorized local governments that opted into the tax-foreclosure scheme to retain surplus proceeds, infringing citizens' constitutional property rights. *See Rafaeli*, 505 Mich. at 441–48.

Now, that same legislature has crafted a retroactive, exclusive state-law remedy—PA 256—to unwind these constitutional violations. *Schafer v. Kent Cnty.*, No. 164975, 2024 WL 3573500, at *14–19 (Mich. July 29, 2024). Further, PA 256 includes no state-level funding source, *see generally* MICH. COMP. LAWS § 211.78t, so local governments are presumably stuck with the bill. Not to mention, PA 256's retroactivity and exclusivity could impact the viability of Plaintiffs'

and potential class members' claims.[2] *See Howard v. Cnty. of Macomb*, No. 1:23-CV-12595, 2024

WL 3680996, at *3 (E.D. Mich. Aug. 6, 2024) (citing *Nelson v. City of New York*, 352 U.S. 103

(1956)); *see also In re Muskegon Cnty. Treasurer for Foreclosure*, No. 363764, 2023 WL 7093961

(Mich. Ct. App. Oct. 26, 2023). The clock is ticking on these property owner's right to relief under

PA 256. In the end, precertification class notice is warranted to protect potential class members'

rights.

One last note: Defendants express concerns that this precertification notice "would only

serve as an advertisement and a means of soliciting claims." ECF No. 414-1 at PageID.10478. No

doubt, soliciting claims in precertification notices is problematic. *In re Chrysler Pacifica Fire

Recall Prod. Liab. Litig.*, No. 22-3040, 2024 WL 3103434, at *4 (E.D. Mich. June 20, 2024)

(noting that "courts have been particularly careful to avoid issuing any pre-certification notice that

---

[2] Beyond PA 256 and its retroactivity possibly impacting individual claims, another anomaly is binding precedent—issued after Plaintiff filed this case—that could affect class claims. *See Fox v. Saginaw Cnty., Michigan*, 67 F.4th 284, 300 (6th Cir. 2023) (expressing concerns about the viability of the class because individual issues could predominate). By way of example, in a somewhat surprising turn, *Freed v. Thomas*, 81 F.4th 655 (6th Cir. 2023), held that plaintiffs who had their property sold under the GPTA are entitled only to the surplus proceeds—not the fair market value less the tax delinquency—even though five months earlier *Fox*, 67 F.4th at 301, read *Hall v. Meisner*, 51 F.4th 185, 195 (6th Cir. 2022), as authorizing property owners to "seek the difference between the fair market value of their homes and the taxes they owe." Assuming Plaintiffs' Federal Taking's claims are still viable (although that is not clear under *Nelson v. City of New York*, 352 U.S. 103 (1956) and *Tyler v. Hennepin Cnty., Minn.*, 598 U.S. 631, 644 (2023), because now that PA 256 has retroactive effect property owners have an "opportunity" to recoup proceeds), this surplus-proceeds-only-calculation may pose individualized damages questions: Can the property owners challenge the reasonableness of Defendants' procedures in the foreclosure sales to obtain more surplus proceeds? *Freed*, 81 F.4th at 659 n.1. Are lienholders entitled to a portion of the surplus proceeds? *Fox*, 67 F.4th at 302. Are there unique defenses available to Defendants? *Id.* These, of course, are all questions for another day. But at day's end, while some developments have clarified the law since Plaintiff Fox initially brought this case, other developments have procedurally complicated this case. As a result, PA 256 *may*, in effect, be the only way for Plaintiffs to recover their proceeds, and that procedural right compels notice.

appears to solicit participation in the litigation"). Mindful of this problem, this Court will ensure that the putative class notice contains no such solicitation.[3]

In sum, this Court can direct precertification class notice under Civil Rule 23(d). And notice is warranted in this case. So, this Court did not make an outcome-changing mistake in its August 16, 2024, Order.

Accordingly, it is **ORDERED** that Defendants' Motion for Reconsideration, ECF No. 414, is **DENIED**.

Dated: September 26, 2024                    s/Thomas L. Ludington
                                             THOMAS L. LUDINGTON
                                             United States District Judge

---

[3] In this spirit, attached to this opinion is an approved notice scrubbed of information that could be construed as soliciting claims. This notice is the product of the Parties' proposed notices submitted before a Status Conference with this Court on September 16, 2024, *see* ECF Nos. 416 and 417, and the Parties' comments during that Status Conference.

**United States District Court**
**Eastern District of Michigan**
**Northern Division**

Case: *Fox et al. v. Cnty. of Saginaw et al.*, Case No. 1:19-cv-11887 (E.D. Mich.)

**Date of Notice: _____**

**You Have Been Identified as a Proposed Member of a Class Action.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- A Class Action has been filed in the United States District Court for the Eastern District of Michigan (the "Court") in the action styled *Thomas A. Fox et al., and all those similarly situated* (the "Plaintiffs") versus *County of Saginaw, et al.* (the "Defendants"). The Defendants include the following counties: Alcona, Alpena, Arenac, Bay, Clare, Crawford, Genesee, Gladwin, Gratiot, Huron, Isabella, Jackson, Lapeer, Lenawee, Macomb, Midland, Montmorency, Ogemaw, Oscoda, Otsego, Presque Isle, Roscommon, Saginaw, Sanilac, St. Clair, Tuscola, and Washtenaw County (the "Counties"). The proposed Class includes the following:

  > All persons and entities that owned real property in the following counties, whose real property, during the relevant time period before January 1, 2021, was seized through a real property tax foreclosure, which was sold at tax auction for more than the total tax delinquency and were not refunded the auction proceeds in excess of the tax delinquency owed: Alcona, Alpena, Arenac, Bay, Clare, Crawford, Genesee, Gladwin, Gratiot, Huron, Isabella, Jackson, Lapeer, Lenawee, Macomb, Midland, Montmorency, Ogemaw, Oscoda, Otsego, Presque Isle, Roscommon, Saginaw, Sanilac, St. Clair, Tuscola, and Washtenaw.

- If you receive this Notice, you have been identified as a proposed Class Member.

- This Notice is to inform you of the nature of the proposed Class Action, your rights in connection with it, and related rights. The Court has authorized this Notice. However, the Court has not yet decided if it will permit the case to

proceed as a class action, nor has it yet decided the merits of any of the claims or defenses as to the Class. Recently, however, the Michigan Supreme Court issued a decision, *Schafer v. Kent County*, Case No. 164975, that might impact your rights. The Court has therefore authorized this Notice to advise you about your rights and steps that you might take to protect your rights.

- **Your legal rights might be affected if you do not act, so please read this Notice carefully.**

## INFORMATION

### 1. Why did I receive this Notice?

You received this Notice because a review of government records indicates that you or a family member had one or more parcels of property foreclosed upon by the treasurer of one or more of the Counties for the non-payment or late payment of delinquent property taxes and that the seized parcel(s) were later sold at auction before December 22, 2020, for more than the tax delinquency (which consists of the amount of outstanding taxes plus certain prescribed fees) that were owed. You appear to be a member of the proposed Class to whom the Court has directed notice, and the Court, therefore, caused this Notice to be sent to you.

The Court ordered this Notice to explain the potential effect a recent Michigan Supreme Court decision, *Schafer v. Kent County*, Case No. 164975, could have on your rights. Those potential effects are discussed in more detail below.

### 2. What is this lawsuit about?

This lawsuit is about what happened when counties foreclosed on properties for the nonpayment of property taxes. When counties foreclosed on the properties and auctioned them off, the counties kept all the auction proceeds, even if they exceeded the tax delinquency. The lawsuit alleges that it was illegal for the counties to do so and that the Court should require the counties to return the surplus auction proceeds to the former property owners.

Specifically, the foreclosed former property owners – the "Plaintiffs" – assert on behalf of themselves and other similarly situated persons and entities (members of the "Proposed Class") that the "Counties" acting as the Foreclosing Governmental Units wrongfully took their money after foreclosing and selling the property and then failing to return to the Plaintiffs and the Proposed Class Members the difference between the auction proceeds and the tax delinquency that was owed. The lawsuit argues that Counties must give Proposed Class Members such as you this money.

Plaintiffs assert, among other claims, that the Counties violated the Michigan and United States Constitutions by wrongfully taking their and the Proposed Class Members' property.

- 3 -

The "Counties" that Plaintiffs sued are called the "Defendants."

## 3. What has happened so far?

After this lawsuit was filed, this Court stayed the case pending the outcome of the Michigan Supreme Court's decision in a similar case. Then, in 2020, the Michigan Supreme Court held that the former property owners have a property right to the surplus proceeds resulting from the tax foreclosure sale of their properties. The Michigan Supreme Court held that a government unit that acts as a Foreclosing Governmental Unit, whether a county or the state, violates the Michigan Constitution by retaining the surplus amount obtained from the tax foreclosure sale of property beyond the amount of the tax delinquency.

After the Michigan Supreme Court's decision, Plaintiff filed a series of motions asking the Court to lift the stay and certify a class. The Court decided this case should proceed as a class action lawsuit.

An appeals court ruled that the Court's that the class representative did not have standing alone to represent the class. But the appeals court left the door open to a revised class certification decision. More plaintiffs were added to the case to satisfy this standing requirement. The Court has not yet decided whether to certify the class anew. Thus, while you appear to be a member of the Proposed Class, whether this case will proceed as a class action is unknown.

In the meantime, the Michigan Supreme Court ruled that a statutory state-court claims process is available to people whose properties were foreclosed ***before 2021***. The Court determined that you should receive notice about this opportunity.

The statutory state-court process is discussed below.

## 4. Public Act 256

As discussed above, in 2020, the Michigan Supreme Court recognized that foreclosed property owners had a property right in the surplus proceeds generated by their properties' auctions.

After this decision, in December 2020, Michigan enacted a new law called Public Act 256 of 2020, or "Public Act 256." It provides a process through which you might be able to recover proceeds generated from the sale of your foreclosed real

estate beyond the amount of your tax delinquency. As explained below, the process works by you notifying the Foreclosing Governmental Unit of your intent to recover the remaining proceeds of your tax sale and then filing a motion in the circuit court of the county where the sale was conducted. The notice and the motion must be filed before certain statutory deadlines.

For several years, it was unclear whether someone like you, whose foreclosure predated 2021, could use the Public Act 256 claims process. But on July 29, 2024, the Michigan Supreme Court ruled that people with pre-2021 foreclosures could use the Public Act 256 claims process. Public Act 256's process could give you a substantial amount of money.

You should also be aware that Public Act 256 has deadlines and requirements to comply with to make a claim.

To ensure that you have preserved your right to claim surplus proceeds under Public Act 256, the act requires that you file a notice with the county treasurer in the county where the property is located by no later than March 31, 2025. If you decide to file a notice, you may use Michigan Department of Treasury Form 6156, Notice of Intention to Claim Interest in Foreclosure Sales Proceeds From Sales Occurring Prior to December 22, 2020, available on the Michigan Department of Treasury's website. Here is the link: https://www.michigan.gov/taxes/property/forfeiture-foreclosure/auctions-and-claimants

**Failure to file a notice by March 31, 2025, may significantly adversely affect your ability to claim surplus rights because, according to the Michigan Court of Appeals' interpretation of Public Act 256, submitting the notice is required to obtain the surplus proceeds.**

**Finally, please be aware that submitting the notice is not all that you need to do to make a claim for surplus proceeds. Under Public Act 256, you must also file a motion with the circuit court that issued the judgment of foreclosure against the property by October 1, 2025. You may wish to consult with an attorney to assist you with these proceedings.**

For more information regarding this process, you may contact your county treasurer.

## 5. Are filed papers in this lawsuit available?

This Notice does not fully describe all the parties' claims, contentions, and defenses. You may review all filed papers online for a fee via the Case Management Electronic Case Filing system of the federal court. The papers are generally also available for inspection during business hours at the Office of the Clerk of the Court, United States District Court for the Eastern District of Michigan, Northern Division, 1000 Washington Avenue, Bay City, MI 48708. The title of this case is *Thomas A. Fox et al. v. County of Saginaw et al.*, No. 1:19-cv-11887.

This Court also appointed E. Powell Miller of The Miller Law Firm, P.C., and Philip L. Ellison of Outside Legal Counsel PLC as "Interim Class Counsel" when it authorized this Notice. You may reach them with questions at tax.equity@millerlawpc.com or 888-640-6266.

## OTHER CONCERNS

## 6. What if the owner of the property at the time of the foreclosure is deceased?

If the property owner at the time of the foreclosure is now deceased, his or her probate estate may be eligible to receive any distribution required to be paid.

## **Please do not contact the Court with questions.**